1  LITTLER MENDELSON, P.C.
   ANGELA J. RAFOTH, Bar No. 241966
2  333 Bush Street, 34th Floor
   San Francisco, CA  94104
3  Telephone:    415.433.1940
   Email: arafoth@littler.com
4

5  LITTLER MENDELSON, P.C.
   IRENE V. FITZGERALD, Bar No. 266949
6  5200 North Palm Avenue, Suite 302
   Fresno, CA  93704.2225
7  Telephone:    559.244.7500
   Facsimile:    559.244.7525
8  Email: ifitzgerald@littler.com

9  Attorneys for Defendant
   L'OREAL USA S/D, INC.
10

11                    UNITED STATES DISTRICT COURT

12                   EASTERN DISTRICT OF CALIFORNIA

13                          FRESNO DIVISION

14

15 ANGELA CONTI and JUSTINE MORA,          Case No.
   individuals, on behalf of themselves, and
16 on behalf of all persons similarly situated,   **DEFENDANT L'OREAL USA S/D, INC.'S**
                                                  **NOTICE OF REMOVAL**
17                   Plaintiffs,

18 v.

19 L'OREAL USA S/D, INC., a Corporation;
   and DOES 1 through 50, inclusive,         Second Amended Complaint Filed in State
20                                           Court:  April 30, 2019
                   Defendant.                Fresno County Superior Court Case No.
21                                           18CECG00816

22

23 **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFFS:**

24          Defendant L'OREAL USA S/D, INC., a Corporation ("Defendant"), by and through

25 the undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby gives notice of

26 the removal of this lawsuit from the Superior Court of the State of California, County of Fresno, to the

27 United States District Court for the Eastern District of California.  In support of its Notice of Removal,

28 Defendant respectfully submits to this Honorable Court:

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

(No.  )                                          DEFENDANT L'OREAL USA S/D, INC.'S
                                                             NOTICE OF REMOVAL

**STATE COURT ACTION**

On or about March 6, 2018, Plaintiffs Angela Conti and Justine Mora ("Plaintiffs") filed an action in the Fresno County Superior Court entitled ANGELA CONTI and JUSTINE MORA v. L'OREAL USA S/D, INC., a Corporation; and Does 1 through 50, Inclusive, Superior Court of the State of California in and for the County of Fresno, Case No. 18CECG00816, which, together with Defendant's Answer, and the subsequently filed First Amended Complaint and Answer thereto, is attached hereto as Exhibit "A."  On April 12, 2019 the Superior Court entered an Order permitting Plaintiffs to file a Second Amended Complaint and providing Defendant with thirty (30) days from the date of service to respond.  (Attached hereto as Exhibit "B".)  Plaintiffs subsequently filed and served on Defendant the Second Amended Complaint ("SAC") for the first time adding claims under the Federal Labor Standards Act ("FLSA"), attached hereto as Exhibit "C", on April 30, 2019.  On May 28, 2019, Defendant filed an Answer to the SAC, attached hereto as Exhibit "D".

The SAC purports to assert eight (8) class, collective, and representative causes of action for violation of California and Federal law, failure to pay overtime wages, failure to provide required meal periods, failure to provide required rest periods, failure to provide itemized wage statements, failure to provide wages when due, violation of the Private Attorney General Act, and a separate FLSA claim for failure to pay overtime.

The following pleadings and Orders have also been filed with the Superior Court for the County of Fresno including: a Summons, Civil Case Cover Sheet, Notice of Case Management Conference, and Case Management Minute Orders.  Copies of these documents are attached as Exhibit "E."

**TIMELINESS OF NOTICE OF REMOVAL**

An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within thirty days of defendant receiving an "an amended pleading…from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Service of the SAC was effective April 30, 2019.

///

DEFENDANT L'OREAL USA S/D, INC.'S
NOTICE OF REMOVAL

## VENUE

Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Eastern District of California insofar as Defendant conducts business within Fresno County, California, which is where Plaintiffs were employed, where the instant action was originally filed, and which is within this Court's jurisdiction.

## NOTICE TO PLAINTIFFS

As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiffs. (Defendant's Notice to Adverse Party of Removal to Federal Court, attached as Exhibit "F.")

## NOTICE TO THE FRESNO COUNTY SUPERIOR COURT

Defendant also filed this Notice of Removal with the Clerk of the Fresno County Superior Court. (Notice to State Court of Removal of Civil Action to Federal Court, attached as Exhibit "G").

## FEDERAL QUESTION JURISDICTION

28 U.S.C. Section 1331 provides as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This action is a civil action over which this Court has original jurisdiction based upon the existence of a federal question pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(because it is a civil action that presents a federal question as set forth below).

In this action arising out of Plaintiffs' employment with Defendant, the Complaint expressly alleges a claim for relief for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, 207, and 216 and expressly asks for damages to be awarded under those sections. (*See* Exhibit "B," ¶¶ 96-106.) The FLSA is a federal statute which, in part, governs payment of overtime wages. *See* 29 U.S.C. §§ 207(a) and 216(b). As such, this Court has original jurisdiction under Section 1331 as a cause of action "arising under the Constitution, laws, or treaties of the United States."

/ / /

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

(No. )                                                    3.                    DEFENDANT L'OREAL USA S/D, INC.'S
                                                                                NOTICE OF REMOVAL

1    Accordingly, this case may be removed to this Court by Defendant pursuant to Section

2   1331 and 28 U.S.C. section 1441(b) because it is a civil action that arises under the laws of the United

3   States.

4    Plaintiffs' other claims for violations of California overtime and other wage-and-hour

5   laws, are related to Plaintiffs' employment with Defendant, are based on the same facts, events,

6   transactions and occurrences as Plaintiffs' FLSA-based claim, and are so related to Plaintiffs' FLSA-

7   based claim as to form part of the same case and controversy.  Therefore, the Court has supplemental

8   jurisdiction over these claims pursuant to 28 U.S.C. section 1367(a).  Additionally, the Court has

9   jurisdiction of the remaining claims pursuant to 28 U.S.C. section 1441(c).

10

11  Dated:     May 2⁴, 2019          LITTLER MENDELSON, P.C.
                                      ANGELA J. RAFOTH
12

13

14                                   By: _____
                                      ANGELA J. RAFOTH
15                                    IRENE V. FITZGERALD
                                      Attorneys for Defendant
16                                    L'OREAL USA S/D, INC.

17  FIRMWIDE:164562702.1 054993.1110

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559.244.7500

(No.  )                    4.                    DEFENDANT L'OREAL USA S/D, INC.'S
                                                  NOTICE OF REMOVAL

EXHIBIT "A"

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

E-FILED
3/6/2018 2:30 PM
FRESNO COUNTY SUPERIOR COURT
By: R Garcia, Deputy

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF FRESNO

| | |
|---|---|
| ANGELA CONTI and JUSTINE MORA, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>L'OREAL USA S/D, INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No.__18CECG00816__<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;<br>3. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>4. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and,<br>6. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203.<br><br>**DEMAND FOR A JURY TRIAL** |

1

CLASS ACTION COMPLAINT

1        Plaintiffs Angela Conti and Justine Mora ("PLAINTIFFS"), individuals, on behalf of

2 themselves and all other similarly situated current and former employees, allege on information

3 and belief, except for their own acts and knowledge which are based on personal knowledge,

4 the following:

5

6                                   **THE PARTIES**

7     1.     Defendant L'Oreal USA S/D, Inc. ("DEFENDANT") is a Corporation and at all

8 relevant times mentioned herein conducted and continues to conduct substantial and regular

9 business throughout California.

10     2.     DEFENDANT was founded in 1999. DEFENDANT's line of business includes

11 the retail sale of specialized lines of merchandise.

12     3.     Plaintiff Conti was employed by DEFENDANT in California as a non-exempt

13 employee entitled to overtime pay and meal and rest periods from June of 2010 to December

14 8, 2017.

15     4.     Plaintiff Mora was employed by DEFENDANT in California as a non-exempt

16 employee entitled to overtime pay and meal and rest periods from July of 2015 to November

17 of 2017.

18     5.     PLAINTIFFS bring this Class Action on behalf of themselves and a California

19 class, defined as all individuals who are or previously were employed by DEFENDANT in

20 California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time

21 during the period beginning four (4) years prior to the filing of this Complaint and ending on

22 the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

23     6.     PLAINTIFFS bring this Class Action on behalf of themselves and a

24 CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses

25 incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy

26 and practice which failed to lawfully compensate these employees for all their overtime worked.

27 DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive

28

1  business practice whereby DEFENDANT retained and continues to retain wages due
2  PLAINTIFFS and the other members of the CALIFORNIA CLASS.  PLAINTIFFS and the
3  other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
4  DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the
5  CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and
6  current unlawful conduct, and all other appropriate legal and equitable relief.

7          7.      The true names and capacities, whether individual, corporate, subsidiary,
8  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
9  unknown to PLAINTIFFS who therefore sues these Defendants by such fictitious names
10 pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint
11 to allege the true names and capacities of Does 1 through 50, inclusive, when they are
12 ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief
13 allege, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive,
14 are responsible in some manner for one or more of the events and happenings that proximately
15 caused the injuries and damages hereinafter alleged.

16         8.      The agents, servants and/or employees of the Defendants and each of them acting
17 on behalf of the Defendants acted within the course and scope of his, her or its authority as the
18 agent, servant and/or employee of the Defendants, and personally participated in the conduct
19 alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
20 Consequently, the acts of each Defendant are legally attributable to the other Defendants and
21 all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the
22 CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
23 Defendants' agents, servants and/or employees.

25                              **THE CONDUCT**
26         9.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is
27 required to pay PLAINTIFFS and CALIFORNIA CLASS Members for all time worked,

1 meaning the time during which an employee is subject to the control of an employer, including
2 all the time the employee is suffered or permitted to work. DEFENDANT required
3 PLAINTIFFS and CALIFORNIA CLASS Members to work off the clock without paying them
4 for all the time they were under DEFENDANT's control. PLAINTIFFS and CALIFORNIA
5 CLASS Members would clock out of DEFENDANT's timekeeping system, in order to perform
6 additional work for DEFENDANT as required to meet DEFENDANT's job requirements.
7 Specifically, During the CALIFORNIA CLASS PERIOD, DEFENDANT engaged in the
8 uniform and systematic practice of requiring PLAINTIFFS and CALIFORNIA CLASS
9 Members to perform work off the clock after clocking out in that DEFENDANT, as a condition
10 of employment, required these employees to wait for and submit to loss prevention inspections
11 after clocking out for meal breaks and at the end of each scheduled shift for which
12 DEFENDANT did not provide compensation for time spent awaiting and performing the loss
13 prevention inspections off the clock. As a result, PLAINTIFFS and other CALIFORNIA
14 CLASS Members forfeited overtime wages by working without their time being correctly
15 recorded and without compensation at the applicable overtime rates. DEFENDANT's uniform
16 policy and practice not to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all
17 overtime worked, is evidenced by DEFENDANT's business records.

18      10.    In violation of the applicable sections of the California Labor Code and the
19 requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as
20 a matter of company policy, practice and procedure, intentionally and knowingly failed to
21 compensate PLAINTIFFS and the other members of the CALIFORNIA CLASS at the correct
22 rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is
23 intended to purposefully avoid the payment of the correct overtime compensation as required
24 by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage
25 over competitors who complied with the law. To the extent equitable tolling operates to toll
26 claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS
27 PERIOD should be adjusted accordingly.

28

11.     As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods.  PLAINTIFFS and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break.  Further, DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period each workday in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFFS and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

12.     During the CALIFORNIA CLASS PERIOD, from time to time, PLAINTIFFS and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFFS and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

13.     When PLAINTIFFS and other CALIFORNIA CLASS Members worked off the clock overtime and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFFS and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and

1   rest periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

2   employees with an accurate itemized wage statement in writing showing, among other things,

3   gross wages earned and all applicable hourly rates in effect during the pay period and the

4   corresponding amount of time worked at each hourly rate.  Aside, from the violations listed

5   above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage

6   statement that lists all the requirements under California Labor Code 226 *et seq.*  As a result,

7   from time to time DEFENDANT provided PLAINTIFFS and the other members of the

8   CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

9        14.    By reason of this uniform conduct applicable to PLAINTIFFS and all

10  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

11  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

12  (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately

13  calculate and record the correct overtime rate for the overtime worked by PLAINTIFFS and

14  other CALIFORNIA CLASS Members.  The proper calculation of these employees' overtime

15  hour rates is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard

16  of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

17  required overtime compensation for work performed by the members of the CALIFORNIA

18  CLASS and violated the California Labor Code and regulations promulgated thereunder as

19  herein alleged.

20        15.    Specifically as to PLAINTIFFS, they were from time to time unable to take off

21  duty meal and rest breaks and were not fully relieved of duty for their meal and rest periods and

22  were not paid all overtime wages due to them as a result of DEFENDANT's policy that required

23  them to work off the clock.  PLAINTIFFS were required to perform work as ordered by

24  DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal

25  break.  Further, DEFENDANT failed to provide PLAINTIFFS with a second off-duty meal

26  period each workday in which they were required by DEFENDANT to work ten (10) hours of

27  work.  PLAINTIFFS therefore forfeited meal and rest breaks without additional compensation

28

1   and in accordance with DEFENDANT's strict corporate policy and practice.  DEFENDANT

2   also provided PLAINTIFFS with a pay stub that failed to accurately display PLAINTIFFS'

3   correct rates of overtime pay and payments for missed meal and rest periods for certain pay

4   periods in violation of Cal. Lab. Code § 226(a).  To date, DEFENDANT has not fully paid

5   PLAINTIFFS the overtime compensation still owed to them or any penalty wages owed to them

6   under Cal. Lab. Code § 203.   The amount in controversy for PLAINTIFFS individually does

7   not exceed the sum or value of $75,000.

8

9                                        **JURISDICTION AND VENUE**

10         16.     This Court has jurisdiction over this Action pursuant to California Code of Civil

11   Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This

12   action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees

13   of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

14         17.     Venue is proper in this Court pursuant to California Code of Civil Procedure,

15   Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times

16   maintained offices and facilities in this County and/or conducts substantial business in this

17   County, and (ii) committed the wrongful conduct herein alleged in this County against members

18   of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

19

20                                        **THE CALIFORNIA CLASS**

21         18.     PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive

22   Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

23   Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

24   all individuals who are or previously were employed by DEFENDANT in California and

25   classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

26   period beginning four (4) years prior to the filing of this Complaint and ending on the date as

27   determined by the Court (the "CALIFORNIA CLASS PERIOD").

28

                                     CLASS ACTION COMPLAINT

19.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

20.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays",  and further that  "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

21.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record overtime compensation for overtime worked by PLAINTIFFS and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

22.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked. DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to

1   have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy

2   or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable

3   overtime rate for all overtime worked, so as to satisfy their burden.  This common business

4   practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on

5   a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code

6   §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this

7   claim.

8          23.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

9   any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

10  employee for all overtime worked at the applicable rate, as required by California Labor Code

11  §§ 204 and 510, *et seq.*  At no time during the CALIFORNIA CLASS PERIOD was the

12  overtime compensation for any member of the CALIFORNIA CLASS properly recalculated

13  so as to include all earnings in the overtime compensation calculation as required by California

14  Labor Code §§ 510, *et seq.*

15         24.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

16  CLASS Members is impracticable.

17         25.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

18  California law by:

19              (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

20                     §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in

21                     place company policies, practices and procedures that failed to pay all

22                     wages due the CALIFORNIA CLASS for all overtime worked, and failed

23                     to accurately record the applicable rates of all overtime worked by the

24                     CALIFORNIA CLASS;

25              (b)    Committing an act of unfair competition in violation of the California

26                     Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

27                     unlawfully, unfairly, and/or deceptively having in place a company policy,

28

9

CLASS ACTION COMPLAINT

practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFFS and the members of the CALIFORNIA CLASS; and,

(c)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

26.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)   The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)   The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA CLASS, were subjected to the uniform employment practices of DEFENDANT and were non-exempt employees paid on an hourly basis who were subjected to DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby systematically underpays overtime compensation to the CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices.   PLAINTIFFS and the members of the

10

CLASS ACTION COMPLAINT

CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

27.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to

11

act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative

litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

    4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

28.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA

13

1    CLASS;

2    (b)    A Class Action is superior to any other available method for the fair and

3           efficient adjudication of the claims of the members of the CALIFORNIA

4           CLASS because in the context of employment litigation a substantial

5           number of individual CALIFORNIA CLASS Members will avoid

6           asserting their rights individually out of fear of retaliation or adverse

7           impact on their employment;

8    (c)    The members of the CALIFORNIA CLASS are so numerous that it is

9           impractical to bring all members of the CALIFORNIA CLASS before the

10          Court;

11   (d)    PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be

12          able to obtain effective and economic legal redress unless the action is

13          maintained as a Class Action;

14   (e)    There is a community of interest in obtaining appropriate legal and

15          equitable relief for the acts of unfair competition, statutory violations and

16          other improprieties, and in obtaining adequate compensation for the

17          damages and injuries which DEFENDANT's actions have inflicted upon

18          the CALIFORNIA CLASS;

19   (f)    There is a community of interest in ensuring that the combined assets of

20          DEFENDANT are sufficient to adequately compensate the members of

21          the CALIFORNIA CLASS for the injuries sustained;

22   (g)    DEFENDANT has acted or refused to act on grounds generally applicable

23          to the CALIFORNIA CLASS, thereby making final class-wide relief

24          appropriate with respect to the CALIFORNIA CLASS as a whole;

25   (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

26          the business records of DEFENDANT; and,

27   (i)    Class treatment provides manageable judicial treatment calculated to bring

28                                        14
                            CLASS ACTION COMPLAINT

1                           a efficient and rapid conclusion to all litigation of all wage and hour

2                           related claims arising out of the conduct of DEFENDANT as to the

3                           members of the CALIFORNIA CLASS.

4         29.     DEFENDANT maintains records from which the Court can ascertain and identify

5 by job title each of DEFENDANT's employees who as have been systematically, intentionally

6 and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein

7 alleged. PLAINTIFFS will seek leave to amend the Complaint to include any additional job

8 titles of similarly situated employees when they have been identified.

9

10                           **THE CALIFORNIA LABOR SUB-CLASS**

11         30.     PLAINTIFFS further bring the Second, Third, Fourth, Fifth and Sixth causes of

12 Action on behalf of a California sub-class, defined as all individuals who are or previously were

13 employed by DEFENDANT in California and classified as non-exempt employees (the

14 "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to

15 the filing of the complaint and ending on the date as determined by the Court (the

16 "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

17         31.     DEFENDANT, as a matter of company policy, practice and procedure, and in

18 violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

19 requirements, and the applicable provisions of California law, intentionally, knowingly, and

20 wilfully, engaged in a practice whereby DEFENDANT failed to provide off duty meal and rest

21 periods to PLAINTIFFS and CALIFORNIA CLASS Members and failed to correctly calculate

22 overtime compensation for the overtime worked by PLAINTIFFS and the other members of the

23 CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

24 work, required employees to perform this work and permitted or suffered to permit this

25 overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-

26 CLASS Members overtime wages at the correct amount to which these employees are entitled

27 in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling

28                                 15

operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

32.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

33.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

34.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)     Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c)     Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d)     Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)     Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

16

CLASS ACTION COMPLAINT

(f)   Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)   The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)   Whether DEFENDANT's conduct was willful.

35.   DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFFS, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

36.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)   Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)   Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(c)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable

17

1    overtime rates in effect during the pay period and the corresponding

2    amount of time worked at each overtime rate by the employee; and,

3    (d)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

4    when an employee is discharged or quits from employment, the employer

5    must pay the employee all wages due without abatement, by failing to

6    tender full payment and/or restitution of wages owed or in the manner

7    required by California law to the members of the CALIFORNIA LABOR

8    SUB-CLASS who have terminated their employment.

9    37.   This Class Action meets the statutory prerequisites for the maintenance of a Class

10   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

11   (a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

12   so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

13   Members is impracticable and the disposition of their claims as a class

14   will benefit the parties and the Court;

15   (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues

16   that are raised in this Complaint are common to the CALIFORNIA

17   LABOR SUB-CLASS and will apply uniformly to every member of the

18   CALIFORNIA LABOR SUB-CLASS;

19   (c)   The claims of the representative PLAINTIFFS are typical of the claims of

20   each member of the CALIFORNIA LABOR SUB-CLASS.

21   PLAINTIFFS, like all the other members of the CALIFORNIA LABOR

22   SUB-CLASS, were non-exempt employees paid on an hourly basis who

23   were subjected to the DEFENDANT's practice and policy described

24   herein.   PLAINTIFFS sustained economic injury as a result of

25   DEFENDANT's employment practices. PLAINTIFFS and the members

26   of the CALIFORNIA LABOR SUB-CLASS were and are similarly or

27   identically harmed by the same unlawful, deceptive, unfair and pervasive

28

1           pattern of misconduct engaged in by DEFENDANT; and,

2        (d)    The representative PLAINTIFFS will fairly and adequately represent and

3           protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

4           retained counsel who are competent and experienced in Class Action

5           litigation.   There are no material conflicts between the claims of the

6           representative PLAINTIFFS and the members of the CALIFORNIA

7           LABOR SUB-CLASS that would make class certification inappropriate.

8           Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

9           assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

10   38.    In addition to meeting the statutory prerequisites to a Class Action, this action is

11   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

12        (a)    Without class certification and determination of declaratory, injunctive,

13           statutory and other legal questions within the class format, prosecution of

14           separate actions by individual members of the CALIFORNIA LABOR

15           SUB-CLASS will create the risk of:

16           1)    Inconsistent or varying adjudications with respect to individual

17               members of the CALIFORNIA LABOR SUB-CLASS which

18               would establish incompatible standards of conduct for the parties

19               opposing the CALIFORNIA LABOR SUB-CLASS; or,

20           2)    Adjudication with respect to individual members of the

21               CALIFORNIA LABOR SUB-CLASS which would as a practical

22               matter be dispositive of interests of the other members not party to

23               the adjudication or substantially impair or impede their ability to

24               protect their interests.

25        (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

26           or refused to act on grounds generally applicable to the CALIFORNIA

27           LABOR SUB-CLASS, making appropriate class-wide relief with respect

28    

19

CLASS ACTION COMPLAINT

to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)   Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members

20

CLASS ACTION COMPLAINT

1    not parties to the adjudication or substantially impair or

2    impede their ability to protect their interests;

3    3)    In the context of wage litigation because a substantial number of

4    individual CALIFORNIA LABOR SUB-CLASS Members will

5    avoid asserting their legal rights out of fear of retaliation by

6    DEFENDANT, which may adversely affect an individual's job

7    with DEFENDANT or with a subsequent employer, the Class

8    Action is the only means to assert their claims through a

9    representative; and,

10   4)    A class action is superior to other available methods for the fair

11   and efficient adjudication of this litigation because class treatment

12   will obviate the need for unduly and unnecessary duplicative

13   litigation that is likely to result in the absence of certification of

14   this action pursuant to Cal. Code of Civ. Proc. § 382.

15   39.   This Court should permit this action to be maintained as a Class Action pursuant

16   to Cal. Code of Civ. Proc. § 382 because:

17   (a)    The questions of law and fact common to the CALIFORNIA LABOR

18   SUB-CLASS predominate over any question affecting only individual

19   CALIFORNIA LABOR SUB-CLASS Members;

20   (b)    A Class Action is superior to any other available method for the fair and

21   efficient adjudication of the claims of the members of the CALIFORNIA

22   LABOR SUB-CLASS because in the context of employment litigation a

23   substantial number of individual CALIFORNIA LABOR SUB-CLASS

24   Members will avoid asserting their rights individually out of fear of

25   retaliation or adverse impact on their employment;

26   (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

27   numerous that it is impractical to bring all members of the CALIFORNIA

28

21

CLASS ACTION COMPLAINT

LABOR SUB-CLASS before the Court;

(d)   PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.   The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

///

///

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

**(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

40.     PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

41.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

42.     California Business & Professions Code §§ 17200, *et seq*. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

43.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 206.5, 226.7, 510, 512, 558, 1194 & 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

44.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive,

23

1 unscrupulous or substantially injurious to employees, and were without valid justification or

2 utility for which this Court should issue equitable and injunctive relief pursuant to Section

3 17203 of the California Business & Professions Code, including restitution of wages wrongfully

4 withheld.

5          45.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

6 fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFFS, and

7 other members of the CALIFORNIA CLASS, wages due for overtime worked, failed to

8 accurately to record the applicable rate of all overtime worked, and failed to provide the legally

9 required off duty meal and rest periods due to a systematic business practice that cannot be

10 justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission

11 requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should

12 issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

13 restitution of wages wrongfully withheld.

14         46.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

15 unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and

16 the other members of the CALIFORNIA CLASS to be underpaid during their employment with

17 DEFENDANT.

18         47.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

19 deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide

20 mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

21         48.    Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each

22 CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty

23 meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

24 for each workday in which a second off-duty meal period was not timely provided for each ten

25 (10) hours of work.

26         49.    PLAINTIFFS further demand on behalf of themselves and on behalf of each

27 CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

28

<div align="center">24</div>

1    was not timely provided as required by law.

2         50.    By and through the unlawful and unfair business practices described herein,

3    DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the

4    other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

5    and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

6    detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

7    to unfairly compete against competitors who comply with the law.

8         51.    All the acts described herein as violations of, among other things, the Industrial

9    Welfare Commission Wage Orders, the California Code of Regulations, and the California

10    Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

11    oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

12    deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

13         52.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

14    to, and do, seek such relief as may be necessary to restore to them the money and property

15    which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the

16    CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

17    unfair business practices, including earned but unpaid wages for all overtime worked.

18         53.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

19    entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

20    and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

21    engaging in any unlawful and unfair business practices in the future.

22         54.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain,

23    speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

24    of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

25    As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and

26    the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

27    irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

28

CLASS ACTION COMPLAINT

1    engage in these unlawful and unfair business practices.

2

3                    **SECOND CAUSE OF ACTION**

4                **For Failure To Pay Overtime Compensation**

5              **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

6        **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

7                              **Defendants)**

8        55.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

9    CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

10   paragraphs of this Complaint.

11       56.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

12   CLASS bring a claim for DEFENDANT's willful and intentional violations of the California

13   Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure

14   to accurately calculate the applicable rates for all overtime worked by PLAINTIFFS and other

15   members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

16   compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

17   including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in

18   any workweek.

19       57.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

20   public policy, an employer must timely pay its employees for all hours worked.

21       58.    Cal. Lab. Code § 510 further provides that employees in California shall not be

22   employed more than eight (8) hours per workday and/or more than forty (40) hours per

23   workweek unless they receive additional compensation beyond their regular wages in amounts

24   specified by law.

25       59.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

26   including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

27   Code § 1198 further states that the employment of an employee for longer hours than those

28                                    26

1  fixed by the Industrial Welfare Commission is unlawful.

2       60.   DEFENDANT maintained a uniform wage practice of paying PLAINTIFFS and

3  the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

4  amount of overtime worked. As set forth herein, DEFENDANT's uniform policy and practice

5  was to unlawfully and intentionally deny timely payment of wages due for the overtime worked

6  by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, and

7  DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for

8  all overtime worked.

9       61.   DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

10 without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

11 result of implementing a uniform policy and practice that denied accurate compensation to

12 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for all

13 overtime worked, including, the work performed in excess of eight (8) hours in a workday

14 and/or forty (40) hours in any workweek.

15      62.   In committing these violations of the California Labor Code, DEFENDANT

16 inaccurately calculated the amount of overtime worked and the applicable overtime rates and

17 consequently underpaid the actual time worked by PLAINTIFFS and other members of the

18 CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the

19 payment of all earned wages, and other benefits in violation of the California Labor Code, the

20 Industrial Welfare Commission requirements and other applicable laws and regulations.

21      63.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

22 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not

23 receive full compensation for all overtime worked.

24      64.   Cal. Lab. Code § 515 sets out various categories of employees who are exempt

25 from the overtime requirements of the law.  None of these exemptions are applicable to

26 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. Further,

27 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are not

28

1    subject to a valid collective bargaining agreement that would preclude the causes of action

2    contained herein this Complaint.  Rather, the PLAINTIFFS bring this Action on behalf of

3    themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations

4    of non-negotiable, non-waiveable rights provided by the State of California.

5         65.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and

6    the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

7    that they were entitled to, constituting a failure to pay all earned wages.

8         66.    DEFENDANT failed to accurately pay PLAINTIFFS and the other members of

9    the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was

10   in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194

11   & 1198, even though PLAINTIFFS and the other members of the CALIFORNIA LABOR

12   SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT

13   failed to accurately record and pay using the applicable overtime rate as evidenced by

14   DEFENDANT's business records and witnessed by employees.

15        67.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

16   compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

17   CLASS for the true time they worked, PLAINTIFFS and the other members of the

18   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

19   injury in amounts which are presently unknown to them and which will be ascertained

20   according to proof at trial.

21        68.    DEFENDANT knew or should have known that PLAINTIFFS and the other

22   members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

23   worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

24   nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

25   practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to

26   pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the

27   applicable overtime rate.

28

<center>28</center>

<center>CLASS ACTION COMPLAINT</center>

69. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

70. PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///
///
///
///
///
///
///

29

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

71.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

72.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were often not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  As a result, PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

73.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

74.   As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

### FOURTH CAUSE OF ACTION

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

75.   PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

76.   PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

77.   DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with

31

the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

78.     As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

79.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

80.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

81.    When PLAINTIFFS and other CALIFORNIA CLASS Members worked unpaid overtime and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, from time to time DEFENDANT provided PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

82.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are

difficult to estimate. Therefore, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## <u>SIXTH CAUSE OF ACTION</u>

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

83.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

84.     Cal. Lab. Code § 200 provides that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

85.     Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

86.     Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages

34

at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

87.    There was no definite term in PLAINTIFFS' or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

88.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

89.    The employment of PLAINTIFFS and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages, to these employees who actually worked overtime, as required by law.

90.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFFS demand up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demand an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

35

1   withheld from compensation due to PLAINTIFFS and the other members of the

2   CALIFORNIA CLASS; and,

3   D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

4   for restitution of the sums incidental to DEFENDANT's violations due to

5   PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

6   2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

7   A)   That the Court certify the Second, Third, Fourth, Fifth and Sixth Causes of

8   Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action

9   pursuant to Cal. Code of Civ. Proc. § 382;

10   B)   Compensatory damages, according to proof at trial, including compensatory

11   damages for overtime compensation due PLAINTIFFS and the other members

12   of the CALIFORNIA LABOR SUB-CLASS, during the applicable

13   CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

14   statutory rate;

15   C)   Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

16   the applicable IWC Wage Order;

17   D)   The greater of all actual damages or fifty dollars ($50) for the initial pay period

18   in which a violation occurs and one hundred dollars ($100) per each member of

19   the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

20   period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

21   an award of costs for violation of Cal. Lab. Code § 226; and,

22   E)   The wages of all terminated employees from the CALIFORNIA LABOR SUB-

23   CLASS as a penalty from the due date thereof at the same rate until paid or until

24   an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

25   3.   On all claims:

26   A)   An award of interest, including prejudgment interest at the legal rate;

27   B)   Such other and further relief as the Court deems just and equitable; and,

28

1    C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

2          including, but not limited to, pursuant to Labor Code §218.5, §226, and/or §1194.

3

4    Dated:   March 6, 2018              BLUMENTHAL NORDREHAUG BHOWMIK
                                          DE BLOUW LLP
5

6

7                                        By:

8                                             Norman B. Blumenthal
                                              Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        37

1

## DEMAND FOR A JURY TRIAL

2      PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4
Dated:   March 6, 2018          BLUMENTHAL NORDREHAUG BHOWMIK
5                                DE BLOUW LLP

6

7

8                     By: _____
9                              Norman B. Blumenthal
                               Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    38
                          CLASS ACTION COMPLAINT

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiffs

E-FILED
4/9/2018 5:31 PM
FRESNO COUNTY SUPERIOR COURT
By: K. Mendoza, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF FRESNO

ANGELA CONTI and JUSTINE MORA, individuals, on behalf of themselves, and on behalf of all persons similarly situated,

Plaintiffs,

vs.

L'OREAL USA S/D, INC., a Corporation; and Does 1 through 50, Inclusive,

Defendants.

Case No. **18CECG00816**

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;
2.  FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;
3.  FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER
4.  FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
6.  FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,
7.  VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq.*]

**DEMAND FOR A JURY TRIAL**

1

FIRST AMENDED CLASS ACTION COMPLAINT

1    Plaintiffs Angela Conti and Justine Mora ("PLAINTIFFS"), individuals, on behalf of

2  themselves and all other similarly situated current and former employees, allege on information

3  and belief, except for their own acts and knowledge which are based on personal knowledge,

4  the following:

5

6                                    **THE PARTIES**

7    1.    Defendant L'Oreal USA S/D, Inc. ("DEFENDANT") is a Corporation and at all

8  relevant times mentioned herein conducted and continues to conduct substantial and regular

9  business throughout California.

10    2.    DEFENDANT was founded in 1999.  DEFENDANT's line of business includes

11  the retail sale of specialized lines of merchandise.

12    3.    Plaintiff Conti was employed by DEFENDANT in California as a non-exempt

13  employee entitled to overtime pay and meal and rest periods from June of 2010 to December

14  8, 2017.

15    4.    Plaintiff Mora was employed by DEFENDANT in California as a non-exempt

16  employee entitled to overtime pay and meal and rest periods from July of 2015 to November

17  of 2017.

18    5.    PLAINTIFFS bring this Class Action on behalf of themselves and a California

19  class, defined as all individuals who are or previously were employed by DEFENDANT in

20  California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time

21  during the period beginning four (4) years prior to the filing of this Complaint and ending on

22  the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

23    6.    PLAINTIFFS bring this Class Action on behalf of themselves and a

24  CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses

25  incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy

26  and practice which failed to lawfully compensate these employees for all their overtime worked.

27  DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive

28

                                         2

1   business practice whereby DEFENDANT retained and continues to retain wages due
2   PLAINTIFFS and the other members of the CALIFORNIA CLASS. PLAINTIFFS and the
3   other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
4   DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the
5   CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and
6   current unlawful conduct, and all other appropriate legal and equitable relief.

7        7.    The true names and capacities, whether individual, corporate, subsidiary,
8   partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
9   unknown to PLAINTIFFS who therefore sues these Defendants by such fictitious names
10  pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint
11  to allege the true names and capacities of Does 1 through 50, inclusive, when they are
12  ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief
13  allege, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive,
14  are responsible in some manner for one or more of the events and happenings that proximately
15  caused the injuries and damages hereinafter alleged.

16       8.    The agents, servants and/or employees of the Defendants and each of them acting
17  on behalf of the Defendants acted within the course and scope of his, her or its authority as the
18  agent, servant and/or employee of the Defendants, and personally participated in the conduct
19  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
20  Consequently, the acts of each Defendant are legally attributable to the other Defendants and
21  all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the
22  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
23  Defendants' agents, servants and/or employees.

24
25                          **THE CONDUCT**

26       9.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is
27  required to pay PLAINTIFFS and CALIFORNIA CLASS Members for all time worked,

28
                                      3

1   meaning the time during which an employee is subject to the control of an employer, including

2   all the time the employee is suffered or permitted to work. DEFENDANT required

3   PLAINTIFFS and CALIFORNIA CLASS Members to work off the clock without paying them

4   for all the time they were under DEFENDANT's control. PLAINTIFFS and CALIFORNIA

5   CLASS Members would clock out of DEFENDANT's timekeeping system, in order to perform

6   additional work for DEFENDANT as required to meet DEFENDANT's job requirements.

7   Specifically, During the CALIFORNIA CLASS PERIOD, DEFENDANT engaged in the

8   uniform and systematic practice of requiring PLAINTIFFS and CALIFORNIA CLASS

9   Members to perform work off the clock after clocking out in that DEFENDANT, as a condition

10   of employment, required these employees to wait for and submit to loss prevention inspections

11   after clocking out for meal breaks and at the end of each scheduled shift for which

12   DEFENDANT did not provide compensation for time spent awaiting and performing the loss

13   prevention inspections off the clock. As a result, PLAINTIFFS and other CALIFORNIA

14   CLASS Members forfeited overtime wages by working without their time being correctly

15   recorded and without compensation at the applicable overtime rates. DEFENDANT's uniform

16   policy and practice not to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all

17   overtime worked, is evidenced by DEFENDANT's business records.

18       10.   In violation of the applicable sections of the California Labor Code and the

19   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as

20   a matter of company policy, practice and procedure, intentionally and knowingly failed to

21   compensate PLAINTIFFS and the other members of the CALIFORNIA CLASS at the correct

22   rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is

23   intended to purposefully avoid the payment of the correct overtime compensation as required

24   by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage

25   over competitors who complied with the law. To the extent equitable tolling operates to toll

26   claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS

27   PERIOD should be adjusted accordingly.

28

FIRST AMENDED CLASS ACTION COMPLAINT

11.    As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods.  PLAINTIFFS and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break.  Further, DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period each workday in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFFS and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

12.    During the CALIFORNIA CLASS PERIOD, from time to time, PLAINTIFFS and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFFS and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

13.    When PLAINTIFFS and other CALIFORNIA CLASS Members worked off the clock overtime and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFFS and the other members of  the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and

1  rest periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

2  employees with an accurate itemized wage statement in writing showing, among other things,

3  gross wages earned and all applicable hourly rates in effect during the pay period and the

4  corresponding amount of time worked at each hourly rate.  Aside, from the violations listed

5  above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage

6  statement that lists all the requirements under California Labor Code 226 *et seq*.  As a result,

7  from time to time DEFENDANT provided PLAINTIFFS and the other members of the

8  CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

9        14.    By reason of this uniform conduct applicable to PLAINTIFFS and all

10  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

11  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.

12  (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately

13  calculate and record the correct overtime rate for the overtime worked by PLAINTIFFS and

14  other CALIFORNIA CLASS Members.  The proper calculation of these employees' overtime

15  hour rates is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard

16  of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all

17  required overtime compensation for work performed by the members of the CALIFORNIA

18  CLASS and violated the California Labor Code and regulations promulgated thereunder as

19  herein alleged.

20        15.    Specifically as to PLAINTIFFS, they were from time to time unable to take off

21  duty meal and rest breaks and were not fully relieved of duty for their meal and rest periods and

22  were not paid all overtime wages due to them as a result of DEFENDANT's policy that required

23  them to work off the clock.  PLAINTIFFS were required to perform work as ordered by

24  DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal

25  break.  Further, DEFENDANT failed to provide PLAINTIFFS with a second off-duty meal

26  period each workday in which they were required by DEFENDANT to work ten (10) hours of

27  work.  PLAINTIFFS therefore forfeited meal and rest breaks without additional compensation

28

1 and in accordance with DEFENDANT's strict corporate policy and practice.   DEFENDANT
2 also provided PLAINTIFFS with a pay stub that failed to accurately display PLAINTIFFS'
3 correct rates of overtime pay and payments for missed meal and rest periods for certain pay
4 periods in violation of Cal. Lab. Code § 226(a).  To date, DEFENDANT has not fully paid
5 PLAINTIFFS the overtime compensation still owed to them or any penalty wages owed to them
6 under Cal. Lab. Code § 203.   The amount in controversy for PLAINTIFFS individually does
7 not exceed the sum or value of $75,000.

8

9 **JURISDICTION AND VENUE**

10    16.    This Court has jurisdiction over this Action pursuant to California Code of Civil
11 Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This
12 action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees
13 of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

14    17.    Venue is proper in this Court pursuant to California Code of Civil Procedure,
15 Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times
16 maintained offices and facilities in this County and/or conducts substantial business in this
17 County, and (ii) committed the wrongful conduct herein alleged in this County against members
18 of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

19

20 **THE CALIFORNIA CLASS**

21    18.    PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive
22 Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class
23 Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as
24 all individuals who are or previously were employed by DEFENDANT in California and
25 classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the
26 period beginning four (4) years prior to the filing of this Complaint and ending on the date as
27 determined by the Court (the "CALIFORNIA CLASS PERIOD").

28

7

19.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

20.    The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).) The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).) Neither the PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

21.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record overtime compensation for overtime worked by PLAINTIFFS and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

22.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked. DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to

1    have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy
2    or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable
3    overtime rate for all overtime worked, so as to satisfy their burden.  This common business
4    practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on
5    a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code
6    §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this
7    claim.

8          23.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for
9    any member of the CALIFORNIA CLASS properly recalculated so as to compensate the
10   employee for all overtime worked at the applicable rate, as required by California Labor Code
11   §§ 204 and 510, *et seq.*  At no time during the CALIFORNIA CLASS PERIOD was the
12   overtime compensation for any member of the CALIFORNIA CLASS properly recalculated
13   so as to include all earnings in the overtime compensation calculation as required by California
14   Labor Code §§ 510, *et seq.*

15         24.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA
16   CLASS Members is impracticable.

17         25.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under
18   California law by:

19                (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code
20                       §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in
21                       place company policies, practices and procedures that failed to pay all
22                       wages due the CALIFORNIA CLASS for all overtime worked, and failed
23                       to accurately record the applicable rates of all overtime worked by the
24                       CALIFORNIA CLASS;
25                (b)    Committing an act of unfair competition in violation of the California
26                       Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
27                       unlawfully, unfairly, and/or deceptively having in place a company policy,

28
                                          9

practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFFS and the members of the CALIFORNIA CLASS; and,

(c)   Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

26.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)   The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)   The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA CLASS, were subjected to the uniform employment practices of DEFENDANT and were non-exempt employees paid on an hourly basis who were subjected to DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA CLASS for all overtime worked by the CALIFORNIA CLASS and thereby systematically underpays overtime compensation to the CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices.   PLAINTIFFS and the members of the

10

CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

27.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to

11

FIRST AMENDED CLASS ACTION COMPLAINT

act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

    1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

    (c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

    2)    Class certification will obviate the need for unduly duplicative

12

FIRST AMENDED CLASS ACTION COMPLAINT

litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

    4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

28.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA

13

FIRST AMENDED CLASS ACTION COMPLAINT

1          CLASS;

2     (b)  A Class Action is superior to any other available method for the fair and

3          efficient adjudication of the claims of the members of the CALIFORNIA

4          CLASS because in the context of employment litigation a substantial

5          number of individual CALIFORNIA CLASS Members will avoid

6          asserting their rights individually out of fear of retaliation or adverse

7          impact on their employment;

8     (c)  The members of the CALIFORNIA CLASS are so numerous that it is

9          impractical to bring all members of the CALIFORNIA CLASS before the

10         Court;

11    (d)  PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be

12         able to obtain effective and economic legal redress unless the action is

13         maintained as a Class Action;

14    (e)  There is a community of interest in obtaining appropriate legal and

15         equitable relief for the acts of unfair competition, statutory violations and

16         other improprieties, and in obtaining adequate compensation for the

17         damages and injuries which DEFENDANT's actions have inflicted upon

18         the CALIFORNIA CLASS;

19    (f)  There is a community of interest in ensuring that the combined assets of

20         DEFENDANT are sufficient to adequately compensate the members of

21         the CALIFORNIA CLASS for the injuries sustained;

22    (g)  DEFENDANT has acted or refused to act on grounds generally applicable

23         to the CALIFORNIA CLASS, thereby making final class-wide relief

24         appropriate with respect to the CALIFORNIA CLASS as a whole;

25    (h)  The members of the CALIFORNIA CLASS are readily ascertainable from

26         the business records of DEFENDANT; and,

27    (i)  Class treatment provides manageable judicial treatment calculated to bring

28                                        14

FIRST AMENDED CLASS ACTION COMPLAINT

1    a efficient and rapid conclusion to all litigation of all wage and hour
2    related claims arising out of the conduct of DEFENDANT as to the
3    members of the CALIFORNIA CLASS.

4        29.    DEFENDANT maintains records from which the Court can ascertain and identify
5    by job title each of DEFENDANT's employees who as have been systematically, intentionally
6    and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein
7    alleged. PLAINTIFFS will seek leave to amend the Complaint to include any additional job
8    titles of similarly situated employees when they have been identified.

9
10   **THE CALIFORNIA LABOR SUB-CLASS**

11       30.    PLAINTIFFS further bring the Second, Third, Fourth, Fifth and Sixth causes of
12   Action on behalf of a California sub-class, defined as all individuals who are or previously were
13   employed by DEFENDANT in California and classified as non-exempt employees (the
14   "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to
15   the filing of the complaint and ending on the date as determined by the Court (the
16   "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

17       31.    DEFENDANT, as a matter of company policy, practice and procedure, and in
18   violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order
19   requirements, and the applicable provisions of California law, intentionally, knowingly, and
20   wilfully, engaged in a practice whereby DEFENDANT failed to provide off duty meal and rest
21   periods to PLAINTIFFS and CALIFORNIA CLASS Members and failed to correctly calculate
22   overtime compensation for the overtime worked by PLAINTIFFS and the other members of the
23   CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this
24   work, required employees to perform this work and permitted or suffered to permit this
25   overtime work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-
26   CLASS Members overtime wages at the correct amount to which these employees are entitled
27   in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling

28

1    operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

2    CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

3        32.    DEFENDANT maintains records from which the Court can ascertain and identify

4    by name and job title, each of DEFENDANT's employees who have been systematically,

5    intentionally and uniformly subjected to DEFENDANT's company policy, practices and

6    procedures as herein alleged.  PLAINTIFFS will seek leave to amend the complaint to include

7    any additional job titles of similarly situated employees when they have been identified.

8        33.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

9    CALIFORNIA LABOR SUB-CLASS Members is impracticable.

10       34.    Common questions of law and fact exist as to members of the CALIFORNIA

11   LABOR SUB-CLASS, including, but not limited, to the following:

12          (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

13                 overtime compensation to members of the CALIFORNIA LABOR SUB-

14                 CLASS in violation of the California Labor Code and California

15                 regulations and the applicable California Wage Order;

16          (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

17                 entitled to overtime compensation for overtime worked under the overtime

18                 pay requirements of California law;

19          (c)    Whether DEFENDANT failed to accurately record the applicable

20                 overtime rates for all overtime worked PLAINTIFFS and the other

21                 members of the CALIFORNIA LABOR SUB-CLASS;

22          (d)    Whether DEFENDANT failed to provide PLAINTIFFS and the other

23                 members of the CALIFORNIA LABOR SUB-CLASS with legally

24                 required uninterrupted thirty (30) minute meal breaks and rest periods;

25          (e)    Whether DEFENDANT failed to provide PLAINTIFFS and the other

26                 members of the CALIFORNIA LABOR SUB-CLASS with accurate

27                 itemized wage statements;

28                                  16

1        (f)    Whether DEFENDANT has engaged in unfair competition by the

2                above-listed conduct;

3        (g)    The proper measure of damages and penalties owed to the members of the

4                CALIFORNIA LABOR SUB-CLASS; and,

5        (h)    Whether DEFENDANT's conduct was willful.

6      35.    DEFENDANT, as a matter of company policy, practice and procedure, failed to

7 accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS

8 Members and failed to provide accurate records of the applicable overtime rates for the

9 overtime worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS

10 Members, including PLAINTIFFS, were non-exempt employees who were paid on an hourly

11 basis by DEFENDANT according to uniform and systematic company procedures as alleged

12 herein above. This business practice was uniformly applied to each and every member of the

13 CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be

14 adjudicated on a class-wide basis.

15      36.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

16 under California law by:

17        (a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay

18                PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-

19                CLASS the correct overtime pay for which DEFENDANT is liable

20                pursuant to Cal. Lab. Code § 1194 & § 1198;

21        (b)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

22                PLAINTIFFS and the other members of the CALIFORNIA CLASS with

23                all legally required off-duty, uninterrupted thirty (30) minute meal breaks

24                and the legally required rest breaks;

25        (c)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and

26                the members of the CALIFORNIA LABOR SUB-CLASS with an

27                accurate itemized statement in writing showing all accurate and applicable

28                          17

overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and,

(d)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

37.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)     The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA LABOR SUB-CLASS, were non-exempt employees paid on an hourly basis who were subjected to the DEFENDANT's practice and policy described herein. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive

18

1    pattern of misconduct engaged in by DEFENDANT; and,

2    (d)    The representative PLAINTIFFS will fairly and adequately represent and

3    protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

4    retained counsel who are competent and experienced in Class Action

5    litigation.   There are no material conflicts between the claims of the

6    representative PLAINTIFFS and the members of the CALIFORNIA

7    LABOR SUB-CLASS that would make class certification inappropriate.

8    Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

9    assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

10    38.    In addition to meeting the statutory prerequisites to a Class Action, this action is

11    properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

12    (a)    Without class certification and determination of declaratory, injunctive,

13    statutory and other legal questions within the class format, prosecution of

14    separate actions by individual members of the CALIFORNIA LABOR

15    SUB-CLASS will create the risk of:

16    1)    Inconsistent or varying adjudications with respect to individual

17    members of the CALIFORNIA LABOR SUB-CLASS which

18    would establish incompatible standards of conduct for the parties

19    opposing the CALIFORNIA LABOR SUB-CLASS; or,

20    2)    Adjudication with respect to individual members of the

21    CALIFORNIA LABOR SUB-CLASS which would as a practical

22    matter be dispositive of interests of the other members not party to

23    the adjudication or substantially impair or impede their ability to

24    protect their interests.

25    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

26    or refused to act on grounds generally applicable to the CALIFORNIA

27    LABOR SUB-CLASS, making appropriate class-wide relief with respect

28    19

FIRST AMENDED CLASS ACTION COMPLAINT

to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members

20

1     not parties to the adjudication or substantially impair or

2     impede their ability to protect their interests;

3     3)   In the context of wage litigation because a substantial number of

4          individual CALIFORNIA LABOR SUB-CLASS Members will

5          avoid asserting their legal rights out of fear of retaliation by

6          DEFENDANT, which may adversely affect an individual's job

7          with DEFENDANT or with a subsequent employer, the Class

8          Action is the only means to assert their claims through a

9          representative; and,

10    4)   A class action is superior to other available methods for the fair

11         and efficient adjudication of this litigation because class treatment

12         will obviate the need for unduly and unnecessary duplicative

13         litigation that is likely to result in the absence of certification of

14         this action pursuant to Cal. Code of Civ. Proc. § 382.

15    39.   This Court should permit this action to be maintained as a Class Action pursuant

16    to Cal. Code of Civ. Proc. § 382 because:

17    (a)   The questions of law and fact common to the CALIFORNIA LABOR

18          SUB-CLASS predominate over any question affecting only individual

19          CALIFORNIA LABOR SUB-CLASS Members;

20    (b)   A Class Action is superior to any other available method for the fair and

21          efficient adjudication of the claims of the members of the CALIFORNIA

22          LABOR SUB-CLASS because in the context of employment litigation a

23          substantial number of individual CALIFORNIA LABOR SUB-CLASS

24          Members will avoid asserting their rights individually out of fear of

25          retaliation or adverse impact on their employment;

26    (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so

27          numerous that it is impractical to bring all members of the CALIFORNIA

28

21

FIRST AMENDED CLASS ACTION COMPLAINT

1          LABOR SUB-CLASS before the Court;

2   (d)    PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS

3          Members, will not be able to obtain effective and economic legal redress

4          unless the action is maintained as a Class Action;

5   (e)    There is a community of interest in obtaining appropriate legal and

6          equitable relief for the acts of unfair competition, statutory violations and

7          other improprieties, and in obtaining adequate compensation for the

8          damages and injuries which DEFENDANT's actions have inflicted upon

9          the CALIFORNIA LABOR SUB-CLASS;

10  (f)    There is a community of interest in ensuring that the combined assets of

11         DEFENDANT are sufficient to adequately compensate the members of

12         the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

13  (g)    DEFENDANT has acted or refused to act on grounds generally applicable

14         to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

15         wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

16         CLASS as a whole;

17  (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

18         ascertainable from the business records of DEFENDANT.   The

19         CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

20         CLASS Members classified as non-exempt employees during the

21         CALIFORNIA LABOR SUB-CLASS PERIOD; and,

22  (i)    Class treatment provides manageable judicial treatment calculated to bring

23         a efficient and rapid conclusion to all litigation of all wage and hour

24         related claims arising out of the conduct of DEFENDANT as to the

25         members of the CALIFORNIA LABOR SUB-CLASS.

26  ///

27  ///

28

# FIRST CAUSE OF ACTION

## For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)

40.     PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

41.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

42.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

43.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 206.5, 226.7, 510, 512, 558, 1194 & 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

44.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive,

1   unscrupulous or substantially injurious to employees, and were without valid justification or
2   utility for which this Court should issue equitable and injunctive relief pursuant to Section
3   17203 of the California Business & Professions Code, including restitution of wages wrongfully
4   withheld.

5       45.   By the conduct alleged herein, DEFENDANT's practices were deceptive and
6   fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFFS, and
7   other members of the CALIFORNIA CLASS, wages due for overtime worked, failed to
8   accurately to record the applicable rate of all overtime worked, and failed to provide the legally
9   required off duty meal and rest periods due to a systematic business practice that cannot be
10  justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission
11  requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should
12  issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including
13  restitution of wages wrongfully withheld.

14      46.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,
15  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and
16  the other members of the CALIFORNIA CLASS to be underpaid during their employment with
17  DEFENDANT.

18      47.   By the conduct alleged herein, DEFENDANT's practices were also unfair and
19  deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide
20  mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

21      48.   Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each
22  CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty
23  meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay
24  for each workday in which a second off-duty meal period was not timely provided for each ten
25  (10) hours of work.

26      49.   PLAINTIFFS further demand on behalf of themselves and on behalf of each
27  CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

28                              24

1    was not timely provided as required by law.

2        50.    By and through the unlawful and unfair business practices described herein,

3    DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the

4    other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

5    and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

6    detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

7    to unfairly compete against competitors who comply with the law.

8        51.    All the acts described herein as violations of, among other things, the Industrial

9    Welfare Commission Wage Orders, the California Code of Regulations, and the California

10   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

11   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

12   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

13       52.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

14   to, and do, seek such relief as may be necessary to restore to them the money and property

15   which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the

16   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

17   unfair business practices, including earned but unpaid wages for all overtime worked.

18       53.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

19   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

20   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

21   engaging in any unlawful and unfair business practices in the future.

22       54.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain,

23   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

24   of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

25   As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and

26   the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

27   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

28                                           25
                      FIRST AMENDED CLASS ACTION COMPLAINT

1   engage in these unlawful and unfair business practices.

2

3                         **SECOND CAUSE OF ACTION**

4                    **For Failure To Pay Overtime Compensation**

5                    **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

6           **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

7                                 **Defendants)**

8           55.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

9   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

10  paragraphs of this Complaint.

11          56.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

12  CLASS bring a claim for DEFENDANT's willful and intentional violations of the California

13  Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure

14  to accurately calculate the applicable rates for all overtime worked by PLAINTIFFS and other

15  members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

16  compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

17  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in

18  any workweek.

19          57.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

20  public policy, an employer must timely pay its employees for all hours worked.

21          58.    Cal. Lab. Code § 510 further provides that employees in California shall not be

22  employed more than eight (8) hours per workday and/or more than forty (40) hours per

23  workweek unless they receive additional compensation beyond their regular wages in amounts

24  specified by law.

25          59.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

26  including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

27  Code § 1198 further states that the employment of an employee for longer hours than those

28  

                                          26

1    fixed by the Industrial Welfare Commission is unlawful.

2        60.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFFS and
3    the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct
4    amount of overtime worked.  As set forth herein, DEFENDANT's uniform policy and practice
5    was to unlawfully and intentionally deny timely payment of wages due for the overtime worked
6    by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, and
7    DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for
8    all overtime worked.

9        61.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,
10   without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a
11   result of implementing a uniform policy and practice that denied accurate compensation to
12   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for all
13   overtime worked, including, the work performed in excess of eight (8) hours in a workday
14   and/or forty (40) hours in any workweek.

15       62.    In committing these violations of the California Labor Code, DEFENDANT
16   inaccurately calculated the amount of overtime worked and the applicable overtime rates and
17   consequently underpaid the actual time worked by PLAINTIFFS and other members of the
18   CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the
19   payment of all earned wages, and other benefits in violation of the California Labor Code, the
20   Industrial Welfare Commission requirements and other applicable laws and regulations.

21       63.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,
22   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not
23   receive full compensation for all overtime worked.

24       64.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt
25   from the overtime requirements of the law.  None of these exemptions are applicable to
26   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,
27   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are not

28                                          27

1   subject to a valid collective bargaining agreement that would preclude the causes of action
2   contained herein this Complaint.  Rather, the PLAINTIFFS bring this Action on behalf of
3   themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations
4   of non-negotiable, non-waiveable rights provided by the State of California.

5        65.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and
6   the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked
7   that they were entitled to, constituting a failure to pay all earned wages.

8        66.   DEFENDANT failed to accurately pay PLAINTIFFS and the other members of
9   the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was
10  in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194
11  & 1198, even though PLAINTIFFS and the other members of the CALIFORNIA LABOR
12  SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT
13  failed to accurately record and pay using the applicable overtime rate as evidenced by
14  DEFENDANT's business records and witnessed by employees.

15       67.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned
16  compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-
17  CLASS for the true time they worked, PLAINTIFFS and the other members of the
18  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
19  injury in amounts which are presently unknown to them and which will be ascertained
20  according to proof at trial.

21       68.   DEFENDANT knew or should have known that PLAINTIFFS and the other
22  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime
23  worked. DEFENDANT systematically elected, either through intentional malfeasance or gross
24  nonfeasance, to not pay employees for their labor as a matter of uniform company policy,
25  practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to
26  pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the
27  applicable overtime rate.

28

<div align="center">28

FIRST AMENDED CLASS ACTION COMPLAINT</div>

69.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

70.     PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///
///
///
///
///
///
///

FIRST AMENDED CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

### For Failure to Provide Required Meal Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

71.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

72.     During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were often not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  As a result, PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

73.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

74.     As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Rest Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

75.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

76.     PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

77.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with

the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

78.     As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION
### For Failure to Provide Accurate Itemized Statements
### [Cal. Lab. Code § 226]
### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

79.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

80.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

FIRST AMENDED CLASS ACTION COMPLAINT

1    (6) the inclusive dates of the period for which the employee is paid,

2    (7) the name of the employee and his or her social security number, except that by

3    January 1, 2008, only the last four digits of his or her social security number or an

4    employee identification number other than a social security number may be shown on

5    the itemized statement,

6    (8) the name and address of the legal entity that is the employer, and

7    (9) all applicable hourly rates in effect during the pay period and the corresponding

8    number of hours worked at each hourly rate by the employee.

9         81.    When PLAINTIFFS and other CALIFORNIA CLASS Members worked unpaid

10   overtime and/or missed meal and rest breaks, DEFENDANT also failed to provide

11   PLAINTIFFS and the other members of  the CALIFORNIA CLASS with complete and

12   accurate wage statements which failed to show, among other things, the correct overtime rate

13   for overtime worked, including, work performed in excess of eight (8) hours in a workday

14   and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and

15   rest periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

16   employees with an accurate itemized wage statement in writing showing, among other things,

17   gross wages earned and all applicable hourly rates in effect during the pay period and the

18   corresponding amount of time worked at each hourly rate.  Aside, from the violations listed

19   above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage

20   statement that lists all the requirements under California Labor Code 226 *et seq.*  As a result,

21   from time to time DEFENDANT provided PLAINTIFFS and the other members of the

22   CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

23        82.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

24   Code § 226, causing injury and damages to the PLAINTIFFS and the other members of the

25   CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

26   expended calculating the correct rates for the overtime worked and the amount of employment

27   taxes which were not properly paid to state and federal tax authorities.  These damages are

28
FIRST AMENDED CLASS ACTION COMPLAINT

1  difficult to estimate.  Therefore, PLAINTIFFS and the other members of the CALIFORNIA

2  LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

3  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

4  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

5  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

6  PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS

7  herein).

8

9  **SIXTH CAUSE OF ACTION**

10  **For Failure to Pay Wages When Due**

11  **[ Cal. Lab. Code §§ 201, 202, 203]**

12  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

13  **Defendants)**

14  83.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

15  CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

16  paragraphs of this Complaint.

17  84.    Cal. Lab. Code § 200 provides that:

18  As used in this article:
   (a) "Wages" includes all amounts for labor performed by employees of every
19  description, whether the amount is fixed or ascertained by the standard of time,
   task, piece, Commission basis, or other method of calculation.
20  (b) "Labor" includes labor, work, or service whether rendered or performed under
   contract, subcontract, partnership, station plan, or other agreement if the labor to
21  be paid for is performed personally by the person demanding payment.

22  85.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

23  an employee, the wages earned and unpaid at the time of discharge are due and payable

24  immediately."

25  86.    Cal. Lab. Code § 202 provides, in relevant part, that:

26  If an employee not having a written contract for a definite period quits his or her
   employment, his or her wages shall become due and payable not later than 72
27  hours thereafter, unless the employee has given 72 hours previous notice of his
   or her intention to quit, in which case the employee is entitled to his or her wages

28                                                34

1    at the time of quitting. Notwithstanding any other provision of law, an employee
     who quits without providing a 72-hour notice shall be entitled to receive payment
2    by mail if he or she so requests and designates a mailing address. The date of the
     mailing shall constitute the date of payment for purposes of the requirement to
3    provide payment within 72 hours of the notice of quitting.

4        87.    There was no definite term in PLAINTIFFS' or any CALIFORNIA LABOR

5    SUB-CLASS Members' employment contract.

6        88.    Cal. Lab. Code § 203 provides:

7        If an employer willfully fails to pay, without abatement or reduction, in
         accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
8        who is discharged or who quits, the wages of the employee shall continue as a
         penalty from the due date thereof at the same rate until paid or until an action
9        therefor is commenced; but the wages shall not continue for more than 30 days.

10       89.    The employment of PLAINTIFFS and many CALIFORNIA LABOR SUB-

11   CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages,

12   to these employees who actually worked overtime, as required by law.

13       90.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the

14   members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFFS

15   demand up to thirty days of pay as penalty for not paying all wages due at time of termination

16   for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS

17   PERIOD, and demand an accounting and payment of all wages due, plus interest and statutory

18   costs as allowed by law.

19                          **SEVENTH CAUSE OF ACTION**

20                **For Violation of the Private Attorneys General Act**

21                      **[Cal. Lab. Code §§ 2698, *et seq.*]**

22                   **(By Plaintiffs and Against All Defendants)**

23       91.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-90,

24   supra, as though fully set forth at this point.

25       92.    PAGA is a mechanism by which the State of California itself can enforce state

26   labor laws through the employee suing under the PAGA who do so as the proxy or agent of the

27   state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is

28                                        35

1  fundamentally a law enforcement action designed to protect the public and not to benefit private

2  parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a

3  means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In

4  enacting PAGA, the California Legislature specified that "it was ... in the public interest to

5  allow aggrieved employees, acting as private attorneys general to recover civil penalties for

6  Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be

7  subject to arbitration.

8       93.   Plaintiffs, and such persons that may be added from time to time who satisfy the

9  requirements and exhaust the administrative procedures under the Private Attorney General Act,

10  bring this Representative Action on behalf of the State of California with respect to themselves

11  and all individuals who are or previously were employed by DEFENDANT as non-exempt

12  employees in California during the time period of March 6, 2017 until the present (the

13  "AGGRIEVED EMPLOYEES").

14       94.   On January 29, 2018, Plaintiffs gave written notice by electronic mail to the Labor

15  and Workforce Development Agency (the "Agency") and by certified mail to the employer of

16  the specific provisions of this code alleged to have been violated as required by Labor Code §

17  2699.3.  *See* Exhibit #1, attached hereto and incorporated by this reference herein.   The

18  statutory waiting period for PLAINTIFFS to add these allegations to the Complaint has expired.

19  As a result, pursuant to Section 2699.3, PLAINTIFFS may now commence a representative

20  civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with

21  respect to all AGGRIEVED EMPLOYEES as herein defined.

22       95.   The policies, acts and practices heretofore described were and are an unlawful

23  business act or practice because Defendant (a) failed to provide PLAINTIFFS and the other

24  AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime, (b) failed

25  to properly record and provide legally required meal and rest periods, (c) failed to provide

26  accurate itemized wage statements, and (d) failed to pay wages when due, all in violation of the

27  applicable Labor Code sections listed in Labor Code Sections §§ 201, 202, 203, 204, 226(a),

28

1    226.7, 510,  512, 558, 1194, 1198, and the applicable Industrial Wage Order(s), and thereby

2    gives rise to statutory penalties as a result of such conduct.  PLAINTIFFS hereby seek recovery

3    of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the

4    representatives of the State of California for the illegal conduct perpetrated on PLAINTIFFS

5    and the other AGGRIEVED EMPLOYEES.

6

7                                      **PRAYER FOR RELIEF**

8          WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and

9    severally, as follows:

10   1.     On behalf of the CALIFORNIA CLASS:

11          A)     That the Court certify the First Cause of Action asserted by the CALIFORNIA

12                 CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

13          B)     An order temporarily, preliminarily and permanently enjoining and restraining

14                 DEFENDANT from engaging in similar unlawful conduct as set forth herein;

15          C)     An order requiring DEFENDANT to pay all wages and all sums unlawfully

16                 withheld from compensation due to PLAINTIFFS and the other members of the

17                 CALIFORNIA CLASS; and,

18          D)     Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

19                 for restitution of the sums incidental to DEFENDANT's violations due to

20                 PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

21   2.     On behalf of the CALIFORNIA LABOR SUB-CLASS:

22          A)     That the Court certify the Second, Third, Fourth, Fifth and Sixth Causes of

23                 Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action

24                 pursuant to Cal. Code of Civ. Proc. § 382;

25          B)     Compensatory damages, according to proof at trial, including compensatory

26                 damages for overtime compensation due PLAINTIFFS and the other members

27                 of  the  CALIFORNIA  LABOR  SUB-CLASS,  during  the  applicable

28                                              37

1  CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

2  statutory rate;

3    C)   Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

4  the applicable IWC Wage Order;

5    D)   The greater of all actual damages or fifty dollars ($50) for the initial pay period

6  in which a violation occurs and one hundred dollars ($100) per each member of

7  the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

8  period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

9  an award of costs for violation of Cal. Lab. Code § 226; and,

10   E)   The wages of all terminated employees from the CALIFORNIA LABOR SUB-

11  CLASS as a penalty from the due date thereof at the same rate until paid or until

12  an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

13  3.   On behalf of the State of California and with respect to all AGGRIEVED

14  EMPLOYEES:

15   (A)   Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

16  General Act of 2004.

17  4.   On all claims:

18   A)   An award of interest, including prejudgment interest at the legal rate;

19   B)   Such other and further relief as the Court deems just and equitable; and,

20   C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

21  including, but not limited to, pursuant to Labor Code §218.5, §226, and/or §1194.

22

23  Dated:  April 9, 2018       BLUMENTHAL NORDREHAUG BHOWMIK
                                  DE BLOUW LLP

24

25                       By:

26                          Aparajit Bhowmik
                          Attorneys for Plaintiffs

27

28                         38

1

## **DEMAND FOR A JURY TRIAL**

2    PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4

Dated:   April 9, 2018                         BLUMENTHAL NORDREHAUG BHOWMIK
5                                                          DE BLOUW LLP

6

7

8                                           By:  _____
9                                                     Aparajit Bhowmik
                                                      Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              39
                            FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

FIRST AMENDED CLASS ACTION COMPLAINT

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
Web Site: www.bamlawca.com

*San Diego* | *San Francisco* | *Sacramento* | *Los Angeles* | *Riverside* | *Chicago*
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
1004

January 29, 2018
CA1514

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency
Online Filing

L'Oreal USA S/D, Inc.
Certified Mail # 70171450000202536847
CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 558, 1194, 1198, Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiffs Angela Conti and Justine Mora ("Plaintiffs"), and other aggrieved employees in a lawsuit against L'Oreal USA S/D, Inc. ("Defendant"). Plaintiff Conti was employed by Defendant in California from June of 2010 to December of 2017 as a nonexempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control, including overtime worked. Plaintiff Mora was employed by Defendant in California from July of 2015 to November of 2017 as a nonexempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control, including overtime worked. Defendant, however, unlawfully failed to record and pay Plaintiffs and other aggrieved employees for all of their time worked, including overtime wages, and for all of their missed meal and rest breaks. As a consequence of the aforementioned violations, Plaintiffs further contend that Defendant failed to provide accurate wage statements to them, and other aggrieved employees, in violation of California Labor Code section 226(a). Additionally, Plaintiffs contend that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiffs began and ended each shift and meal period. Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 558, 1194, 1198, Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint filed by Plaintiffs against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiffs, (iii) sets forth the

people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiffs, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiffs therefore incorporate the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiffs to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Restations Accounting unit with an identification of the Plaintiffs, the Defendant and the notice. The pending lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiffs and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

Z:\D\Dropbox (NBB)\Pending Litigation\L'Oreal- Conti\l-paga-01.wpd

1  ANGELA J. RAFOTH, Bar No. 241966
   LITTLER MENDELSON, P.C.
2  333 Bush Street, 34th Floor
   San Francisco, CA 94104
3  Telephone:    415.433.1940
   Email: ARafoth@littler.com
4
   IRENE V. FITZGERALD, Bar No. 266949
5  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
6  Fresno, CA 93704.2225
   Telephone:    559.244.7500
7  Email: Ifitzgerald@littler.com

8

9  Attorneys for Defendant, L'OREAL USA S/D, INC.

E-FILED

5/15/2018 2:53 PM

FRESNO COUNTY SUPERIOR COURT
By: A. Ramos, Deputy

10              SUPERIOR COURT OF CALIFORNIA

11                   COUNTY OF FRESNO

12

13  ANGELA CONTI and JUSTINE MORA,      Case No. 18CECG00816
    individuals, on behalf of themselves, and
    on behalf of all persons similarly situated,   DEFENDANT L'OREAL USA S/D, INC.'S
14                                          ANSWER TO FIRST AMENDED CLASS
              Plaintiffs,                    ACTION COMPLAINT
15
         v.                                 ASSIGNED FOR ALL PURPOSES TO JUDGE
16                                          JEFFREY HAMILTON
    L'OREAL USA S/D, INC., a Corporation;
17  and DOES 1 through 50, inclusive,       First Amended Complaint filed: April 9, 2018
                                            Trial Date: TBD
18            Defendant.

19          Defendant L'OREAL USA S/D, INC. ("L'OREAL") hereby answers the unverified

20  First Amended Class Action Complaint ("FAC") filed by Plaintiffs ANGELA CONTI and JUSTINE

21  MORA ("Plaintiffs") on behalf of themselves and all others similarly situated in the above-

22  referenced action.

23                          GENERAL DENIAL

24          Pursuant to the provisions of the California Code of Civil Procedure section

25  431.30(d), L'OREAL denies generally and specifically each and every allegation contained in the

26  FAC. In addition, L'OREAL denies Plaintiffs have sustained, or will sustain, any loss or damages in

27  the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct

28

LITTLER MENDELSON, P C
333 Bush Street
34th Floor
San Francisco CA 94104
415 433 1940

Case No.: 18CECG00816

GENERAL DENIAL & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 1ST AMDED CLASS ACTION COMPLAINT

1  or absence thereof on the part of L'OREAL. L'OREAL further denies that any of the claims asserted
2  by Plaintiffs is suitable for class, collective, or representative treatment or adjudication.

### AFFIRMATIVE AND OTHER DEFENSES

4      L'OREAL asserts the following affirmative and other defenses, which it designates,
5  collectively, as "affirmative defenses." L'OREAL's designation of its defenses as "affirmative" is
6  not intended in any way to alter Plaintiffs' burden of proof with regard to any element of their causes
7  of action. L'OREAL also expressly denies the existence of any alleged putative class of persons or
8  "aggrieved employees" that Plaintiffs purport to represent in this lawsuit. L'OREAL incorporates
9  (as if fully set forth therein) this express denial each and every time it references "Plaintiffs."

### FIRST AFFIRMATIVE DEFENSE
(General Denial)

12     L'OREAL alleges that Plaintiffs' FAC, and every alleged cause of action therein, fails
13 to state a claim sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

16     L'OREAL alleges that Plaintiffs' FAC, and every cause of action therein, is barred by
17 the applicable statutes of limitations set forth in Code of Civil Procedure sections 338 and 340(a),
18 Labor Code section 203, Business and Professions Code section 17208, and/or any other applicable
19 statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
(PAGA – No Standing)

22     L'OREAL alleges that Plaintiffs lack standing to bring claims for any civil penalties
23 on behalf of others because they are not an "aggrieved employee" pursuant to the Labor Code
24 Private Attorneys General Act of 2004 ("PAGA"), Labor Code section 2698 et seq.

25 ///
26 ///
27 ///
28 ///

## FOURTH AFFIRMATIVE DEFENSE
### (PAGA – Failure To Exhaust)

L'OREAL alleges that Plaintiffs failed to exhaust all internal grievance procedures and administrative remedies and failed to timely provide the Labor Workforce Development Agency ("LWDA") and Defendant with proper notification of the claims and/or to adequately describe their claims or the "aggrieved employees" on whose behalf they intend to seek penalties, pursuant to the PAGA.

## FIFTH AFFIRMATIVE DEFENSE
### (PAGA – Failure To Identify)

L'OREAL alleges that Plaintiffs have failed to adequately identify any other allegedly "aggrieved employees," as required by the PAGA.

## SIXTH AFFIRMATIVE DEFENSE
### (PAGA – Determination Of Penalties)

L'OREAL alleges that civil penalties that Plaintiffs seek pursuant to the PAGA cannot be determined on a class-wide or representative basis.

## SEVENTH AFFIRMATIVE DEFENSE
### (PAGA – Determination Of Penalties)

L'OREAL alleges that any penalties awarded against it pursuant to the PAGA would be unjust, arbitrary, oppressive or confiscatory.

## EIGHTH AFFIRMATIVE DEFENSE
### (PAGA – No Statutory Penalties)

L'OREAL alleges that Plaintiffs cannot recover statutory penalties on behalf of other "aggrieved employees" pursuant to the PAGA.

## NINTH AFFIRMATIVE DEFENSE
### (PAGA – Constitutionality)

L'OREAL alleges that the imposition of civil penalties pursuant to the PAGA is unconstitutional under the California and United States constitutions.

///

LITTLER MENDELSON P C
333 Bush Street
34th Floor
San Francisco CA 94104
415 433 1940

Case No.: 18CECG00816                    3.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 1ST AMDED CLASS ACTION COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**
(Labor Code §226(a) – No Violation)

L'OREAL alleges that it has provided compliant wage statements because they show all of the categories of information required by Labor Code section 226(a).

**ELEVENTH AFFIRMATIVE DEFENSE**
(Labor Code §226(e) – No Injury)

L'OREAL alleges that, even assuming arguendo Plaintiffs were not provided with a compliant wage statement, Plaintiffs are not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), they did not suffer any injuries as a result.

**TWELFTH AFFIRMATIVE DEFENSE**
(Labor Code §226(e) – No Intentionality)

L'OREAL alleges that, even assuming arguendo Plaintiffs were not provided with a compliant wage statement, Plaintiffs are not entitled to recover any damages or penalties because L'OREAL's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional" under California Labor Code section 226(e).

**THIRTEENTH AFFIRMATIVE DEFENSE**
(CCP § 382 – Class Action Requirements)

L'OREAL alleges that this suit may not be properly maintained as a class action because: (a) Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements for class treatment; (b) the number of putative class members is too small to meet the numerosity requirement for a class action; (c) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the FAC; (d) common issues of facts or law do not predominate and, to the contrary, individual issues predominate; (e) Plaintiffs' claims are not representative or typical of the claims of the putative class; (f) Plaintiffs are not a proper class representative; (g) the named Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; and/or (h) Plaintiffs cannot satisfy any of the requirements for class action treatment set forth in California Code of Civil Procedure section 382 or Federal Rule of Civil Procedure 23.  If the Court certifies a class in this case over L'OREAL's

LITTLER MENDELSON, P C
333 Bush Street
34th Floor
San Francisco CA  94104
415 433 1940

Case No.: 18CECG00816                                4.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 1ST AMDED CLASS ACTION COMPLAINT

1  objections, then L'OREAL asserts the additional defenses set forth herein against each and every
2  member of the certified class.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Equitable Defenses)

5  L'OREAL alleges that Plaintiffs' FAC, and every alleged cause of action therein, is
6  barred in whole or in part to the extent it is subject to the equitable doctrines, of laches, unclean
7  hands, waiver, and estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Claims Subject To Arbitration)

10  L'OREAL alleges that the Court lacks jurisdiction over the claims alleged in
11  Plaintiffs' FAC to the extent that Plaintiffs, and/or some or all of those they purport to represent, are
12  subject to a valid and enforceable arbitration agreement requiring the arbitration of those
13  individual's claims.

### SIXTEENTH AFFIRMATIVE DEFENSE
(No Class Arbitration Claims)

16  L'OREAL alleges that the class and representative allegations of the FAC are barred
17  because Plaintiffs, and/or some or all of those they purport to represent, and L'OREAL agreed to
18  submit only individual disputes to arbitration.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Satisfaction of Obligations)

21  L'OREAL alleges that Plaintiffs' FAC, and every alleged cause of action therein, is
22  barred because, to the extent L'OREAL owed any duties or obligations to Plaintiffs, such duties or
23  obligations have been fully performed, satisfied or discharged.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Injury Caused by Plaintiff)

26  L'OREAL alleges that Plaintiffs' FAC, and every alleged cause of action therein,
27  cannot be maintained against L'OREAL because any alleged losses or harms sustained by Plaintiffs
28  resulted from causes other than any act or omission of any L'OREAL.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 18CECG00816                                    5.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 1ST AMDED CLASS ACTION COMPLAINT

### NINETEENTH AFFIRMATIVE DEFENSE
(No Equitable Relief)

L'OREAL alleges that Plaintiffs' FAC, and each and every cause of action alleged therein, is barred to the extent Plaintiffs seek equitable relief because there is an adequate remedy at law.

### TWENTIETH AFFIRMATIVE DEFENSE
(Voluntary Waiver)

Defendant alleges that, to the extent that Plaintiffs, and/or some or all of the employees Plaintiffs purport to represent, did not take a meal period or rest break, it was because he/she: (1) failed to take breaks that were provided to him/her in compliance with California law; (2) chose not to take breaks that were authorized and permitted; or (3) waived his/her right to meal periods and/or rest breaks.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Bona Fide Dispute)

Defendant alleges that the Complaint fails to state a claim for penalties under the California Labor Code in that (1) there was a bona fide, good faith dispute as to Defendant's obligations under any applicable Labor Code provisions, including, without limitation, Labor Code section 203, and (2) Defendant did not willfully violate Labor Code section 203.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Offset To Injury)

L'OREAL alleges that any recovery by Plaintiffs under any of the causes of action alleged in the FAC must be offset by any benefits and/or other monies they, and those they seek to represent, have received from L'OREAL.

///

///

///

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case No.: 18CECG00816

6.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 1ST AMDED CLASS ACTION COMPLAINT

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

L'OREAL presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

PRAYER FOR RELIEF

WHEREFORE, L'OREAL prays for relief as follows:

1.     That Plaintiffs take nothing and that the FAC be dismissed in its entirety with prejudice;

2.     That judgment be entered in L'OREAL's favor;

3.     That L'OREAL be awarded such other and further relief as the Court deems just and proper.

Dated:      May _14_, 2018


ANGELA J. RAFOTH
IRENE V. FITZGERALD
LITTLER MENDELSON, P.C.
Attorneys for Defendant

Firmwide:154390893.2 054993.1110

LITTLER MENDELSON P.C.
332 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case No.: 18CECG00816                                     7.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 1ST AMDED CLASS ACTION COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On May 14, 2018, I served the within document(s):

**DEFENDANT L'OREAL USA S/D, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

   ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Fresno, California.**

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244.7500

PROOF OF SERVICE

1   ☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

2

3

4   ☐   **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

5

6

7   Norman B. Blumenthal, Esq.                    Counsel for Plaintiffs
    Kyle R. Nordrehaug, Esq.

8   Aparajit Bhowmik, Esq.
    2255 Calle Clara

9   La Jolla, CA  92037
    Tel: 858.551.1223

10  Fax: 858.551.1232
    Email: norm@bamlawca.com

11  Email: kyle@bamlawca.com

12  Email: aj@bamlawlj.com

13      I am readily familiar with the firm's practice of collection and processing

14  correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

15  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

16      I declare under penalty of perjury under the laws of the State of California that the

17  above is true and correct.  Executed on May 14, 2018, at Fresno, California.

18

19                                          Jennifer A. Drudge

20  Firmwide:154672767.1 054993.1110

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

                              2.

                        PROOF OF SERVICE

EXHIBIT "B"

1   **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
    Norman B. Blumenthal (State Bar #068687)
2   norm@bamlawca.com
    Kyle R. Nordrehaug (State Bar #205975)
3   kyle@bamlawca.com
    Aparajit Bhowmik (State Bar #248066)
4   aj@bamlawca.com
    2255 Calle Clara
5   La Jolla, CA 92037
    Telephone: (858) 551-1223
6   Facsimile: (858) 551-1232

7   Attorneys for Plaintiffs

FILED

APR 1 2 2019

FRESNO COUNTY SUPERIOR COURT
By _____
                    DEPT. 501

RECEIVED
4/4/2019 11:04 AM
FRESNO COUNTY SUPERIOR COURT
By: C. York, Deputy

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **IN AND FOR THE COUNTY OF FRESNO**

10

11  ANGELA CONTI and JUSTINE MORA,        Case No. <u>18CECG00816</u>
    individuals, on behalf of themselves, and
12  on behalf of all persons similarly situated,   **STIPULATION AND [PROPOSED] ORDER
                                                   FOR LEAVE FOR PLAINTIFFS TO FILE A**
13              Plaintiffs,                        **SECOND AMENDED CLASS ACTION
                                                   COMPLAINT**
14  vs.

15  L'OREAL USA S/D, INC., a Corporation;   Judge:              Hon. Jeffrey Hamilton
    and Does 1 through 50, Inclusive,        Dept.               402
16                                           Trial Date:         TBD
                                             Date Action Filed:  March 6, 2018
17              Defendants.

18

19

20

21

22

23

24

25

26

27

28
    ————————————————————————————————————————————
    STIPULATION FOR LEAVE FOR PLAINTIFFS TO FILE
    SECOND AMENDED CLASS ACTION COMPLAINT
                        Case No. <u>18CECG00816</u>

1        Plaintiffs ANGELA CONTI and JUSTINE MORA ("Plaintiffs") and Defendant L'OREAL

2   USA S/D, INC. ("Defendant"), by and through their respective counsel, hereby stipulate as follows:

3        WHEREAS, Plaintiffs seek to file a Second Amended Class Action Complaint, a

4   copy of which is attached hereto as Exhibit #1;

5        WHEREAS Defendant will stipulate to allow Plaintiffs to file the proposed Second Amended

6   Class Action Complaint attached hereto as Exhibit #1;

7        NOW, THEREFORE, the parties hereby stipulate and agree as follows:

8        Upon the Court's execution of this Order, Plaintiffs may have leave to file the Second

9   Amended Class Action Complaint, a copy of which is attached as Exhibit #1, and Defendant shall

10  have thirty (30) days to respond after service of the Second Amended Class Action Complaint.

11          **IT IS SO STIPULATED.**

12

13  Dated: April 4, 2019

14                      Angela J. Rafoth
                        Irene V. Fitzgerald

15                      LITTLER MENDELSON P.C.
                        Attorneys for Defendant L'OREAL USA S/D,

16                      INC.

17

18  Dated: April 4, 2019

19                      Norman B. Blumenthal

20                      Kyle R. Nordrehaug
                        Aparajit Bhowmik

21                      Ricardo R. Ehmann

22                      BLUMENTHAL NORDREHAUG
                        BHOWMIK DE BLOUW LLP

23                      Attorneys for Plaintiffs ANGELA CONTI and
                        JUSTINE MORA

24       **IT IS SO ORDERED.**

25  DATED: 4/12/19

26                      The Honorable Jeffrey Hamilton

27                      Judge of the Superior Court of California
                        County of Fresno

28
Blumenthal
Nordrehaug
Bhowmik
De Blouw

STIPULATION FOR LEAVE FOR PLAINTIFFS TO FILE
SECOND AMENDED CLASS ACTION COMPLAINT
Case No. 18CECG00816

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# EXHIBIT 1

23
24
25
26
27
28

STIPULATION FOR LEAVE FOR PLAINTIFFS TO FILE
SECOND AMENDED CLASS ACTION COMPLAINT
Case No. 18CECG00816

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
      Norman B. Blumenthal (State Bar #068687)
2     Kyle R. Nordrehaug (State Bar #205975)
      Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiffs

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                **IN AND FOR THE COUNTY OF FRESNO**

9

10 ANGELA CONTI and JUSTINE MORA,          Case No. **18CECG00816**
   individuals, on behalf of themselves, and on
11 behalf of all persons similarly situated,  **SECOND AMENDED CLASS ACTION**
                                            **COMPLAINT FOR:**
12              Plaintiffs,
                                            1. UNFAIR COMPETITION IN
13 vs.                                      VIOLATION OF CAL. BUS. & PROF.
                                            CODE §§ 17200, *et seq.*;
14 L'OREAL USA S/D, INC., a Corporation;    2. FAILURE TO PAY OVERTIME WAGES
   and Does 1 through 50, Inclusive,        IN VIOLATION OF CAL. LAB. CODE §§
15                                          510, *et seq.*;
                Defendants.                 3. FAILURE TO PROVIDE REQUIRED
16                                          MEAL PERIODS IN VIOLATION OF CAL.
                                            LAB. CODE §§ 226.7 & 512 AND THE
17                                          APPLICABLE IWC WAGE ORDER
                                            4. FAILURE TO PROVIDE REQUIRED
18                                          REST PERIODS IN VIOLATION OF CAL.
                                            LAB. CODE §§ 226.7 & 512 AND THE
19                                          APPLICABLE IWC WAGE ORDER;
                                            5. FAILURE TO PROVIDE ACCURATE
20                                          ITEMIZED STATEMENTS IN
                                            VIOLATION OF CAL. LAB. CODE § 226;
21                                          6. FAILURE TO PROVIDE WAGES
                                            WHEN DUE IN VIOLATION OF CAL.
22                                          LAB. CODE §§ 201, 202 AND 203;
                                            7. VIOLATION OF THE PRIVATE
23                                          ATTORNEYS GENERAL ACT [LABOR
                                            CODE §§ 2698, *et seq.*]; and,
24                                          8. FAILURE TO PAY OVERTIME
                                            COMPENSATION IN VIOLATION OF 29
25                                          U.S.C. §§ 201, *et seq.*

26                                          **DEMAND FOR A JURY TRIAL**

27

28                              1
                 SECOND AMENDED CLASS ACTION COMPLAINT

1  Plaintiffs Angela Conti and Justine Mora ("PLAINTIFFS"), individuals, on behalf of

2  themselves and all other similarly situated current and former employees, allege on information

3  and belief, except for their own acts and knowledge which are based on personal knowledge,

4  the following:

5

6                                      **THE PARTIES**

7      1.      Defendant L'Oreal USA S/D, Inc. ("DEFENDANT") is a Corporation and at all

8  relevant times mentioned herein conducted and continues to conduct substantial and regular

9  business throughout California.

10     2.      DEFENDANT was founded in 1999. DEFENDANT's line of business includes

11 the retail sale of specialized lines of merchandise.

12     3.      Plaintiff Conti was employed by DEFENDANT in California as a non-exempt

13 employee entitled to overtime pay and meal and rest periods from June of 2010 to December

14 8, 2017.

15     4.      Plaintiff Mora was employed by DEFENDANT in California as a non-exempt

16 employee entitled to overtime pay and meal and rest periods from July of 2015 to November

17 of 2017.

18     5.      PLAINTIFFS bring this Class Action on behalf of themselves and a California

19 class, defined as all individuals who are or previously were employed by Defendant L'Oreal

20 USA S/D, Inc. who worked in California, were classified as non-exempt, and who separated

21 from their employment between March 6, 2014 and February 20, 2018 (the "CALIFORNIA

22 CLASS PERIOD").

23     6.      PLAINTIFFS bring this Class Action on behalf of themselves and a

24 CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses

25 incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy

26 and practice which failed to lawfully compensate these employees for all their overtime worked.

27 DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive

28

1  business practice whereby DEFENDANT retained and continues to retain wages due
2  PLAINTIFFS and the other members of the CALIFORNIA CLASS.  PLAINTIFFS and the
3  other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
4  DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the
5  CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and
6  current unlawful conduct, and all other appropriate legal and equitable relief.

7       7.    The true names and capacities, whether individual, corporate, subsidiary,
8  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
9  unknown to PLAINTIFFS who therefore sues these Defendants by such fictitious names
10  pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFFS will seek leave to amend this Complaint
11  to allege the true names and capacities of Does 1 through 50, inclusive, when they are
12  ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief
13  allege, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive,
14  are responsible in some manner for one or more of the events and happenings that proximately
15  caused the injuries and damages hereinafter alleged.

16      8.    The agents, servants and/or employees of the Defendants and each of them acting
17  on behalf of the Defendants acted within the course and scope of his, her or its authority as the
18  agent, servant and/or employee of the Defendants, and personally participated in the conduct
19  alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
20  Consequently, the acts of each Defendant are legally attributable to the other Defendants and
21  all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the
22  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
23  Defendants' agents, servants and/or employees.

24

25                              **THE CONDUCT**

26      9.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is
27  required to pay PLAINTIFFS and CALIFORNIA CLASS Members for all time worked,
28

                                    3

1   meaning the time during which an employee is subject to the control of an employer, including
2   all the time the employee is suffered or permitted to work.   DEFENDANT required
3   PLAINTIFFS and CALIFORNIA CLASS Members to work off the clock without paying them
4   for all the time they were under DEFENDANT's control.  PLAINTIFFS and CALIFORNIA
5   CLASS Members would clock out of DEFENDANT's timekeeping system, in order to perform
6   additional work for DEFENDANT as required to meet DEFENDANT's job requirements.
7   Specifically, During the CALIFORNIA CLASS PERIOD, DEFENDANT engaged in the
8   uniform and systematic practice of requiring PLAINTIFFS and CALIFORNIA CLASS
9   Members to perform work off the clock after clocking out in that DEFENDANT, as a condition
10   of employment, required these employees to wait for and submit to loss prevention inspections
11   after clocking out for meal breaks and at the end of each scheduled shift for which
12   DEFENDANT did not provide compensation for time spent awaiting and performing the loss
13   prevention inspections off the clock.  As a result, PLAINTIFFS and other CALIFORNIA
14   CLASS Members forfeited overtime wages by working without their time being correctly
15   recorded and without compensation at the applicable overtime rates. DEFENDANT's uniform
16   policy and practice not to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all
17   overtime worked, is evidenced by DEFENDANT's business records.

18         10.   In violation of the applicable sections of the California Labor Code and the
19   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as
20   a matter of company policy, practice and procedure, intentionally and knowingly failed to
21   compensate PLAINTIFFS and the other members of the CALIFORNIA CLASS at the correct
22   rate of pay for all overtime worked.  This uniform policy and practice of DEFENDANT is
23   intended to purposefully avoid the payment of the correct overtime compensation as required
24   by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage
25   over competitors who complied with the law.  To the extent equitable tolling operates to toll
26   claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS
27   PERIOD should be adjusted accordingly.

28

SECOND AMENDED CLASS ACTION COMPLAINT

1          11.   As a result of their rigorous work schedules, PLAINTIFFS and other

2   CALIFORNIA CLASS Members were also from time to time unable to take off duty meal

3   breaks and were not fully relieved of duty for meal periods.  PLAINTIFFS and other

4   CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT

5   for more than five (5) hours during a shift without receiving an off-duty meal break.  Further,

6   DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS Members with a

7   second off-duty meal period each workday in which these employees were required by

8   DEFENDANT to work ten (10) hours of work. PLAINTIFFS and the other CALIFORNIA

9   CLASS Members therefore forfeited meal breaks without additional compensation and in

10   accordance with DEFENDANT's strict corporate policy and practice.

11          12.   During the CALIFORNIA CLASS PERIOD, from time to time, PLAINTIFFS

12   and other CALIFORNIA CLASS Members were also required to work in excess of four (4)

13   hours without being provided ten (10) minute rest periods.  Further, these employees were

14   denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two

15   (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts

16   worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least

17   ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFFS and other

18   CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.

19   As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS

20   Members were periodically denied their proper rest periods by DEFENDANT and

21   DEFENDANT's managers.

22          13.   When PLAINTIFFS and other CALIFORNIA CLASS Members worked off the

23   clock overtime and/or missed meal and rest breaks, DEFENDANT also failed to provide

24   PLAINTIFFS and the other members of  the CALIFORNIA CLASS with complete and

25   accurate wage statements which failed to show, among other things, the correct overtime rate

26   for overtime worked, including, work performed in excess of eight (8) hours in a workday

27   and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and

28

1   rest periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her
2   employees with an accurate itemized wage statement in writing showing, among other things,
3   gross wages earned and all applicable hourly rates in effect during the pay period and the
4   corresponding amount of time worked at each hourly rate.  Aside, from the violations listed
5   above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage
6   statement that lists all the requirements under California Labor Code 226 *et seq*.  As a result,
7   from time to time DEFENDANT provided PLAINTIFFS and the other members of the
8   CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

9       14.   By reason of this uniform conduct applicable to PLAINTIFFS and all
10  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in
11  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.
12  (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately
13  calculate and record the correct overtime rate for the overtime worked by PLAINTIFFS and
14  other CALIFORNIA CLASS Members.  The proper calculation of these employees' overtime
15  hour rates is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard
16  of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all
17  required overtime compensation for work performed by the members of the CALIFORNIA
18  CLASS and violated the California Labor Code and regulations promulgated thereunder as
19  herein alleged.

20      15.   Specifically as to PLAINTIFFS, they were from time to time unable to take off
21  duty meal and rest breaks and were not fully relieved of duty for their meal and rest periods and
22  were not paid all overtime wages due to them as a result of DEFENDANT's policy that required
23  them to work off the clock.  PLAINTIFFS were required to perform work as ordered by
24  DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal
25  break.  Further, DEFENDANT failed to provide PLAINTIFFS with a second off-duty meal
26  period each workday in which they were required by DEFENDANT to work ten (10) hours of
27  work.  PLAINTIFFS therefore forfeited meal and rest breaks without additional compensation
28

SECOND AMENDED CLASS ACTION COMPLAINT

1  and in accordance with DEFENDANT's strict corporate policy and practice.   DEFENDANT

2  also provided PLAINTIFFS with a pay stub that failed to accurately display PLAINTIFFS'

3  correct rates of overtime pay and payments for missed meal and rest periods for certain pay

4  periods in violation of Cal. Lab. Code § 226(a).   To date, DEFENDANT has not fully paid

5  PLAINTIFFS the overtime compensation still owed to them or any penalty wages owed to them

6  under Cal. Lab. Code § 203.   The amount in controversy for PLAINTIFFS individually does

7  not exceed the sum or value of $75,000.

8

9                                  **JURISDICTION AND VENUE**

10        16.     This Court has jurisdiction over this Action pursuant to California Code of Civil

11  Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This

12  action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees

13  of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

14        17.     Venue is proper in this Court pursuant to California Code of Civil Procedure,

15  Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times

16  maintained offices and facilities in this County and/or conducts substantial business in this

17  County, and (ii) committed the wrongful conduct herein alleged in this County against members

18  of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

19

20                                  **THE CALIFORNIA CLASS**

21        18.     PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive

22  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

23  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

24  all individuals who are or previously were employed by Defendant L'Oreal USA S/D, Inc. who

25  worked in California, were classified as non-exempt, and who separated from their employment

26  between March 6, 2014 and February 20, 2018 (the "CALIFORNIA CLASS PERIOD").

27        19.     To the extent equitable tolling operates to toll claims by the CALIFORNIA

28

                                              7

1   CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted
    accordingly.

2        20.    The California Legislature has commanded that "all wages... ...earned by any

3   person in any employment are due and payable twice during each calendar month, on days

4   designated in advance by the employer as the regular paydays", and further that "[a]ny work

5   in excess of eight hours in one workday and any work in excess of 40 hours in any one

6   workweek . . . shall be compensated at the rate of no less than one and one-half times the

7   regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare

8   Commission (IWC), however, is statutorily authorized to "establish exemptions from the

9   requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

10  professional employees, provided [inter alia] that the employee is primarily engaged in duties

11  that meet the test of the exemption, [and] customarily and regularly exercises discretion and

12  independent judgment in performing those duties..." (Lab. Code § 510(a).)  Neither the

13  PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA

14  LABOR SUB-CLASS qualify for exemption from the above requirements.

15       21.    DEFENDANT, as a matter of company policy, practice and procedure, and in

16  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

17  requirements, and the applicable provisions of California law, intentionally, knowingly, and

18  wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly

19  calculate and record overtime compensation for overtime worked by PLAINTIFFS and the

20  other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit

21  of this work, required employees to perform this work and permitted or suffered to permit this

22  overtime work.

23       22.    DEFENDANT has the legal burden to establish that each and every

24  CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked.

25  DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to

26  have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy

27  or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable

28

                                              8

1    overtime rate for all overtime worked, so as to satisfy their burden. This common business
2    practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on
3    a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code
4    §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this
5    claim.

6        23.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for
7    any member of the CALIFORNIA CLASS properly recalculated so as to compensate the
8    employee for all overtime worked at the applicable rate, as required by California Labor Code
9    §§ 204 and 510, *et seq.* At no time during the CALIFORNIA CLASS PERIOD was the
10   overtime compensation for any member of the CALIFORNIA CLASS properly recalculated
11   so as to include all earnings in the overtime compensation calculation as required by California
12   Labor Code §§ 510, *et seq.*

13       24.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA
14   CLASS Members is impracticable.

15       25.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under
16   California law by:

17               (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code
18                         §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in
19                         place company policies, practices and procedures that failed to pay all
20                         wages due the CALIFORNIA CLASS for all overtime worked, and failed
21                         to accurately record the applicable rates of all overtime worked by the
22                         CALIFORNIA CLASS;

23               (b)    Committing an act of unfair competition in violation of the California
24                         Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
25                         unlawfully, unfairly, and/or deceptively having in place a company policy,
26                         practice and procedure that failed to correctly calculate overtime
27                         compensation due to PLAINTIFFS and the members of the
28

9

1    CALIFORNIA CLASS; and,

2    (c)    Committing an act of unfair competition in violation of the California

3    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

4    failing to provide mandatory meal and/or rest breaks to PLAINTIFFS and

5    the CALIFORNIA CLASS members.

6    (d)    Committing an act of unfair competition in violation of the California

7    Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

8    violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

9    *seq.*, by failing to pay the correct overtime wages to the PLAINTIFF and

10    the members of the CALIFORNIA CLASS as legally required by the

11    FLSA, and retaining the unpaid overtime to the benefit of DEFENDANT.

12    26.    This Class Action meets the statutory prerequisites for the maintenance of a Class

13    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

14    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

15    that the joinder of all such persons is impracticable and the disposition of

16    their claims as a class will benefit the parties and the Court;

17    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

18    that are raised in this Complaint are common to the CALIFORNIA

19    CLASS will apply uniformly to every member of the CALIFORNIA

20    CLASS;

21    (c)    The claims of the representative PLAINTIFFS are typical of the claims of

22    each member of the CALIFORNIA CLASS.  PLAINTIFFS, like all the

23    other members of the CALIFORNIA CLASS, were subjected to the

24    uniform employment practices of DEFENDANT and were non-exempt

25    employees paid on an hourly basis who were subjected to

26    DEFENDANT's practice and policy which failed to pay the correct rate

27    of overtime wages due to the CALIFORNIA CLASS for all overtime

28

10

1    worked by the CALIFORNIA CLASS and thereby systematically
2    underpays overtime compensation to the CALIFORNIA CLASS.
3    PLAINTIFFS sustained economic injury as a result of DEFENDANT's
4    employment practices.   PLAINTIFFS and the members of the
5    CALIFORNIA CLASS were and are similarly or identically harmed by
6    the same unlawful, deceptive, unfair and pervasive pattern of misconduct
7    engaged in by DEFENDANT; and,

8    (d)    The representative PLAINTIFFS will fairly and adequately represent and
9    protect the interest of the CALIFORNIA CLASS, and has retained
10   counsel who are competent and experienced in Class Action litigation.
11   There are no material conflicts between the claims of the representative
12   PLAINTIFFS and the members of the CALIFORNIA CLASS that would
13   make class certification inappropriate.   Counsel for the CALIFORNIA
14   CLASS will vigorously assert the claims of all CALIFORNIA CLASS
15   Members.

16   27.    In addition to meeting the statutory prerequisites to a Class Action, this action
17   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

18   (a)    Without class certification and determination of declaratory, injunctive,
19   statutory and other legal questions within the class format, prosecution of
20   separate actions by individual members of the CALIFORNIA CLASS will
21   create the risk of:

22   1)    Inconsistent or varying adjudications with respect to individual
23   members of the CALIFORNIA CLASS which would establish
24   incompatible standards of conduct for the parties opposing the
25   CALIFORNIA CLASS; and/or,

26   2)    Adjudication with respect to individual members of the
27   CALIFORNIA CLASS which would as a practical matter be

28

SECOND AMENDED CLASS ACTION COMPLAINT

dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)  The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

    1)  With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)  Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)  The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses

12

sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

28.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief

14

1 | appropriate with respect to the CALIFORNIA CLASS as a whole;

2 | (h) | The members of the CALIFORNIA CLASS are readily ascertainable from
3 | | the business records of DEFENDANT; and,

4 | (i) | Class treatment provides manageable judicial treatment calculated to bring
5 | | a efficient and rapid conclusion to all litigation of all wage and hour
6 | | related claims arising out of the conduct of DEFENDANT as to the
7 | | members of the CALIFORNIA CLASS.

8 | 29. | DEFENDANT maintains records from which the Court can ascertain and identify
9 by job title each of DEFENDANT's employees who as have been systematically, intentionally
10 and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein
11 alleged. PLAINTIFFS will seek leave to amend the Complaint to include any additional job
12 titles of similarly situated employees when they have been identified.

13

14 | **THE CALIFORNIA LABOR SUB-CLASS**

15 | 30. | PLAINTIFFS further bring the Second, Third, Fourth, Fifth and Sixth causes of
16 Action on behalf of a California sub-class, defined as all individuals who are or previously were
17 employed by DEFENDANT in California and classified as non-exempt employees (the
18 "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to
19 the filing of the complaint and ending on the date as determined by the Court (the
20 "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

21 | 31. | DEFENDANT, as a matter of company policy, practice and procedure, and in
22 violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order
23 requirements, and the applicable provisions of California law, intentionally, knowingly, and
24 wilfully, engaged in a practice whereby DEFENDANT failed to provide off duty meal and rest
25 periods to PLAINTIFFS and CALIFORNIA CLASS Members and failed to correctly calculate
26 overtime compensation for the overtime worked by PLAINTIFFS and the other members of the
27 CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

28

15

1 | work, required employees to perform this work and permitted or suffered to permit this

2 | overtime work.  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-

3 | CLASS Members overtime wages at the correct amount to which these employees are entitled

4 | in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling

5 | operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

6 | CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

7 |      32.    DEFENDANT maintains records from which the Court can ascertain and identify

8 | by name and job title, each of DEFENDANT's employees who have been systematically,

9 | intentionally and uniformly subjected to DEFENDANT's company policy, practices and

10 | procedures as herein alleged.  PLAINTIFFS will seek leave to amend the complaint to include

11 | any additional job titles of similarly situated employees when they have been identified.

12 |      33.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

13 | CALIFORNIA LABOR SUB-CLASS Members is impracticable.

14 |      34.    Common questions of law and fact exist as to members of the CALIFORNIA

15 | LABOR SUB-CLASS, including, but not limited, to the following:

16 |           (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

17 |                 overtime compensation to members of the CALIFORNIA LABOR SUB-

18 |                 CLASS in violation of the California Labor Code and California

19 |                 regulations and the applicable California Wage Order;

20 |           (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

21 |                 entitled to overtime compensation for overtime worked under the overtime

22 |                 pay requirements of California law;

23 |           (c)    Whether DEFENDANT failed to accurately record the applicable

24 |                 overtime rates for all overtime worked PLAINTIFFS and the other

25 |                 members of the CALIFORNIA LABOR SUB-CLASS;

26 |           (d)    Whether DEFENDANT failed to provide PLAINTIFFS and the other

27 |                 members of the CALIFORNIA LABOR SUB-CLASS with legally

28 |

SECOND AMENDED CLASS ACTION COMPLAINT

required uninterrupted thirty (30) minute meal breaks and rest periods;

    (e)    Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

    (f)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

    (g)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

    (h)    Whether DEFENDANT's conduct was willful.

35.    DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees.  All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFFS, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

36.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

    (a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

    (b)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks

17

1                  and the legally required rest breaks;

2         (c)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and

3                  the members of the CALIFORNIA LABOR SUB-CLASS with an

4                  accurate itemized statement in writing showing all accurate and applicable

5                  overtime rates in effect during the pay period and the corresponding

6                  amount of time worked at each overtime rate by the employee; and,

7         (d)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

8                  when an employee is discharged or quits from employment, the employer

9                  must pay the employee all wages due without abatement, by failing to

10                 tender full payment and/or restitution of wages owed or in the manner

11                 required by California law to the members of the CALIFORNIA LABOR

12                 SUB-CLASS who have terminated their employment.

13     37.     This Class Action meets the statutory prerequisites for the maintenance of a Class

14 Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

15         (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

16                  so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

17                  Members is impracticable and the disposition of their claims as a class

18                  will benefit the parties and the Court;

19         (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

20                  that are raised in this Complaint are common to the CALIFORNIA

21                  LABOR SUB-CLASS and will apply uniformly to every member of the

22                  CALIFORNIA LABOR SUB-CLASS;

23         (c)    The claims of the representative PLAINTIFFS are typical of the claims of

24                  each member of the CALIFORNIA LABOR SUB-CLASS.

25                  PLAINTIFFS, like all the other members of the CALIFORNIA LABOR

26                  SUB-CLASS, were non-exempt employees paid on an hourly basis who

27                  were subjected to the DEFENDANT's practice and policy described

28

SECOND AMENDED CLASS ACTION COMPLAINT

1    herein.   PLAINTIFFS sustained economic injury as a result of
2    DEFENDANT's employment practices. PLAINTIFFS and the members
3    of the CALIFORNIA LABOR SUB-CLASS were and are similarly or
4    identically harmed by the same unlawful, deceptive, unfair and pervasive
5    pattern of misconduct engaged in by DEFENDANT; and,

6    (d)   The representative PLAINTIFFS will fairly and adequately represent and
7    protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has
8    retained counsel who are competent and experienced in Class Action
9    litigation.   There are no material conflicts between the claims of the
10   representative PLAINTIFFS and the members of the CALIFORNIA
11   LABOR SUB-CLASS that would make class certification inappropriate.
12   Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously
13   assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

14   38.   In addition to meeting the statutory prerequisites to a Class Action, this action is
15   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

16   (a)   Without class certification and determination of declaratory, injunctive,
17   statutory and other legal questions within the class format, prosecution of
18   separate actions by individual members of the CALIFORNIA LABOR
19   SUB-CLASS will create the risk of:

20   1)   Inconsistent or varying adjudications with respect to individual
21   members of the CALIFORNIA LABOR SUB-CLASS which
22   would establish incompatible standards of conduct for the parties
23   opposing the CALIFORNIA LABOR SUB-CLASS; or,

24   2)   Adjudication with respect to individual members of the
25   CALIFORNIA LABOR SUB-CLASS which would as a practical
26   matter be dispositive of interests of the other members not party to
27   the adjudication or substantially impair or impede their ability to

28
19
SECOND AMENDED CLASS ACTION COMPLAINT

1    protect their interests.

2    (b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

3          or refused to act on grounds generally applicable to the CALIFORNIA

4          LABOR SUB-CLASS, making appropriate class-wide relief with respect

5          to the CALIFORNIA LABOR SUB-CLASS as a whole in that

6          DEFENDANT uniformly failed to pay all wages due. Including the

7          correct overtime rate, for all overtime worked by the members of the

8          CALIFORNIA LABOR SUB-CLASS as required by law;

9    (c)   Common questions of law and fact predominate as to the members of the

10          CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

11          violations of California Law as listed above, and predominate over any

12          question affecting only individual CALIFORNIA LABOR SUB-CLASS

13          Members, and a Class Action is superior to other available methods for

14          the fair and efficient adjudication of the controversy, including

15          consideration of:

16          1)   The interests of the members of the CALIFORNIA LABOR SUB-

17               CLASS in individually controlling the prosecution or defense of

18               separate actions in that the substantial expense of individual

19               actions will be avoided to recover the relatively small amount of

20               economic losses sustained by the individual CALIFORNIA

21               LABOR SUB-CLASS Members when compared to the substantial

22               expense and burden of individual prosecution of this litigation;

23          2)   Class certification will obviate the need for unduly duplicative

24               litigation that would create the risk of:

25               A.   Inconsistent or varying adjudications with respect to

26                    individual members of the CALIFORNIA LABOR SUB-

27                    CLASS, which would establish incompatible standards of

28

20

SECOND AMENDED CLASS ACTION COMPLAINT

conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

39.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS

21

SECOND AMENDED CLASS ACTION COMPLAINT

1  Members will avoid asserting their rights individually out of fear of
2  retaliation or adverse impact on their employment;

3  (c)  The members of the CALIFORNIA LABOR SUB-CLASS are so
4      numerous that it is impractical to bring all members of the CALIFORNIA
5      LABOR SUB-CLASS before the Court;

6  (d)  PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS
7      Members, will not be able to obtain effective and economic legal redress
8      unless the action is maintained as a Class Action;

9  (e)  There is a community of interest in obtaining appropriate legal and
10     equitable relief for the acts of unfair competition, statutory violations and
11     other improprieties, and in obtaining adequate compensation for the
12     damages and injuries which DEFENDANT's actions have inflicted upon
13     the CALIFORNIA LABOR SUB-CLASS;

14 (f)  There is a community of interest in ensuring that the combined assets of
15     DEFENDANT are sufficient to adequately compensate the members of
16     the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

17 (g)  DEFENDANT has acted or refused to act on grounds generally applicable
18     to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-
19     wide relief appropriate with respect to the CALIFORNIA LABOR SUB-
20     CLASS as a whole;

21 (h)  The members of the CALIFORNIA LABOR SUB-CLASS are readily
22     ascertainable from the business records of DEFENDANT.   The
23     CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA
24     CLASS Members classified as non-exempt employees during the
25     CALIFORNIA LABOR SUB-CLASS PERIOD; and,

26 (i)  Class treatment provides manageable judicial treatment calculated to bring
27     a efficient and rapid conclusion to all litigation of all wage and hour

28                                    22

related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)

40.     PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

41.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

42.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

43.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 206.5, 226.7, 510, 512, 558, 1194 & 1198, the FLSA, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

23

1   competition, including restitution of wages wrongfully withheld.

2       44.   By the conduct alleged herein, DEFENDANT's practices were unlawful and
3   unfair in that these practices violated public policy, were immoral, unethical, oppressive,
4   unscrupulous or substantially injurious to employees, and were without valid justification or
5   utility for which this Court should issue equitable and injunctive relief pursuant to Section
6   17203 of the California Business & Professions Code, including restitution of wages wrongfully
7   withheld.

8       45.   By the conduct alleged herein, DEFENDANT's practices were deceptive and
9   fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFFS, and
10   other members of the CALIFORNIA CLASS, wages due for overtime worked, failed to
11   accurately to record the applicable rate of all overtime worked, and failed to provide the legally
12   required off duty meal and rest periods due to a systematic business practice that cannot be
13   justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission
14   requirements in violation of Cal. Bus. Code §§ 17200, et seq., and for which this Court should
15   issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including
16   restitution of wages wrongfully withheld.

17       46.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,
18   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and
19   the other members of the CALIFORNIA CLASS to be underpaid during their employment with
20   DEFENDANT.

21       47.   By the conduct alleged herein, DEFENDANT's practices were also unfair and
22   deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide
23   mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

24       48.   Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each
25   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty
26   meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay
27   for each workday in which a second off-duty meal period was not timely provided for each ten

28

1   (10) hours of work.

2       49.   PLAINTIFFS further demand on behalf of themselves and on behalf of each

3   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

4   was not timely provided as required by law.

5       50.   By and through the unlawful and unfair business practices described herein,

6   DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the

7   other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

8   and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

9   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

10  to unfairly compete against competitors who comply with the law.

11      51.   All the acts described herein as violations of, among other things, the Industrial

12  Welfare Commission Wage Orders, the California Code of Regulations, and the California

13  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

14  oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

15  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

16      52.   PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

17  to, and do, seek such relief as may be necessary to restore to them the money and property

18  which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the

19  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

20  unfair business practices, including earned but unpaid wages for all overtime worked.

21      53.   PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

22  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

23  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

24  engaging in any unlawful and unfair business practices in the future.

25      54.   PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain,

26  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

27  of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

28

SECOND AMENDED CLASS ACTION COMPLAINT

1   As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and

2   the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

3   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

4   engage in these unlawful and unfair business practices.

5

6                              **SECOND CAUSE OF ACTION**

7                          **For Failure To Pay Overtime Compensation**

8                          **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

9          **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

10                                       **Defendants)**

11         55.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

12   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

13   paragraphs of this Complaint.

14         56.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

15   CLASS bring a claim for DEFENDANT's willful and intentional violations of the California

16   Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure

17   to accurately calculate the applicable rates for all overtime worked by PLAINTIFFS and other

18   members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly

19   compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,

20   including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in

21   any workweek.

22         57.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

23   public policy, an employer must timely pay its employees for all hours worked.

24         58.    Cal. Lab. Code § 510 further provides that employees in California shall not be

25   employed more than eight (8) hours per workday and/or more than forty (40) hours per

26   workweek unless they receive additional compensation beyond their regular wages in amounts

27   specified by law.

28
                                             26

1    59.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

2    including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab.

3    Code § 1198 further states that the employment of an employee for longer hours than those

4    fixed by the Industrial Welfare Commission is unlawful.

5    60.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFFS and

6    the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

7    amount of overtime worked. As set forth herein, DEFENDANT's uniform policy and practice

8    was to unlawfully and intentionally deny timely payment of wages due for the overtime worked

9    by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, and

10   DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for

11   all overtime worked.

12   61.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

13   without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

14   result of implementing a uniform policy and practice that denied accurate compensation to

15   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for all

16   overtime worked, including, the work performed in excess of eight (8) hours in a workday

17   and/or forty (40) hours in any workweek.

18   62.    In committing these violations of the California Labor Code, DEFENDANT

19   inaccurately calculated the amount of overtime worked and the applicable overtime rates and

20   consequently underpaid the actual time worked by PLAINTIFFS and other members of the

21   CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the

22   payment of all earned wages, and other benefits in violation of the California Labor Code, the

23   Industrial Welfare Commission requirements and other applicable laws and regulations.

24   63.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

25   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not

26   receive full compensation for all overtime worked.

27   64.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

28

27

1   from the overtime requirements of the law.  None of these exemptions are applicable to
2   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,
3   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are not
4   subject to a valid collective bargaining agreement that would preclude the causes of action
5   contained herein this Complaint.  Rather, the PLAINTIFFS bring this Action on behalf of
6   themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations
7   of non-negotiable, non-waiveable rights provided by the State of California.

8       65.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and
9   the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked
10  that they were entitled to, constituting a failure to pay all earned wages.

11      66.    DEFENDANT failed to accurately pay PLAINTIFFS and the other members of
12  the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was
13  in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194
14  & 1198, even though PLAINTIFFS and the other members of the CALIFORNIA LABOR
15  SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT
16  failed to accurately record and pay using the applicable overtime rate as evidenced by
17  DEFENDANT's business records and witnessed by employees.

18      67.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned
19  compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-
20  CLASS for the true time they worked, PLAINTIFFS and the other members of the
21  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
22  injury in amounts which are presently unknown to them and which will be ascertained
23  according to proof at trial.

24      68.    DEFENDANT knew or should have known that PLAINTIFFS and the other
25  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime
26  worked. DEFENDANT systematically elected, either through intentional malfeasance or gross
27  nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

28

1  practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to
2  pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the
3  applicable overtime rate.

4        69.     In performing the acts and practices herein alleged in violation of California labor
5  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
6  all time worked and provide them with the requisite overtime compensation, DEFENDANT
7  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and
8  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter
9  disregard for their legal rights, or the consequences to them, and with the despicable intent of
10  depriving them of their property and legal rights, and otherwise causing them injury in order
11  to increase company profits at the expense of these employees.

12        70.     PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-
13  CLASS therefore request recovery of all unpaid wages, including overtime wages, according
14  to proof, interest, statutory costs, as well as the assessment of any statutory penalties against
15  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable
16  statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA
17  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S
18  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also
19  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought
20  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's
21  conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFFS
22  and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover
23  statutory costs.

24  ///
25  ///

26  **THIRD CAUSE OF ACTION**
27  **For Failure to Provide Required Meal Periods**
28

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

71.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

72.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were often not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  As a result, PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

73.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

74.    As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

30

1    to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of
2    suit.
3
4                            **FOURTH CAUSE OF ACTION**
5                       **For Failure to Provide Required Rest Periods**
6                           **[Cal. Lab. Code §§ 226.7 & 512 ]**
7       **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**
8                                    **Defendants)**
9            75.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-
10   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior
11   paragraphs of this Complaint.
12           76.    PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were
13   required to work in excess of four (4) hours without being provided ten (10) minute rest
14   periods.  Further, these employees were denied their first rest periods of at least ten (10)
15   minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest
16   period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8)
17   hours, and a first, second and third rest period of at least ten (10) minutes for some shifts
18   worked of ten (10) hours or more.  PLAINTIFFS and other CALIFORNIA LABOR SUB-
19   CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of
20   their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-
21   CLASS Members were periodically denied their proper rest periods by DEFENDANT and
22   DEFENDANT's managers.
23           77.    DEFENDANT further violated California Labor Code §§ 226.7 and the
24   applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA
25   LABOR SUB-CLASS Members who were not provided a rest period, in accordance with
26   the applicable Wage Order, one additional hour of compensation at each employee's regular
27   rate of pay for each workday that rest period was not provided.
28
                                          31

78.     As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

79.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

80.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by

32

1      January 1, 2008, only the last four digits of his or her social security number or an

2      employee identification number other than a social security number may be shown on

3      the itemized statement,

4      (8) the name and address of the legal entity that is the employer, and

5      (9) all applicable hourly rates in effect during the pay period and the corresponding

6      number of hours worked at each hourly rate by the employee.

7      81.    When PLAINTIFFS and other CALIFORNIA CLASS Members worked unpaid

8 overtime and/or missed meal and rest breaks, DEFENDANT also failed to provide

9 PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and

10 accurate wage statements which failed to show, among other things, the correct overtime rate

11 for overtime worked, including, work performed in excess of eight (8) hours in a workday

12 and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and

13 rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

14 employees with an accurate itemized wage statement in writing showing, among other things,

15 gross wages earned and all applicable hourly rates in effect during the pay period and the

16 corresponding amount of time worked at each hourly rate.  Aside, from the violations listed

17 above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage

18 statement that lists all the requirements under California Labor Code 226 *et seq*.  As a result,

19 from time to time DEFENDANT provided PLAINTIFFS and the other members of the

20 CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

21      82.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

22 Code § 226, causing injury and damages to the PLAINTIFFS and the other members of the

23 CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

24 expended calculating the correct rates for the overtime worked and the amount of employment

25 taxes which were not properly paid to state and federal tax authorities.  These damages are

26 difficult to estimate.  Therefore, PLAINTIFFS and the other members of the CALIFORNIA

27 LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

28

SECOND AMENDED CLASS ACTION COMPLAINT

1   initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

2   violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

3   to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

4   PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS

5   herein).

6

7                       **SIXTH CAUSE OF ACTION**

8                     **For Failure to Pay Wages When Due**

9                     **[ Cal. Lab. Code §§ 201, 202, 203]**

10   **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

11                          **Defendants)**

12          83.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

13   CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

14   paragraphs of this Complaint.

15          84.    Cal. Lab. Code § 200 provides that:

16          As used in this article:
            (a) "Wages" includes all amounts for labor performed by employees of every
17          description, whether the amount is fixed or ascertained by the standard of time,
            task, piece, Commission basis, or other method of calculation.
18          (b) "Labor" includes labor, work, or service whether rendered or performed under
            contract, subcontract, partnership, station plan, or other agreement if the labor to
19          be paid for is performed personally by the person demanding payment.

20          85.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

21   an employee, the wages earned and unpaid at the time of discharge are due and payable

22   immediately."

23          86.    Cal. Lab. Code § 202 provides, in relevant part, that:

24          If an employee not having a written contract for a definite period quits his or her
            employment, his or her wages shall become due and payable not later than 72
25          hours thereafter, unless the employee has given 72 hours previous notice of his
            or her intention to quit, in which case the employee is entitled to his or her wages
26          at the time of quitting. Notwithstanding any other provision of law, an employee
            who quits without providing a 72-hour notice shall be entitled to receive payment
27          by mail if he or she so requests and designates a mailing address. The date of the
            mailing shall constitute the date of payment for purposes of the requirement to
28                                          34
                          SECOND AMENDED CLASS ACTION COMPLAINT

1    provide payment within 72 hours of the notice of quitting.

2        87.    There was no definite term in PLAINTIFFS' or any CALIFORNIA LABOR

3    SUB-CLASS Members' employment contract.

4        88.    Cal. Lab. Code § 203 provides:

5        If an employer willfully fails to pay, without abatement or reduction, in
         accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
6        who is discharged or who quits, the wages of the employee shall continue as a
         penalty from the due date thereof at the same rate until paid or until an action
7        therefor is commenced; but the wages shall not continue for more than 30 days.

8        89.    The employment of PLAINTIFFS and many CALIFORNIA LABOR SUB-

9    CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages,

10   to these employees who actually worked overtime, as required by law.

11       90.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the

12   members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFFS

13   demand up to thirty days of pay as penalty for not paying all wages due at time of termination

14   for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS

15   PERIOD, and demand an accounting and payment of all wages due, plus interest and statutory

16   costs as allowed by law.

17                        **SEVENTH CAUSE OF ACTION**

18                **For Violation of the Private Attorneys General Act**

19                        **[Cal. Lab. Code §§ 2698, *et seq.*]**

20                    **(By Plaintiffs and Against All Defendants)**

21       91.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-90,

22   supra, as though fully set forth at this point.

23       92.    PAGA is a mechanism by which the State of California itself can enforce state

24   labor laws through the employee suing under the PAGA who do so as the proxy or agent of the

25   state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is

26   fundamentally a law enforcement action designed to protect the public and not to benefit private

27   parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a

28
                                    35
                    SECOND AMENDED CLASS ACTION COMPLAINT

1    means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In

2    enacting PAGA, the California Legislature specified that "it was ... in the public interest to

3    allow aggrieved employees, acting as private attorneys general to recover civil penalties for

4    Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be

5    subject to arbitration.

6        93.     Plaintiffs, and such persons that may be added from time to time who satisfy the

7    requirements and exhaust the administrative procedures under the Private Attorney General Act,

8    bring this Representative Action on behalf of the State of California with respect to themselves

9    and all individuals who are or previously were employed by Defendant L'Oreal USA S/D, Inc.

10    who worked in California and who were classified as non-exempt during the period March 6,

11    2017 to the earlier of the date of preliminary approval of this settlement or April 20, 2019 (the

12    "PAGA Period") (the "AGGRIEVED EMPLOYEES").

13        94.     On January 29, 2018, Plaintiffs gave written notice by electronic mail to the Labor

14    and Workforce Development Agency (the "Agency") and by certified mail to the employer of

15    the specific provisions of this code alleged to have been violated as required by Labor Code §

16    2699.3.  *See* Exhibit #1, attached hereto and incorporated by this reference herein.   The

17    statutory waiting period for PLAINTIFFS to add these allegations to the Complaint has expired.

18    As a result, pursuant to Section 2699.3, PLAINTIFFS may now commence a representative

19    civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with

20    respect to all AGGRIEVED EMPLOYEES as herein defined.

21        95.     The policies, acts and practices heretofore described were and are an unlawful

22    business act or practice because Defendant (a) failed to provide PLAINTIFFS and the other

23    AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime, (b) failed

24    to properly record and provide legally required meal and rest periods, (c) failed to provide

25    accurate itemized wage statements, and (d) failed to pay wages when due, all in violation of the

26    applicable Labor Code sections listed in Labor Code Sections §§ 201, 202, 203, 204, 226(a),

27    226.7, 510, 512, 558, 1194, 1198, and the applicable Industrial Wage Order(s), and thereby

28

1 gives rise to statutory penalties as a result of such conduct. PLAINTIFFS hereby seek recovery
2 of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the
3 representatives of the State of California for the illegal conduct perpetrated on PLAINTIFFS
4 and the other AGGRIEVED EMPLOYEES.

5

6 ## EIGHTH CAUSE OF ACTION

7 **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA")**

8 **(By PLAINTIFFS and the COLLECTIVE CLASS against DEFENDANT)**

9        96.    PLAINTIFFS, and the other members of the COLLECTIVE CLASS, reallege
10 and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 95
11 of this Complaint.

12       97.    DEFENDANT is engaged in communication, business, and transmission
13 between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C.
14 § 203(b).

15       98.    PLAINTIFFS further bring the Eighth Cause of Action on behalf of a
16 COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 defined as all persons who are or
17 were previously employed by DEFENDANT in California as non-exempt employees  (the
18 "COLLECTIVE CLASS") at any time during the period three (3) years prior to the filing of the
19 Complaint and ending on the date as determined by the Court (the "COLLECTIVE CLASS
20 PERIOD").

21       99.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to
22 willful violations of the FLSA.

23       100.   29 U.S.C. § 207(a)(1) provides in pertinent part:

24              Except as otherwise provided in this section, no employer shall employ
25              any of his employees who in any workweek is engaged in commerce or
                in the production of goods for commerce, or is employed in an
26              enterprise engaged in commerce or in the production of goods for
                commerce, for a workweek longer than forty hours unless such
27              employee receives compensation for his employment in excess of the
                hours above specified at a rate not less than one and one-half times the

28
                                        37

1          regular rate at which he is employed.

2          101.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the

3    PLAINTIFFS and the other members of the COLLECTIVE CLASS are entitled to

4    overtime compensation for all overtime hours actually worked, at a rate not less than

5    one and one-half times their regular rate of pay for all hours worked in excess of forty

6    (40) hours in any workweek. DEFENDANTS' failure to correctly calculate overtime

7    wages as required by federal law was willful and not in good faith.

8          102.   During the COLLECTIVE CLASS PERIOD, PLAINTIFFS, and

9    other members of the COLLECTIVE CLASS, worked more than forty (40) hours in

10   a workweek.

11         103.   At all relevant times, DEFENDANT required PLAINTIFFS and

12   COLLECTIVE CLASS Members to work off the clock without paying them for all the

13   time they were under DEFENDANT's control. PLAINTIFFS and COLLECTIVE

14   CLASS Members would clock out of DEFENDANT's timekeeping system, in order to

15   perform additional work for DEFENDANT as required to meet DEFENDANT's job

16   requirements. Specifically, DEFENDANT engaged in the uniform and systematic

17   practice of requiring PLAINTIFFS and COLLECTIVE CLASS Members to perform

18   work off the clock after clocking out in that DEFENDANT, as a condition of

19   employment, required these employees to wait for and submit to loss prevention

20   inspections after clocking out for meal breaks and at the end of each scheduled shift for

21   which DEFENDANT did not provide compensation for time spent awaiting and

22   performing the loss prevention inspections off the clock. As a result, PLAINTIFFS and

23   other COLLECTIVE CLASS Members forfeited overtime wages by working without

24   their time being correctly recorded and without compensation at the applicable overtime

25   rates. DEFENDANT's uniform policy and practice not to pay PLAINTIFFS and other

26   COLLECTIVE CLASS Members for all overtime worked, is evidenced by

27   DEFENDANT's business records. Thus, DEFENDANT failed to pay the PLAINTIFFS,

28
                                       38

1   and other members of the COLLECTIVE CLASS, overtime compensation for the hours
2   they have worked in excess of the maximum hours permissible by law as required by §
3   207 of the FLSA, even though the PLAINTIFFS, and the other members of the
4   COLLECTIVE CLASS, were regularly required to work, and did in fact work, overtime
5   hours.

6        104.   For purposes of the Fair Labor Standards Act, the employment
7   practices of DEFENDANT were and are uniform throughout California in all
8   respects material to the claims asserted in this Complaint.

9        105.   As a result of DEFENDANT's failure to pay the correct overtime
10   compensation for overtime hours worked, as required by the FLSA,  PLAINTIFFS
11   and the members of the COLLECTIVE CLASS were damaged in an amount to be
12   proved at trial.

13        106.   Therefore, PLAINTIFFS demand that they and the members of the
14   COLLECTIVE CLASS be paid the correct overtime compensation as required by the
15   FLSA for every hour of overtime worked plus interest and statutory costs as provided
16   by law.

17

18                         **PRAYER FOR RELIEF**

19        WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and
20   severally, as follows:

21   1.    On behalf of the CALIFORNIA CLASS:

22        A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA
23              CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

24        B)    An order temporarily, preliminarily and permanently enjoining and restraining
25              DEFENDANT from engaging in similar unlawful conduct as set forth herein;

26        C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly
27              withheld from compensation due to PLAINTIFFS and the other members of

28                                   39

1      the CALIFORNIA CLASS; and,

2   D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

3         fund for restitution of the sums incidental to DEFENDANT's violations due to

4         PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

5   2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

6   A)    That the Court certify the Second, Third, Fourth, Fifth and Sixth Causes of

7         Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action

8         pursuant to Cal. Code of Civ. Proc. § 382;

9   B)    Compensatory damages, according to proof at trial, including compensatory

10        damages for overtime compensation due PLAINTIFFS and the other members

11        of the CALIFORNIA LABOR SUB-CLASS, during the applicable

12        CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

13        statutory rate;

14  C)    Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512

15        and the applicable IWC Wage Order;

16  D)    The greater of all actual damages or fifty dollars ($50) for the initial pay

17        period in which a violation occurs and one hundred dollars ($100) per each

18        member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

19        subsequent pay period, not exceeding an aggregate penalty of four thousand

20        dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

21        and,

22  E)    The wages of all terminated employees from the CALIFORNIA LABOR

23        SUB-CLASS as a penalty from the due date thereof at the same rate until paid

24        or until an action therefore is commenced, in accordance with Cal. Lab. Code

25        § 203.

26  3.   On behalf of the COLLECTIVE CLASS:

27  A)    That the Court certify the Eighth Cause of Action asserted by the

28        40

1    COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

2    B)   Issue a declaratory finding that DEFENDANT's acts, policies, practices and

3         procedures complained of herein violated provisions of the Fair Labor

4         Standards Act; and

5    C)   That the PLAINTIFFS and the COLLECTIVE CLASS members recover

6         compensatory damages and an equal amount of liquidated damages as

7         provided under the law and in 29 U.S.C. § 216(b).

8  4.  On behalf of the State of California and with respect to all AGGRIEVED

9      EMPLOYEES:

10   (A)  Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

11        General Act of 2004.

12 5.  On all claims:

13   A)   An award of interest, including prejudgment interest at the legal rate;

14   B)   Such other and further relief as the Court deems just and equitable; and,

15   C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

16        including, but not limited to, pursuant to Labor Code §218.5, §226, and/or §1194.

18 Dated:  April ___, 2019          BLUMENTHAL NORDREHAUG BHOWMIK
                                    DE BLOUW LLP

20                                  By: _____
21                                      Norman Blumenthal
                                        Attorneys for Plaintiffs

41
SECOND AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2

PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4

5      Dated:   April ___, 2019          BLUMENTHAL NORDREHAUG BHOWMIK
                                         DE BLOUW LLP
6

7

8
                                    By: _____
9                                        Norman Blumenthal
                                         Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         42

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

SECOND AMENDED CLASS ACTION COMPLAINT

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
Web Site: www.bamlawca.com
*San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Chicago*
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:                                                                 WRITERS EXT:
Nick@bamlawca.com                                                                  1004

January 29, 2018
CA1514

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency        L'Oreal USA S/D, Inc.
Online Filing                                 Certified Mail # 70171450000202536847
                                              CSC Lawyers Incorporating Service
                                              2710 Gateway Oaks Drive, Suite 150N
                                              Sacramento, CA 95833

Re:     Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 558, 1194, 1198, Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiffs Angela Conti and Justine Mora ("Plaintiffs"), and other aggrieved employees in a lawsuit against L'Oreal USA S/D, Inc. ("Defendant"). Plaintiff Conti was employed by Defendant in California from June of 2010 to December of 2017 as a nonexempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control, including overtime worked. Plaintiff Mora was employed by Defendant in California from July of 2015 to November of 2017 as a nonexempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control, including overtime worked. Defendant, however, unlawfully failed to record and pay Plaintiffs and other aggrieved employees for all of their time worked, including overtime wages, and for all of their missed meal and rest breaks. As a consequence of the aforementioned violations, Plaintiffs further contend that Defendant failed to provide accurate wage statements to them, and other aggrieved employees, in violation of California Labor Code section 226(a). Additionally, Plaintiffs contend that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiffs began and ended each shift and meal period. Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 558, 1194, 1198, Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint filed by Plaintiffs against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiffs, (iii) sets forth the

people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiffs, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiffs therefore incorporate the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiffs to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Restations Accounting unit with an identification of the Plaintiffs, the Defendant and the notice. The pending lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiffs and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

Z:\D\Dropbox (NBB)\Pending Litigation\L'Oreal- Conti\l-paga-01.wpd

EXHIBIT "C"

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiffs

E-FILED
4/30/2019 2:52 PM
Superior Court of California
County of Fresno
By: A. Ramos, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF FRESNO

| | |
|---|---|
| ANGELA CONTI and JUSTINE MORA, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>L'OREAL USA S/D, INC., a Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No.**18CECG00816**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*;<br>3. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER<br>4. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>6. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;<br>7. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq.*]; and,<br>8. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §§ 201, *et seq.*<br><br>**DEMAND FOR A JURY TRIAL** |

1

Plaintiffs Angela Conti and Justine Mora ("PLAINTIFFS"), individuals, on behalf of themselves and all other similarly situated current and former employees, allege on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.     Defendant L'Oreal USA S/D, Inc. ("DEFENDANT") is a Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.     DEFENDANT was founded in 1999. DEFENDANT's line of business includes the retail sale of specialized lines of merchandise.

3.     Plaintiff Conti was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from June of 2010 to December 8, 2017.

4.     Plaintiff Mora was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and meal and rest periods from July of 2015 to November of 2017.

5.     PLAINTIFFS bring this Class Action on behalf of themselves and a California class, defined as all individuals who are or previously were employed by Defendant L'Oreal USA S/D, Inc. who worked in California, were classified as non-exempt, and who separated from their employment between March 6, 2014 and February 20, 2018 (the "CALIFORNIA CLASS PERIOD").

6.     PLAINTIFFS bring this Class Action on behalf of themselves and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees for all their overtime worked. DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive

2

business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFFS and the other members of the CALIFORNIA CLASS. PLAINTIFFS and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

7.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFFS who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief allege, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

8.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

9.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFFS and CALIFORNIA CLASS Members for all time worked,

3

1    meaning the time during which an employee is subject to the control of an employer, including

2    all the time the employee is suffered or permitted to work.   DEFENDANT required

3    PLAINTIFFS and CALIFORNIA CLASS Members to work off the clock without paying them

4    for all the time they were under DEFENDANT's control.   PLAINTIFFS and CALIFORNIA

5    CLASS Members would clock out of DEFENDANT's timekeeping system, in order to perform

6    additional work for DEFENDANT as required to meet DEFENDANT's job requirements.

7    Specifically, During the CALIFORNIA CLASS PERIOD, DEFENDANT engaged in the

8    uniform and systematic practice of requiring PLAINTIFFS and CALIFORNIA CLASS

9    Members to perform work off the clock after clocking out in that DEFENDANT, as a condition

10   of employment, required these employees to wait for and submit to loss prevention inspections

11   after clocking out for meal breaks and at the end of each scheduled shift for which

12   DEFENDANT did not provide compensation for time spent awaiting and performing the loss

13   prevention inspections off the clock.   As a result, PLAINTIFFS and other CALIFORNIA

14   CLASS Members forfeited overtime wages by working without their time being correctly

15   recorded and without compensation at the applicable overtime rates.   DEFENDANT's uniform

16   policy and practice not to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all

17   overtime worked, is evidenced by DEFENDANT's business records.

18          10.     In violation of the applicable sections of the California Labor Code and the

19   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as

20   a matter of company policy, practice and procedure, intentionally and knowingly failed to

21   compensate PLAINTIFFS and the other members of the CALIFORNIA CLASS at the correct

22   rate of pay for all overtime worked.   This uniform policy and practice of DEFENDANT is

23   intended to purposefully avoid the payment of the correct overtime compensation as required

24   by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage

25   over competitors who complied with the law.   To the extent equitable tolling operates to toll

26   claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS

27   PERIOD should be adjusted accordingly.

28

<div align="center">4</div>

1    11.   As a result of their rigorous work schedules, PLAINTIFFS and other
2  CALIFORNIA CLASS Members were also from time to time unable to take off duty meal
3  breaks and were not fully relieved of duty for meal periods.  PLAINTIFFS and other
4  CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT
5  for more than five (5) hours during a shift without receiving an off-duty meal break.  Further,
6  DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS Members with a
7  second off-duty meal period each workday in which these employees were required by
8  DEFENDANT to work ten (10) hours of work. PLAINTIFFS and the other CALIFORNIA
9  CLASS Members therefore forfeited meal breaks without additional compensation and in
10  accordance with DEFENDANT's strict corporate policy and practice.

11    12.   During the CALIFORNIA CLASS PERIOD, from time to time, PLAINTIFFS
12  and other CALIFORNIA CLASS Members were also required to work in excess of four (4)
13  hours without being provided ten (10) minute rest periods.  Further, these employees were
14  denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two
15  (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts
16  worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least
17  ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFFS and other
18  CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.
19  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS
20  Members were periodically denied their proper rest periods by DEFENDANT and
21  DEFENDANT's managers.

22    13.   When PLAINTIFFS and other CALIFORNIA CLASS Members worked off the
23  clock overtime and/or missed meal and rest breaks, DEFENDANT also failed to provide
24  PLAINTIFFS and the other members of  the CALIFORNIA CLASS with complete and
25  accurate wage statements which failed to show, among other things, the correct overtime rate
26  for overtime worked, including, work performed in excess of eight (8) hours in a workday
27  and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and

28

1  rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her
2  employees with an accurate itemized wage statement in writing showing, among other things,
3  gross wages earned and all applicable hourly rates in effect during the pay period and the
4  corresponding amount of time worked at each hourly rate. Aside, from the violations listed
5  above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage
6  statement that lists all the requirements under California Labor Code 226 *et seq*. As a result,
7  from time to time DEFENDANT provided PLAINTIFFS and the other members of the
8  CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

9      14.  By reason of this uniform conduct applicable to PLAINTIFFS and all
10  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in
11  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.
12  (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately
13  calculate and record the correct overtime rate for the overtime worked by PLAINTIFFS and
14  other CALIFORNIA CLASS Members. The proper calculation of these employees' overtime
15  hour rates is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard
16  of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all
17  required overtime compensation for work performed by the members of the CALIFORNIA
18  CLASS and violated the California Labor Code and regulations promulgated thereunder as
19  herein alleged.

20      15.  Specifically as to PLAINTIFFS, they were from time to time unable to take off
21  duty meal and rest breaks and were not fully relieved of duty for their meal and rest periods and
22  were not paid all overtime wages due to them as a result of DEFENDANT's policy that required
23  them to work off the clock. PLAINTIFFS were required to perform work as ordered by
24  DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal
25  break. Further, DEFENDANT failed to provide PLAINTIFFS with a second off-duty meal
26  period each workday in which they were required by DEFENDANT to work ten (10) hours of
27  work. PLAINTIFFS therefore forfeited meal and rest breaks without additional compensation
28

1  and in accordance with DEFENDANT's strict corporate policy and practice. DEFENDANT

2  also provided PLAINTIFFS with a pay stub that failed to accurately display PLAINTIFFS'

3  correct rates of overtime pay and payments for missed meal and rest periods for certain pay

4  periods in violation of Cal. Lab. Code § 226(a). To date, DEFENDANT has not fully paid

5  PLAINTIFFS the overtime compensation still owed to them or any penalty wages owed to them

6  under Cal. Lab. Code § 203. The amount in controversy for PLAINTIFFS individually does

7  not exceed the sum or value of $75,000.

8

9  **JURISDICTION AND VENUE**

10      16.    This Court has jurisdiction over this Action pursuant to California Code of Civil

11  Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

12  action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees

13  of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

14      17.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

15  Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times

16  maintained offices and facilities in this County and/or conducts substantial business in this

17  County, and (ii) committed the wrongful conduct herein alleged in this County against members

18  of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

19

20  **THE CALIFORNIA CLASS**

21      18.    PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive

22  Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class

23  Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

24  all individuals who are or previously were employed by Defendant L'Oreal USA S/D, Inc. who

25  worked in California, were classified as non-exempt, and who separated from their employment

26  between March 6, 2014 and February 20, 2018 (the "CALIFORNIA CLASS PERIOD").

27      19.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

28

7

1  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted
   accordingly.
2          20.     The California Legislature has commanded that "all wages... ...earned by any
3  person in any employment are due and payable twice during each calendar month, on days
4  designated in advance by the employer as the regular paydays", and further that "[a]ny work
5  in excess of eight hours in one workday and any work in excess of 40 hours in any one
6  workweek . . . shall be compensated at the rate of no less than one and one-half times the
7  regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare
8  Commission (IWC), however, is statutorily authorized to "establish exemptions from the
9  requirement that an overtime rate of compensation be paid... ...for executive, administrative, and
10 professional employees, provided [inter alia] that the employee is primarily engaged in duties
11 that meet the test of the exemption, [and] customarily and regularly exercises discretion and
12 independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the
13 PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA
14 LABOR SUB-CLASS qualify for exemption from the above requirements.

15         21.     DEFENDANT, as a matter of company policy, practice and procedure, and in
16 violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order
17 requirements, and the applicable provisions of California law, intentionally, knowingly, and
18 wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly
19 calculate and record overtime compensation for overtime worked by PLAINTIFFS and the
20 other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit
21 of this work, required employees to perform this work and permitted or suffered to permit this
22 overtime work.

23         22.     DEFENDANT has the legal burden to establish that each and every
24 CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked.
25 DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to
26 have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy
27 or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable
28

1  overtime rate for all overtime worked, so as to satisfy their burden. This common business

2  practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on

3  a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code

4  §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this

5  claim.

6       23.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

7  any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

8  employee for all overtime worked at the applicable rate, as required by California Labor Code

9  §§ 204 and 510, *et seq.* At no time during the CALIFORNIA CLASS PERIOD was the

10  overtime compensation for any member of the CALIFORNIA CLASS properly recalculated

11  so as to include all earnings in the overtime compensation calculation as required by California

12  Labor Code §§ 510, *et seq.*

13       24.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

14  CLASS Members is impracticable.

15       25.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

16  California law by:

17           (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code

18                §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in

19                place company policies, practices and procedures that failed to pay all

20                wages due the CALIFORNIA CLASS for all overtime worked, and failed

21                to accurately record the applicable rates of all overtime worked by the

22                CALIFORNIA CLASS;

23           (b)    Committing an act of unfair competition in violation of the California

24                Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

25                unlawfully, unfairly, and/or deceptively having in place a company policy,

26                practice and procedure that failed to correctly calculate overtime

27                compensation due to PLAINTIFFS and the members of the

28

9

1  CALIFORNIA CLASS; and,

2  (c)  Committing an act of unfair competition in violation of the California
3       Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
4       failing to provide mandatory meal and/or rest breaks to PLAINTIFFS and
5       the CALIFORNIA CLASS members.

6  (d)  Committing an act of unfair competition in violation of the California
7       Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by
8       violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*
9       *seq.*, by failing to pay the correct overtime wages to the PLAINTIFF and
10      the members of the CALIFORNIA CLASS as legally required by the
11      FLSA, and retaining the unpaid overtime to the benefit of DEFENDANT.

12  26.  This Class Action meets the statutory prerequisites for the maintenance of a Class
13  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

14  (a)  The persons who comprise the CALIFORNIA CLASS are so numerous
15       that the joinder of all such persons is impracticable and the disposition of
16       their claims as a class will benefit the parties and the Court;

17  (b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues
18       that are raised in this Complaint are common to the CALIFORNIA
19       CLASS will apply uniformly to every member of the CALIFORNIA
20       CLASS;

21  (c)  The claims of the representative PLAINTIFFS are typical of the claims of
22       each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the
23       other members of the CALIFORNIA CLASS, were subjected to the
24       uniform employment practices of DEFENDANT and were non-exempt
25       employees paid on an hourly basis who were subjected to
26       DEFENDANT's practice and policy which failed to pay the correct rate
27       of overtime wages due to the CALIFORNIA CLASS for all overtime

28

10

SECOND AMENDED CLASS ACTION COMPLAINT

worked by the CALIFORNIA CLASS and thereby systematically underpays overtime compensation to the CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)   The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

27.   In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be

11

dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

    1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses

1  sustained by the individual CALIFORNIA CLASS Members when
2  compared to the substantial expense and burden of individual
3  prosecution of this litigation;

4  2)  Class certification will obviate the need for unduly duplicative
5  litigation that would create the risk of:

6  A.  Inconsistent or varying adjudications with respect to
7  individual members of the CALIFORNIA CLASS, which
8  would establish incompatible standards of conduct for the
9  DEFENDANT; and/or,

10  B.  Adjudications with respect to individual members of the
11  CALIFORNIA CLASS would as a practical matter be
12  dispositive of the interests of the other members not parties
13  to the adjudication or substantially impair or impede their
14  ability to protect their interests;

15  3)  In the context of wage litigation because a substantial number of
16  individual CALIFORNIA CLASS Members will avoid asserting
17  their legal rights out of fear of retaliation by DEFENDANT, which
18  may adversely affect an individual's job with DEFENDANT or
19  with a subsequent employer, the Class Action is the only means to
20  assert their claims through a representative; and,

21  4)  A class action is superior to other available methods for the fair
22  and efficient adjudication of this litigation because class treatment
23  will obviate the need for unduly and unnecessary duplicative
24  litigation that is likely to result in the absence of certification of
25  this action pursuant to Cal. Code of Civ. Proc. § 382.

26  28.  This Court should permit this action to be maintained as a Class Action pursuant
27  to Cal. Code of Civ. Proc. § 382 because:

28

13

SECOND AMENDED CLASS ACTION COMPLAINT

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief

14

SECOND AMENDED CLASS ACTION COMPLAINT

appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

29.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

30.    PLAINTIFFS further bring the Second, Third, Fourth, Fifth and Sixth causes of Action on behalf of a California sub-class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

31.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to provide off duty meal and rest periods to PLAINTIFFS and CALIFORNIA CLASS Members and failed to correctly calculate overtime compensation for the overtime worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

15

1    work, required employees to perform this work and permitted or suffered to permit this

2    overtime work.  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-

3    CLASS Members overtime wages at the correct amount to which these employees are entitled

4    in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling

5    operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the

6    CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

7        32.    DEFENDANT maintains records from which the Court can ascertain and identify

8    by name and job title, each of DEFENDANT's employees who have been systematically,

9    intentionally and uniformly subjected to DEFENDANT's company policy, practices and

10   procedures as herein alleged.  PLAINTIFFS will seek leave to amend the complaint to include

11   any additional job titles of similarly situated employees when they have been identified.

12       33.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

13   CALIFORNIA LABOR SUB-CLASS Members is impracticable.

14       34.    Common questions of law and fact exist as to members of the CALIFORNIA

15   LABOR SUB-CLASS, including, but not limited, to the following:

16            (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

17                   overtime compensation to members of the CALIFORNIA LABOR SUB-

18                   CLASS in violation of the California Labor Code and California

19                   regulations and the applicable California Wage Order;

20            (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

21                   entitled to overtime compensation for overtime worked under the overtime

22                   pay requirements of California law;

23            (c)    Whether DEFENDANT failed to accurately record the applicable

24                   overtime rates for all overtime worked PLAINTIFFS and the other

25                   members of the CALIFORNIA LABOR SUB-CLASS;

26            (d)    Whether DEFENDANT failed to provide PLAINTIFFS and the other

27                   members of the CALIFORNIA LABOR SUB-CLASS with legally

28                                         16
                   SECOND AMENDED CLASS ACTION COMPLAINT

required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)    Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)    Whether DEFENDANT's conduct was willful.

35.    DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees. All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFFS, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above. This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

36.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks

17

1    and the legally required rest breaks;

2    (c)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and

3          the members of the CALIFORNIA LABOR SUB-CLASS with an

4          accurate itemized statement in writing showing all accurate and applicable

5          overtime rates in effect during the pay period and the corresponding

6          amount of time worked at each overtime rate by the employee; and,

7    (d)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

8          when an employee is discharged or quits from employment, the employer

9          must pay the employee all wages due without abatement, by failing to

10         tender full payment and/or restitution of wages owed or in the manner

11         required by California law to the members of the CALIFORNIA LABOR

12         SUB-CLASS who have terminated their employment.

13   37.   This Class Action meets the statutory prerequisites for the maintenance of a Class

14   Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

15   (a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

16         so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

17         Members is impracticable and the disposition of their claims as a class

18         will benefit the parties and the Court;

19   (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues

20         that are raised in this Complaint are common to the CALIFORNIA

21         LABOR SUB-CLASS and will apply uniformly to every member of the

22         CALIFORNIA LABOR SUB-CLASS;

23   (c)   The claims of the representative PLAINTIFFS are typical of the claims of

24         each member of the CALIFORNIA LABOR SUB-CLASS.

25         PLAINTIFFS, like all the other members of the CALIFORNIA LABOR

26         SUB-CLASS, were non-exempt employees paid on an hourly basis who

27         were subjected to the DEFENDANT's practice and policy described

28                                        18

1   herein.   PLAINTIFFS sustained economic injury as a result of
2   DEFENDANT's employment practices. PLAINTIFFS and the members
3   of the CALIFORNIA LABOR SUB-CLASS were and are similarly or
4   identically harmed by the same unlawful, deceptive, unfair and pervasive
5   pattern of misconduct engaged in by DEFENDANT; and,

6   (d)   The representative PLAINTIFFS will fairly and adequately represent and
7   protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has
8   retained counsel who are competent and experienced in Class Action
9   litigation.   There are no material conflicts between the claims of the
10   representative PLAINTIFFS and the members of the CALIFORNIA
11   LABOR SUB-CLASS that would make class certification inappropriate.
12   Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously
13   assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

14   38.   In addition to meeting the statutory prerequisites to a Class Action, this action is
15   properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

16   (a)   Without class certification and determination of declaratory, injunctive,
17   statutory and other legal questions within the class format, prosecution of
18   separate actions by individual members of the CALIFORNIA LABOR
19   SUB-CLASS will create the risk of:

20   1)   Inconsistent or varying adjudications with respect to individual
21   members of the CALIFORNIA LABOR SUB-CLASS which
22   would establish incompatible standards of conduct for the parties
23   opposing the CALIFORNIA LABOR SUB-CLASS; or,

24   2)   Adjudication with respect to individual members of the
25   CALIFORNIA LABOR SUB-CLASS which would as a practical
26   matter be dispositive of interests of the other members not party to
27   the adjudication or substantially impair or impede their ability to

28

19

SECOND AMENDED CLASS ACTION COMPLAINT

1    protect their interests.

2    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

3    or refused to act on grounds generally applicable to the CALIFORNIA

4    LABOR SUB-CLASS, making appropriate class-wide relief with respect

5    to the CALIFORNIA LABOR SUB-CLASS as a whole in that

6    DEFENDANT uniformly failed to pay all wages due. Including the

7    correct overtime rate, for all overtime worked by the members of the

8    CALIFORNIA LABOR SUB-CLASS as required by law;

9    (c)    Common questions of law and fact predominate as to the members of the

10   CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

11   violations of California Law as listed above, and predominate over any

12   question affecting only individual CALIFORNIA LABOR SUB-CLASS

13   Members, and a Class Action is superior to other available methods for

14   the fair and efficient adjudication of the controversy, including

15   consideration of:

16   1)    The interests of the members of the CALIFORNIA LABOR SUB-

17   CLASS in individually controlling the prosecution or defense of

18   separate actions in that the substantial expense of individual

19   actions will be avoided to recover the relatively small amount of

20   economic losses sustained by the individual CALIFORNIA

21   LABOR SUB-CLASS Members when compared to the substantial

22   expense and burden of individual prosecution of this litigation;

23   2)    Class certification will obviate the need for unduly duplicative

24   litigation that would create the risk of:

25   A.    Inconsistent or varying adjudications with respect to

26   individual members of the CALIFORNIA LABOR SUB-

27   CLASS, which would establish incompatible standards of

28   20

conduct for the DEFENDANT; and/or,

B.  Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

39.  This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)  The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS

21

1   Members will avoid asserting their rights individually out of fear of

2   retaliation or adverse impact on their employment;

3   (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so

4   numerous that it is impractical to bring all members of the CALIFORNIA

5   LABOR SUB-CLASS before the Court;

6   (d)   PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS

7   Members, will not be able to obtain effective and economic legal redress

8   unless the action is maintained as a Class Action;

9   (e)   There is a community of interest in obtaining appropriate legal and

10   equitable relief for the acts of unfair competition, statutory violations and

11   other improprieties, and in obtaining adequate compensation for the

12   damages and injuries which DEFENDANT's actions have inflicted upon

13   the CALIFORNIA LABOR SUB-CLASS;

14   (f)   There is a community of interest in ensuring that the combined assets of

15   DEFENDANT are sufficient to adequately compensate the members of

16   the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

17   (g)   DEFENDANT has acted or refused to act on grounds generally applicable

18   to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

19   wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

20   CLASS as a whole;

21   (h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily

22   ascertainable from the business records of DEFENDANT.   The

23   CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

24   CLASS Members classified as non-exempt employees during the

25   CALIFORNIA LABOR SUB-CLASS PERIOD; and,

26   (i)   Class treatment provides manageable judicial treatment calculated to bring

27   a efficient and rapid conclusion to all litigation of all wage and hour

28

22

SECOND AMENDED CLASS ACTION COMPLAINT

1    related claims arising out of the conduct of DEFENDANT as to the
2    members of the CALIFORNIA LABOR SUB-CLASS.

3

4                        **FIRST CAUSE OF ACTION**
5                     **For Unlawful Business Practices**
6              **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**
7       **(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**
8          40.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and
9    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this
10   Complaint.
11         41.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.
12   Code § 17021.
13         42.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines
14   unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section
15   17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair
16   competition as follows:
17         Any person who engages, has engaged, or proposes to engage in unfair
           competition may be enjoined in any court of competent jurisdiction. The court
18         may make such orders or judgments, including the appointment of a receiver, as
           may be necessary to prevent the use or employment by any person of any practice
19         which constitutes unfair competition, as defined in this chapter, or as may be
           necessary to restore to any person in interest any money or property, real or
20         personal, which may have been acquired by means of such unfair competition.
21   Cal. Bus. & Prof. Code § 17203.
22         43.    By the conduct alleged herein, DEFENDANT has engaged and continues to
23   engage in a business practice which violates California law, including but not limited to, the
24   applicable Wage Order(s), the California Code of Regulations and the California Labor Code
25   including Sections 204, 206.5, 226.7, 510, 512, 558, 1194 & 1198, the FLSA, for which this
26   Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code §
27   17203 as may be necessary to prevent and remedy the conduct held to constitute unfair
28

                                          23

competition, including restitution of wages wrongfully withheld.

44. By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

45. By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFFS, and other members of the CALIFORNIA CLASS, wages due for overtime worked, failed to accurately to record the applicable rate of all overtime worked, and failed to provide the legally required off duty meal and rest periods due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

46. By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

47. By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

48. Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten

1   (10) hours of work.

2       49.     PLAINTIFFS further demand on behalf of themselves and on behalf of each

3   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

4   was not timely provided as required by law.

5       50.     By and through the unlawful and unfair business practices described herein,

6   DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the

7   other members of the CALIFORNIA CLASS, including earned wages for all overtime worked,

8   and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

9   detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

10  to unfairly compete against competitors who comply with the law.

11      51.     All the acts described herein as violations of, among other things, the Industrial

12  Welfare Commission Wage Orders, the California Code of Regulations, and the California

13  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

14  oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

15  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

16      52.     PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

17  to, and do, seek such relief as may be necessary to restore to them the money and property

18  which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the

19  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

20  unfair business practices, including earned but unpaid wages for all overtime worked.

21      53.     PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

22  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

23  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

24  engaging in any unlawful and unfair business practices in the future.

25      54.     PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain,

26  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

27  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

28                                      25

1  As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and
2  the other members of the CALIFORNIA CLASS have suffered and will continue to suffer
3  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to
4  engage in these unlawful and unfair business practices.

5

6  ## SECOND CAUSE OF ACTION

7  ### For Failure To Pay Overtime Compensation

8  ### [Cal. Lab. Code §§ 204, 510, 1194 and 1198]

9  ### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All
10  Defendants)

11     55.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-
12  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior
13  paragraphs of this Complaint.

14     56.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-
15  CLASS bring a claim for DEFENDANT's willful and intentional violations of the California
16  Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure
17  to accurately calculate the applicable rates for all overtime worked by PLAINTIFFS and other
18  members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly
19  compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked,
20  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in
21  any workweek.

22     57.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and
23  public policy, an employer must timely pay its employees for all hours worked.

24     58.    Cal. Lab. Code § 510 further provides that employees in California shall not be
25  employed more than eight (8) hours per workday and/or more than forty (40) hours per
26  workweek unless they receive additional compensation beyond their regular wages in amounts
27  specified by law.

28

59.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

60.     DEFENDANT maintained a uniform wage practice of paying PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

61.     DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

62.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

63.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

64.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt

1   from the overtime requirements of the law. None of these exemptions are applicable to

2   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. Further,

3   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are not

4   subject to a valid collective bargaining agreement that would preclude the causes of action

5   contained herein this Complaint. Rather, the PLAINTIFFS bring this Action on behalf of

6   themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations

7   of non-negotiable, non-waivable rights provided by the State of California.

8        65.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and

9   the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

10   that they were entitled to, constituting a failure to pay all earned wages.

11        66.    DEFENDANT failed to accurately pay PLAINTIFFS and the other members of

12   the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was

13   in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194

14   & 1198, even though PLAINTIFFS and the other members of the CALIFORNIA LABOR

15   SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT

16   failed to accurately record and pay using the applicable overtime rate as evidenced by

17   DEFENDANT's business records and witnessed by employees.

18        67.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

19   compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

20   CLASS for the true time they worked, PLAINTIFFS and the other members of the

21   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

22   injury in amounts which are presently unknown to them and which will be ascertained

23   according to proof at trial.

24        68.    DEFENDANT knew or should have known that PLAINTIFFS and the other

25   members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime

26   worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

27   nonfeasance, to not pay employees for their labor as a matter of uniform company policy,

28

1  practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to

2  pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the

3  applicable overtime rate.

4        69.    In performing the acts and practices herein alleged in violation of California labor

5  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

6  all time worked and provide them with the requisite overtime compensation, DEFENDANT

7  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and

8  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

9  disregard for their legal rights, or the consequences to them, and with the despicable intent of

10  depriving them of their property and legal rights, and otherwise causing them injury in order

11  to increase company profits at the expense of these employees.

12        70.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

13  CLASS therefore request recovery of all unpaid wages, including overtime wages, according

14  to proof, interest, statutory costs, as well as the assessment of any statutory penalties against

15  DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable

16  statutes. To the extent overtime compensation is determined to be owed to the CALIFORNIA

17  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S

18  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

19  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

20  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's

21  conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFFS

22  and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover

23  statutory costs.

24  ///

25  ///

26                      **THIRD CAUSE OF ACTION**

27               **For Failure to Provide Required Meal Periods**

28                          29

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

71.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

72.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were often not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  As a result, PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

73.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

74.    As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

30

to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Rest Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

75.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

76.     PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.  PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

77.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

31

78. As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

79. PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

80. Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by

32

January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

81.     When PLAINTIFFS and other CALIFORNIA CLASS Members worked unpaid overtime and/or missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments or missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

82.     DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

33

1  initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

2  violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

3  to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

4  PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS

5  herein).

6

7  <u>**SIXTH CAUSE OF ACTION**</u>

8  **For Failure to Pay Wages When Due**

9  **[ Cal. Lab. Code §§ 201, 202, 203]**

10  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

11  **Defendants)**

12      83.   PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

13  CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

14  paragraphs of this Complaint.

15      84.   Cal. Lab. Code § 200 provides that:

16  As used in this article:
    (a) "Wages" includes all amounts for labor performed by employees of every

17  description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

18      (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to

19  be paid for is performed personally by the person demanding payment.

20      85.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges

21  an employee, the wages earned and unpaid at the time of discharge are due and payable

22  immediately."

23      86.   Cal. Lab. Code § 202 provides, in relevant part, that:

24  If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72

25  hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages

26  at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment

27  by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to

28

1    provide payment within 72 hours of the notice of quitting.

2        87.    There was no definite term in PLAINTIFFS' or any CALIFORNIA LABOR

3    SUB-CLASS Members' employment contract.

4        88.    Cal. Lab. Code § 203 provides:

5        If an employer willfully fails to pay, without abatement or reduction, in
     accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee
6    who is discharged or who quits, the wages of the employee shall continue as a
     penalty from the due date thereof at the same rate until paid or until an action
7    therefor is commenced; but the wages shall not continue for more than 30 days.

8        89.    The employment of PLAINTIFFS and many CALIFORNIA LABOR SUB-

9    CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages,

10   to these employees who actually worked overtime, as required by law.

11       90.    Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the

12   members of the CALIFORNIA LABOR SUB-CLASS whose employment has, PLAINTIFFS

13   demand up to thirty days of pay as penalty for not paying all wages due at time of termination

14   for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS

15   PERIOD, and demand an accounting and payment of all wages due, plus interest and statutory

16   costs as allowed by law.

17   **SEVENTH CAUSE OF ACTION**

18   **For Violation of the Private Attorneys General Act**

19   **[Cal. Lab. Code §§ 2698, *et seq.*]**

20   **(By Plaintiffs and Against All Defendants)**

21       91.    Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-90,

22   supra, as though fully set forth at this point.

23       92.    PAGA is a mechanism by which the State of California itself can enforce state

24   labor laws through the employee suing under the PAGA who do so as the proxy or agent of the

25   state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is

26   fundamentally a law enforcement action designed to protect the public and not to benefit private

27   parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a

28                                  35

1   means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In

2   enacting PAGA, the California Legislature specified that "it was ... in the public interest to

3   allow aggrieved employees, acting as private attorneys general to recover civil penalties for

4   Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be

5   subject to arbitration.

6       93.    Plaintiffs, and such persons that may be added from time to time who satisfy the

7   requirements and exhaust the administrative procedures under the Private Attorney General Act,

8   bring this Representative Action on behalf of the State of California with respect to themselves

9   and all individuals who are or previously were employed by Defendant L'Oreal USA S/D, Inc.

10  who worked in California and who were classified as non-exempt during the period March 6,

11  2017 to the earlier of the date of preliminary approval of this settlement or April 20, 2019 (the

12  "PAGA Period") (the "AGGRIEVED EMPLOYEES").

13      94.    On January 29, 2018, Plaintiffs gave written notice by electronic mail to the Labor

14  and Workforce Development Agency (the "Agency") and by certified mail to the employer of

15  the specific provisions of this code alleged to have been violated as required by Labor Code §

16  2699.3. *See* Exhibit #1, attached hereto and incorporated by this reference herein.   The

17  statutory waiting period for PLAINTIFFS to add these allegations to the Complaint has expired.

18  As a result, pursuant to Section 2699.3, PLAINTIFFS may now commence a representative

19  civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with

20  respect to all AGGRIEVED EMPLOYEES as herein defined.

21      95.    The policies, acts and practices heretofore described were and are an unlawful

22  business act or practice because Defendant (a) failed to provide PLAINTIFFS and the other

23  AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime, (b) failed

24  to properly record and provide legally required meal and rest periods, (c) failed to provide

25  accurate itemized wage statements, and (d) failed to pay wages when due, all in violation of the

26  applicable Labor Code sections listed in Labor Code Sections §§ 201, 202, 203, 204, 226(a),

27  226.7, 510, 512, 558, 1194, 1198, and the applicable Industrial Wage Order(s), and thereby

28

1   gives rise to statutory penalties as a result of such conduct. PLAINTIFFS hereby seek recovery

2   of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the

3   representatives of the State of California for the illegal conduct perpetrated on PLAINTIFFS

4   and the other AGGRIEVED EMPLOYEES.

5

6                        **EIGHTH CAUSE OF ACTION**

7            **Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA")**

8        **(By PLAINTIFFS and the COLLECTIVE CLASS against DEFENDANT)**

9        96.    PLAINTIFFS, and the other members of the COLLECTIVE CLASS, reallege

10  and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 95

11  of this Complaint.

12       97.    DEFENDANT is engaged in communication, business, and transmission

13  between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C.

14  § 203(b).

15       98.    PLAINTIFFS further bring the Eighth Cause of Action on behalf of a

16  COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 defined as all persons who are or

17  were previously employed by DEFENDANT in California as non-exempt employees (the

18  "COLLECTIVE CLASS") at any time during the period three (3) years prior to the filing of the

19  Complaint and ending on the date as determined by the Court (the "COLLECTIVE CLASS

20  PERIOD").

21       99.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to

22  willful violations of the FLSA.

23       100.   29 U.S.C. § 207(a)(1) provides in pertinent part:

24           Except as otherwise provided in this section, no employer shall employ
             any of his employees who in any workweek is engaged in commerce or
25           in the production of goods for commerce, or is employed in an
             enterprise engaged in commerce or in the production of goods for
26           commerce, for a workweek longer than forty hours unless such
             employee receives compensation for his employment in excess of the
27           hours above specified at a rate not less than one and one-half times the

28                                        37

1    regular rate at which he is employed.

2    101.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the

3    PLAINTIFFS and the other members of the COLLECTIVE CLASS are entitled to

4    overtime compensation for all overtime hours actually worked, at a rate not less than

5    one and one-half times their regular rate of pay for all hours worked in excess of forty

6    (40) hours in any workweek. DEFENDANTS' failure to correctly calculate overtime

7    wages as required by federal law was willful and not in good faith.

8    102.   During the COLLECTIVE CLASS PERIOD, PLAINTIFFS, and

9    other members of the COLLECTIVE CLASS, worked more than forty (40) hours in

10   a workweek.

11   103.   At all relevant times, DEFENDANT required PLAINTIFFS and

12   COLLECTIVE CLASS Members to work off the clock without paying them for all the

13   time they were under DEFENDANT's control.  PLAINTIFFS and COLLECTIVE

14   CLASS Members would clock out of DEFENDANT's timekeeping system, in order to

15   perform additional work for DEFENDANT as required to meet DEFENDANT's job

16   requirements.  Specifically, DEFENDANT engaged in the uniform and systematic

17   practice of requiring PLAINTIFFS and COLLECTIVE CLASS Members to perform

18   work off the clock after clocking out in that DEFENDANT, as a condition of

19   employment, required these employees to wait for and submit to loss prevention

20   inspections after clocking out for meal breaks and at the end of each scheduled shift for

21   which DEFENDANT did not provide compensation for time spent awaiting and

22   performing the loss prevention inspections off the clock. As a result, PLAINTIFFS and

23   other COLLECTIVE CLASS Members forfeited overtime wages by working without

24   their time being correctly recorded and without compensation at the applicable overtime

25   rates. DEFENDANT's uniform policy and practice not to pay PLAINTIFFS and other

26   COLLECTIVE CLASS Members for all overtime worked, is evidenced by

27   DEFENDANT's business records. Thus, DEFENDANT failed to pay the PLAINTIFFS,

28                                    38

1   and other members of the COLLECTIVE CLASS, overtime compensation for the hours

2   they have worked in excess of the maximum hours permissible by law as required by §

3   207 of the FLSA, even though the PLAINTIFFS, and the other members of the

4   COLLECTIVE CLASS, were regularly required to work, and did in fact work, overtime

5   hours.

6          104.   For purposes of the Fair Labor Standards Act, the employment

7   practices of DEFENDANT were and are uniform throughout California in all

8   respects material to the claims asserted in this Complaint.

9          105.   As a result of DEFENDANT's failure to pay the correct overtime

10   compensation for overtime hours worked, as required by the FLSA, PLAINTIFFS

11   and the members of the COLLECTIVE CLASS were damaged in an amount to be

12   proved at trial.

13          106.   Therefore, PLAINTIFFS demand that they and the members of the

14   COLLECTIVE CLASS be paid the correct overtime compensation as required by the

15   FLSA for every hour of overtime worked plus interest and statutory costs as provided

16   by law.

17

18                              **PRAYER FOR RELIEF**

19          WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and

20   severally, as follows:

21   1.     On behalf of the CALIFORNIA CLASS:

22          A)     That the Court certify the First Cause of Action asserted by the CALIFORNIA

23                 CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

24          B)     An order temporarily, preliminarily and permanently enjoining and restraining

25                 DEFENDANT from engaging in similar unlawful conduct as set forth herein;

26          C)     An order requiring DEFENDANT to pay all wages and all sums unlawfuly

27                 withheld from compensation due to PLAINTIFFS and the other members of

28                                          39
     _____
                  SECOND AMENDED CLASS ACTION COMPLAINT

1    the CALIFORNIA CLASS; and,

2    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

3         fund for restitution of the sums incidental to DEFENDANT's violations due to

4         PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

5    2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

6    A)   That the Court certify the Second, Third, Fourth, Fifth and Sixth Causes of

7         Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action

8         pursuant to Cal. Code of Civ. Proc. § 382;

9    B)   Compensatory damages, according to proof at trial, including compensatory

10        damages for overtime compensation due PLAINTIFFS and the other members

11        of the CALIFORNIA LABOR SUB-CLASS, during the applicable

12        CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

13        statutory rate;

14   C)   Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512

15        and the applicable IWC Wage Order;

16   D)   The greater of all actual damages or fifty dollars ($50) for the initial pay

17        period in which a violation occurs and one hundred dollars ($100) per each

18        member of the CALIFORNIA LABOR SUB-CLASS for each violation in a

19        subsequent pay period, not exceeding an aggregate penalty of four thousand

20        dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

21        and,

22   E)   The wages of all terminated employees from the CALIFORNIA LABOR

23        SUB-CLASS as a penalty from the due date thereof at the same rate until paid

24        or until an action therefore is commenced, in accordance with Cal. Lab. Code

25        § 203.

26   3.   On behalf of the COLLECTIVE CLASS:

27   A)   That the Court certify the Eighth Cause of Action asserted by the

28
                                        40

1           COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

2     B)   Issue a declaratory finding that DEFENDANT's acts, policies, practices and

3           procedures complained of herein violated provisions of the Fair Labor

4           Standards Act; and

5     C)   That the PLAINTIFFS and the COLLECTIVE CLASS members recover

6           compensatory damages and an equal amount of liquidated damages as

7           provided under the law and in 29 U.S.C. § 216(b).

8  4.   On behalf of the State of California and with respect to all AGGRIEVED

9     EMPLOYEES:

10    (A)  Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

11         General Act of 2004.

12  5.   On all claims:

13     A)   An award of interest, including prejudgment interest at the legal rate;

14     B)   Such other and further relief as the Court deems just and equitable; and,

15     C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

16         including, but not limited to, pursuant to Labor Code §218.5, §226, and/or §1194.

17

18  Dated:  April 30, 2019        BLUMENTHAL NORDREHAUG BHOWMIK
                              DE BLOUW LLP

19

20

21                  By:_____
                         Norman Blumenthal
                         Attorneys for Plaintiffs

22

23

24

25

26

27

28

<div align="center">41</div>

<div align="center">SECOND AMENDED CLASS ACTION COMPLAINT</div>

1

## DEMAND FOR A JURY TRIAL

2

3        PLAINTIFFS demand a jury trial on issues triable to a jury.

4

5    Dated:   April 30, 2019          BLUMENTHAL NORDREHAUG BHOWMIK
                                      DE BLOUW LLP
6

7

8                                     By:

9                                        Norman Blumenthal
                                         Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        42
                        SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

SECOND AMENDED CLASS ACTION COMPLAINT

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
Web Site: www.bamlawca.com

*San Diego* | *San Francisco* | *Sacramento* | *Los Angeles* | *Riverside* | *Chicago*
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL
Nick@bamlawca.com

WRITERS EXT:
1004

January 29, 2018
CA1514

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency
Online Filing

L'Oreal USA S/D, Inc.
Certified Mail # 70171450000202536847
CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Re: Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 558, 1194, 1198, Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiffs Angela Conti and Justine Mora ("Plaintiffs"), and other aggrieved employees in a lawsuit against L'Oreal USA S/D, Inc. ("Defendant"). Plaintiff Conti was employed by Defendant in California from June of 2010 to December of 2017 as a nonexempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control, including overtime worked. Plaintiff Mora was employed by Defendant in California from July of 2015 to November of 2017 as a nonexempt employee entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control, including overtime worked. Defendant, however, unlawfully failed to record and pay Plaintiffs and other aggrieved employees for all of their time worked, including overtime wages, and for all of their missed meal and rest breaks. As a consequence of the aforementioned violations, Plaintiffs further contend that Defendant failed to provide accurate wage statements to them, and other aggrieved employees, in violation of California Labor Code section 226(a). Additionally, Plaintiffs contend that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiffs began and ended each shift and meal period. Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 558, 1194, 1198, Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint filed by Plaintiffs against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiffs, (iii) sets forth the

people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiffs, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiffs therefore incorporate the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiffs to proceed with the Complaint against Defendant as authorized by California Labor Code section 2695, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Restations Accounting unit with an identification of the Plaintiffs, the Defendant and the notice. The pending lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiffs and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

Z:\D\Dropbox (NBB)\Pending Litigation\L'Oreal- Conti\l-paga-01.wpd

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)                    E-FILED
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara                                      4/30/2019 2:52 PM
   La Jolla, CA 92037                              Superior Court of California
4  Telephone: (858)551-1223                             County of Fresno
   Facsimile: (858) 551-1232
5                                                     By: A. Ramos, Deputy

6  Attorneys for Plaintiffs

7
                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8
                     **IN AND FOR THE COUNTY OF FRESNO**
9

10

11  ANGELA CONTI and JUSTINE MORA,          CASE No. **18CECG00816**
    individuals, on behalf of themselves, and
12  on behalf of all persons similarly situated,

13

14              Plaintiff,                   **PROOF OF SERVICE**

15  vs.

16  L'OREAL USA S/D, INC., a Corporation;
    and Does 1 through 50, Inclusive,
17
                                             Action Filed:  March 6, 2018
18              Defendants.

19

20

21

22

23

24

25

26

27

28

---

                              PROOF OF SERVICE

                                                    CASE No. **18CECG00816**

1   STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

2       I, Ricardo R. Ehmann, am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2255 Calle Clara, La

3   Jolla, California 92037.

4

       On April 30, 2019, I served the document(s) described as:

5

6    **1.**     **SECOND AMENDED CLASS ACTION COMPLAINT**

7

8   __X__   (BY MAIL):  I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California.  I am readily familiar with this firm's

9   business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence will be deposited with the U.S.

10   Postal Service this same day in the ordinary course of business (C.C.P. Section 10139a); 2015.5):

11

12   Angela J. Rafoth
      LITTLER MENDELSON, P.C.

13   333 Bush St. 34th Floor
      San Francisco, CA 94104

14

15   Irene V. Fitzgerald
      LITTLER MENDELSON, P.C.
      5200 North Palm Ave., Suite 302

16   Fresno, CA 93704

17   Attorneys for Defendant

18

   __X__   (State): I declare under penalty of perjury under the laws of the State of California that the

19   above is true and correct.

20   Executed on April 30, 2019, at  La Jolla, California.

21

22                      *Ricardo Ehmann*
                  _____

23                   Ricardo R. Ehmann

24

25

26

27

28

EXHIBIT "D"

ANGELA J. RAFOTH, Bar No. 241966
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:    415.433.1940
Email: ARafoth@littler.com

IRENE V. FITZGERALD, Bar No. 266949
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, CA 93704.2225
Telephone:    559.244.7500
Email: lfitzgerald@littler.com

E-FILED
5/28/2019 3:22 PM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

Attorneys for Defendant, L'OREAL USA S/D, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF FRESNO

| | |
|---|---|
| ANGELA CONTI and JUSTINE MORA, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>L'OREAL USA S/D, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 18CECG00816<br><br>**DEFENDANT L'OREAL USA S/D, INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE JEFFREY HAMILTON<br><br>First Amended Complaint filed: April 9, 2018<br>Trial Date: TBD |

Defendant L'OREAL USA S/D, INC. ("L'OREAL") hereby answers the unverified Second Amended Class Action Complaint ("SAC") filed by Plaintiffs ANGELA CONTI and JUSTINE MORA ("Plaintiffs") on behalf of themselves and all others similarly situated in the above-referenced action.

**GENERAL DENIAL**

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), L'OREAL denies generally and specifically each and every allegation contained in the SAC. In addition, L'OREAL denies Plaintiffs have sustained, or will sustain, any loss or damages in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 18CECG00816

GENERAL DENIAL & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 2ND AMDED CLASS ACTION COMPLAINT

1  or absence thereof on the part of L'OREAL. L'OREAL further denies that any of the claims asserted
2  by Plaintiffs is suitable for class, collective, or representative treatment or adjudication.

3                         **AFFIRMATIVE AND OTHER DEFENSES**

4            L'OREAL asserts the following affirmative and other defenses, which it designates,
5  collectively, as "affirmative defenses." L'OREAL's designation of its defenses as "affirmative" is
6  not intended in any way to alter Plaintiffs' burden of proof with regard to any element of their causes
7  of action. L'OREAL also expressly denies the existence of any alleged putative class of persons or
8  "aggrieved employees" that Plaintiffs purport to represent in this lawsuit. L'OREAL incorporates
9  (as if fully set forth therein) this express denial each and every time it references "Plaintiffs."

10                        **FIRST AFFIRMATIVE DEFENSE**
11                               (General Denial)

12            L'OREAL alleges that Plaintiffs' SAC, and every alleged cause of action therein, fails
13  to state a claim sufficient to constitute a cause of action.

14                       **SECOND AFFIRMATIVE DEFENSE**
15                             (Statute of Limitations)

16            L'OREAL alleges that Plaintiffs' SAC, and every cause of action therein, is barred by
17  the applicable statutes of limitations set forth in Code of Civil Procedure sections 338 and 340(a),
18  Labor Code section 203, Business and Professions Code section 17208, 29 U.S. Code § 255 and/or
19  any other applicable statute of limitations.

20                        **THIRD AFFIRMATIVE DEFENSE**
21                             (PAGA – No Standing)

22            L'OREAL alleges that Plaintiffs lack standing to bring claims for any civil penalties
23  on behalf of others because they are not an "aggrieved employee" pursuant to the Labor Code
24  Private Attorneys General Act of 2004 ("PAGA"), Labor Code section 2698 et seq.

25                       **FOURTH AFFIRMATIVE DEFENSE**
26                           (PAGA – Failure To Exhaust)

27            L'OREAL alleges that Plaintiffs failed to exhaust all internal grievance procedures
28  and administrative remedies and failed to timely provide the Labor Workforce Development Agency

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case No.: 18CECG00816                    2.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 2ND AMDED CLASS ACTION COMPLAINT

1  ("LWDA") and Defendant with proper notification of the claims and/or to adequately describe their

2  claims or the "aggrieved employees" on whose behalf they intend to seek penalties, pursuant to the

3  PAGA.

### FIFTH AFFIRMATIVE DEFENSE
(PAGA – Failure To Identify)

5  L'OREAL alleges that Plaintiffs have failed to adequately identify any other

6  allegedly "aggrieved employees," as required by the PAGA.

### SIXTH AFFIRMATIVE DEFENSE
(PAGA – Determination Of Penalties)

9  L'OREAL alleges that civil penalties that Plaintiffs seek pursuant to the PAGA

10  cannot be determined on a class-wide or representative basis.

### SEVENTH AFFIRMATIVE DEFENSE
(PAGA – Determination Of Penalties)

13  L'OREAL alleges that any penalties awarded against it pursuant to the PAGA would

14  be unjust, arbitrary, oppressive or confiscatory.

### EIGHTH AFFIRMATIVE DEFENSE
(PAGA – No Statutory Penalties)

17  L'OREAL alleges that Plaintiffs cannot recover statutory penalties on behalf of other

18  "aggrieved employees" pursuant to the PAGA.

### NINTH AFFIRMATIVE DEFENSE
(PAGA – Constitutionality)

21  L'OREAL alleges that the imposition of civil penalties pursuant to the PAGA is

22  unconstitutional under the California and United States constitutions.

### TENTH AFFIRMATIVE DEFENSE
(Labor Code §226(a) – No Violation)

26  L'OREAL alleges that it has provided compliant wage statements because they show

27  all of the categories of information required by Labor Code section 226(a).

28  ///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco CA 94104
415 433 1940

Case No.: 18CECG00816                    3.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 2ND AMDED CLASS ACTION COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE
### (Labor Code §226(e) – No Injury)

L'OREAL alleges that, even assuming arguendo Plaintiffs were not provided with a compliant wage statement, Plaintiffs are not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), they did not suffer any injuries as a result.

## TWELFTH AFFIRMATIVE DEFENSE
### (Labor Code §226(e) – No Intentionality)

L'OREAL alleges that, even assuming arguendo Plaintiffs were not provided with a compliant wage statement, Plaintiffs are not entitled to recover any damages or penalties because L'OREAL's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional" under California Labor Code section 226(e).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (CCP § 382 – Class Action Requirements)

L'OREAL alleges that this suit may not be properly maintained as a class action because: (a) Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements for class treatment; (b) the number of putative class members is too small to meet the numerosity requirement for a class action; (c) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the SAC; (d) common issues of facts or law do not predominate and, to the contrary, individual issues predominate; (e) Plaintiffs' claims are not representative or typical of the claims of the putative class; (f) Plaintiffs are not a proper class representative; (g) the named Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; and/or (h) Plaintiffs cannot satisfy any of the requirements for class action treatment set forth in California Code of Civil Procedure section 382 or Federal Rule of Civil Procedure 23.  If the Court certifies a class in this case over L'OREAL's objections, then L'OREAL asserts the additional defenses set forth herein against each and every member of the certified class.

///

///

Case No.: 18CECG00816                         4.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 2ND AMDED CLASS ACTION COMPLAINT

1

2

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

3

4

5

L'OREAL alleges that Plaintiffs' SAC, and every alleged cause of action therein, is barred in whole or in part to the extent it is subject to the equitable doctrines, of laches, unclean hands, waiver, and estoppel.

6

7

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Claims Subject To Arbitration)

8

9

10

11

L'OREAL alleges that the Court lacks jurisdiction over the claims alleged in Plaintiffs' SAC to the extent that Plaintiffs, and/or some or all of those they purport to represent, are subject to a valid and enforceable arbitration agreement requiring the arbitration of those individual's claims.

12

13

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Class Arbitration Claims)

14

15

16

L'OREAL alleges that the class and representative allegations of the SAC are barred because Plaintiffs, and/or some or all of those they purport to represent, and L'OREAL agreed to submit only individual disputes to arbitration.

17

18

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Satisfaction of Obligations)

19

20

21

L'OREAL alleges that Plaintiffs' SAC, and every alleged cause of action therein, is barred because, to the extent L'OREAL owed any duties or obligations to Plaintiffs, such duties or obligations have been fully performed, satisfied or discharged.

22

23

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Injury Caused by Plaintiff)

24

25

26

L'OREAL alleges that Plaintiffs' SAC, and every alleged cause of action therein, cannot be maintained against L'OREAL because any alleged losses or harms sustained by Plaintiffs resulted from causes other than any act or omission of any L'OREAL.

27

///

28

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.: 18CECG00816

5.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 2ND AMDED CLASS ACTION COMPLAINT

## NINTEENTH AFFIRMATIVE DEFENSE
### (No Equitable Relief)

L'OREAL alleges that Plaintiffs' SAC, and each and every cause of action alleged therein, is barred to the extent Plaintiffs seek equitable relief because there is an adequate remedy at law.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Voluntary Waiver)

Defendant alleges that, to the extent that Plaintiffs, and/or some or all of the employees Plaintiffs purport to represent, did not take a meal period or rest break, it was because he/she: (1) failed to take breaks that were provided to him/her in compliance with California law; (2) chose not to take breaks that were authorized and permitted; or (3) waived his/her right to meal periods and/or rest breaks.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Bona Fide Dispute)

Defendant alleges that the Complaint fails to state a claim for penalties under the California Labor Code in that (1) there was a bona fide, good faith dispute as to Defendant's obligations under any applicable Labor Code provisions, including, without limitation, Labor Code section 203, and (2) Defendant did not willfully violate Labor Code section 203.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Offset To Injury)

L'OREAL alleges that any recovery by Plaintiffs under any of the causes of action alleged in the SAC must be offset by any benefits and/or other monies they, and those they seek to represent, have received from L'OREAL.

///

///

///

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco CA 94104
415 433 1940

Case No.: 18CECG00816

6.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 2ND AMDED CLASS ACTION COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (FLSA Claims – Willfulness)

AS A SEPARATE DEFENSE, Defendant alleges that Plaintiffs' purported FLSA claims are barred in whole or in part in that Defendant's alleged acts are not willful and that the claims of Plaintiffs arising under the FLSA more than two years before filing this Second Amended Complaint are therefore barred by the statute of limitations set forth in the Portal-to-Portal Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (FLSA Claims – No Penalty)

AS A SEPARATE DEFENSE, Defendant alleges that Plaintiffs are not entitled to a penalty award under the FLSA (29 U.S.C. §207).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Class Certification – Class And Collective Action Mechanisms)

AS A SEPARATE DEFENSE, Defendant alleges that a class action is not the superior method of adjudicating Plaintiffs' alleged state law claims in light of the opt-in mechanism contemplated by the FLSA collective action. Use of both mechanisms will confuse potential class members and burden the Court and thus a class action should not be permitted. *See e.g. Leuthold v. Destination America* (N.D. Cal. 2004) 224 F.R.D. 462.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Minimum Wage and Overtime Claims – Good Faith)

AS A SEPARATE DEFENSE, Defendant alleges that at all times it acted in good faith to comply with the FLSA and the California Labor Code and Wage Order(s) and with reasonable grounds to believe that its actions did not violate the FLSA and/or the California Labor Code and Wage Order(s), and Defendant asserts a lack of willfulness or intent to violate the FLSA and/or the California Labor Code and Wage Order(s) as a defense to any claim by Plaintiff for liquidated damages.

## ADDITIONAL AFFIRMATIVE AND OTHER DEFENSES

L'OREAL presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case No.: 18CECG00816                    7.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 2ND AMDED CLASS ACTION COMPLAINT

1  additional defenses or affirmative defenses in the event discovery indicates such defenses are
2  appropriate.

3                                    **PRAYER FOR RELIEF**

4            WHEREFORE, L'OREAL prays for relief as follows:

5            1.      That Plaintiffs take nothing and that the SAC be dismissed in its entirety with
6  prejudice;

7            2.      That judgment be entered in L'OREAL's favor;

8            3.      That L'OREAL be awarded such other and further relief as the Court deems
9  just and proper.

10

11  Dated: May __28__, 2019

12

13

14                                               ANGELA J. RAFOTH
                                                 IRENE V. FITZGERALD
15                                               LITTLER MENDELSON, P.C.
                                                 Attorneys for Defendant
16

     FIRMWIDE:164526993.1 054993.1110
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case No.: 18CECG00816                              8.

ANSWER & AFFIRMATIVE DEFENSES OF L'OREAL USA S/D INC., TO 2ND AMDED CLASS ACTION COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On May 28, 2019, I served the within document(s):

**DEFENDANT L'OREAL USA S/D, INC.'S ANSWER TO
SECOND AMENDED CLASS ACTION COMPLAINT**

☐    **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

     ☐    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

     ☒    placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Fresno, California.**

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Norman B. Blumenthal, Esq.                    Counsel for Plaintiffs
Kyle R. Nordrehaug, Esq.
Aparajit Bhowmik, Esq.
**BLUMENTHAL NORDREHAUG**
**BHOWMIK DE BLOUW LLP**
2255 Calle Clara
La Jolla, CA 92037
Tel: 858.551.1223
Fax: 858.551.1232
Email: norm@bamlawca.com
Email: kyle@bamlawca.com
Email: aj@bamlawlj.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 28, 2019, at Fresno, California.

Jennifer A. Drudge

Firmwide:154672767.1 054993.1110

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

EXHIBIT "E"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
L'OREAL USA S/D, INC., a Corporation; and Does 1 through 50 Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANGELA CONTI and JUSTINE MORA, individuals, on behalf of themselves, and on behalf of all persons similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED

3/9/2018

FRESNO COUNTY SUPERIOR COURT

By: R Garcia, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 18CECG00816 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
B. F. Sisk Courthouse
1130 O Street, Fresno, CA 93721

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal    (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE:
*(Fecha)* 3/9/2018

Clerk, by
*(Secretario)* R Garcia

, Deputy
*(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* L'OREAL USA S/D, I NC.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4/12/1Y

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal   (Bar # 68687) <br> Blumenthal Nordrehaug Bhowmik De Blouw LLP <br> 2255 Calle Clara <br> La Jolla, CA 92037 <br> TELEPHONE NO: (858) 551-1223    FAX NO.: (858) 551-1232 <br> ATTORNEY FOR *(Name)*: Plaintiffs Angela Conti and Justine Mora | E-FILED <br> 3/6/2018 2:30 PM <br> FRESNO COUNTY SUPERIOR COURT <br> By: R Garcia, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
ANGELA CONTI and JUSTINE MORA v. L'OREAL USA S/D, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 18CECG00816 |
|---|---|---|
| [X] Unlimited   [ ] Limited <br> (Amount   (Amount <br> demanded   demanded is <br> exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify)*: SIX (6)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 6, 2018

Norman B. Blumenthal
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Civil Unlimited Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1900 | FOR COURT USE ONLY<br><br>Filed by Court |
|---|---|

| TITLE OF CASE:<br><br>Angela Conti vs L'Oreal USA S/D Inc. // COMPLEX/CLASS ACTION | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT<br>OF JUDGE FOR ALL PURPOSES | CASE NUMBER:<br><br>18CECG00816 |
|---|---|

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Jeffrey Hamilton** for all **purposes.**
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on July 10, 2018 at 3:30 p.m. in **Department 402** of the court located at **1130 "O" Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (listed in the phone book).

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **March 14, 2018**                    Clerk, by _____ , Deputy
                                                                    R. Garcia

---

TCV-48 R03-09

**NOTICE OF CASE MANAGEMENT CONFERENCE AND
ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department - Non-Limited | Entered by: |
|---|---|
| TITLE OF CASE:<br><br>Angela Conti vs. L'Oreal USA S/D Inc.  // COMPLEX/CLASS ACTION | |
| **LAW AND MOTION MINUTE ORDER** | Case Number:<br><br>**18CECG00816** |

| | | | |
|---|---|---|---|
| Hearing Date: | **April 4, 2019** | Hearing Type: | **Case Management Conference** |
| Department: | **501** | Judge/Temp. Judge: | **Hamilton, Jeffrey Y.** |
| Court Clerk: | **Whipple, Layla** | Reporter/Tape: | **N/R** |

| Appearing Parties: | |
|---|---|
| Plaintiff: | Defendant: |
| Counsel: | Counsel: |

[ ] Off Calendar

[X] Continued to 7/11/19 at 3:00 p.m. Dept. 501 for Case Management Conference.

[ ] Submitted on points and authorities with/without argument.    [ ] Matter is argued and submitted.

[ ] Upon filing of points and authorities.

[ ] Motion is granted    [ ] in part and denied in part.    [ ] Motion is denied  [ ] with/without prejudice.

[ ] Taken under advisement

[ ] Demurrer   [ ] overruled  [ ] sustained with __ days to  [ ] answer  [ ] amend

[ ] Tentative ruling becomes the order of the court.  No further order is necessary.

[ ] Pursuant to CRC 3.1312(a) and CCP section 1019.5(a), no further order is necessary.  The minute order adopting the tentative ruling serves as the order of the court.

[ ] Service by the clerk will constitute notice of the order.

[ ] See attached copy of the Tentative Ruling.

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
     Bench warrant issued in the amount of $ __ .

JUDGMENT:
[ ] Money damages   [ ] Default   [ ] Other __ entered in the amount of:
     Principal $__   Interest $__   Costs $__   Attorney fees $__   Total $__
[ ] Claim of exemption  [ ] granted  [ ] denied.  Court orders withholdings modified to $__ per __

FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be   [ ] released to judgment creditor.  [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.    [ ] Writ to issue
[ ] Notice to be filed within 15 days.  [ ] Restitution of Premises
[ ] Other: __

CV-14b R03-18
Mandatory Form

**LAW AND MOTION MINUTE ORDER**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO**<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
| TITLE OF CASE:<br>Angela Conti vs.L'Oreal USA S/D Inc.   // COMPLEX/CLASS ACTION | |

| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>18CECG00816 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

[Minute Order]

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing: Fresno, California 93724-0002

On Date: 04/05/2019                                      Clerk, by _____, Deputy

L. Whipple

| | |
|---|---|
| Norman B Blumenthal<br>Blumenthal, Nordrehaug & Bhowm<br>2255 Calle Clara<br>La Jolla,, CA 92037 | Angela J Rafoth<br>Littler Menderson, P.C.<br>333 Bush Street, 34th Fl<br>San Francisco, CA 94104 |
| Irene V. Fitzgerald<br>Littler Mendelson, PC<br>5200 North Palm Ave<br>Suite 302<br>Fresno, CA 93704 | |

☐ Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06

CLERK'S CERTIFICATE OF MAILING

# EXHIBIT "F"

1  ANGELA J. RAFOTH, Bar No. 241966
   LITTLER MENDELSON, P.C.
2  333 Bush Street, 34th Floor
   San Francisco, CA  94104
3  Telephone:    415.433.1940
   Email: ARafoth@littler.com

4
   IRENE V. FITZGERALD, Bar No. 266949
5  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
6  Fresno, CA  93704.2225
   Telephone:    559.244.7500
7  Email: Ifitzgerald@littler.com

8  Attorneys for Defendant, L'OREAL USA S/D, INC.

9

10                  SUPERIOR COURT OF CALIFORNIA

11                       COUNTY OF FRESNO

| | |
|---|---|
| 12  ANGELA CONTI and JUSTINE MORA, individuals, on behalf of themselves, and on behalf of all persons similarly situated, | Case No.  18CECG00816 |
| 13 | **NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| 14          Plaintiffs, | |
| 15      v. | ASSIGNED FOR ALL PURPOSES TO JUDGE JEFFREY HAMILTON |
| 16  L'OREAL USA S/D, INC., a Corporation; and DOES 1 through 50, inclusive, | |
| 17          Defendant. | Second Amended Complaint filed: April 30, 2019 |
| 18 | Trial Date: TBD |

19

20         TO PLAINTIFF AND HER COUNSEL OF RECORD:

21                PLEASE TAKE NOTICE THAT on May 29, 2019, Defendant L'OREAL USA S/D,

22  INC. ("Defendant"), filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 in the

23  United States District Court for the Eastern District of California.

24                A true and correct copy of Defendant's Notice of Removal is attached hereto as

25  Exhibit 1.

26  ///

27  ///

28  ///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Notice to Plaintiff of Removal of Civil Action to Federal Court

Dated:      May 29, 2019

ANGELA J. RAFOTH
IRENE V. FITZGERALD
LITTLER MENDELSON, P.C.
Attorneys for Defendant
L'OREAL USA S/D, INC.

FIRMWIDE:164575387.1 054993.1110

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

2.

Notice to Plaintiff of Removal of Civil Action to Federal Court

# EXHIBIT "G"

1  ANGELA J. RAFOTH, Bar No. 241966
   LITTLER MENDELSON, P.C.
2  333 Bush Street, 34th Floor
   San Francisco, CA  94104
3  Telephone:     415.433.1940
   Email: ARafoth@littler.com

4

5  IRENE V. FITZGERALD, Bar No. 266949
   LITTLER MENDELSON, P.C.
6  5200 North Palm Avenue, Suite 302
   Fresno, CA  93704.2225
7  Telephone:     559.244.7500
   Email: Ifitzgerald@littler.com

8  Attorneys for Defendant, L'OREAL USA S/D, INC.

9
                    SUPERIOR COURT OF CALIFORNIA
10
                          COUNTY OF FRESNO
11

12  | ANGELA CONTI and JUSTINE MORA, | Case No.  18CECG00816 |
    | individuals, on behalf of themselves, and | |
13  | on behalf of all persons similarly situated, | **NOTICE TO STATE COURT OF** |
    | | **REMOVAL OF CIVIL ACTION TO** |
14  | Plaintiffs, | **FEDERAL COURT** |
    | | |
15  | v. | |
    | | |
16  | L'OREAL USA S/D, INC., a Corporation; | ASSIGNED FOR ALL PURPOSES TO JUDGE |
    | and DOES 1 through 50, inclusive, | JEFFREY HAMILTON |
17  | | |
    | Defendant. | Second Amended Complaint filed: April 30, |
18  | | 2019 |
    | | Trial Date: TBD |

19
                TO THE CLERK OF THE ABOVE-ENTITLED COURT:
20
            PLEASE TAKE NOTICE that on May 29, 2019, the above-captioned matter was
21
    removed from the Superior Court of the State of California, County of Fresno, where it was
22
    previously pending, to the United States District Court for the Eastern District of California,
23
    pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  A copy of the Notice of Removal filed by
24
    Defendant L'OREAL USA S/D, INC., a Corporation, is attached as Exhibit 1.
25
    / / /
26
    / / /
27
    / / /
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the

2  filing of a Notice of Removal in the United States District Court, together with the filing of a copy of

3  a Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this

4  Court may proceed no further unless and until the case is remanded.

5

6  Dated:      May 29, 2019

7

8

9    ANGELA J. RAFOTH
     IRENE V. FITZGERALD

10    LITTLER MENDELSON, P.C.
     Attorneys for Defendant

11    L'OREAL USA S/D, INC.

    FIRMWIDE:164556240.1 054993.1110
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

2.

Notice of State Court Removal of Civil Action to Federal Court