1  **BLUMENTHAL NORDREHAUG BHOWMIK**
   **DE BLOUW LLP**
2    Norman B. Blumenthal (State Bar #068687)
     Kyle R. Nordrehaug (State Bar #205975)
3    Aparajit Bhowmik (State Bar #248066)
     Piya Mukherjee (State Bar #274217)
4  2255 Calle Clara
   La Jolla, CA 92037
5  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
6
   Attorneys for Plaintiffs
7

8

9

10

11                    **UNITED STATES DISTRICT COURT**
12
                      **EASTERN DISTRICT OF CALIFORNIA**
13

14

15  ANGELA CONTI and JUSTINE          CASE No. **1:19-CV-00769-LJO-SKO**
    MORA, individuals, on behalf of
16  themselves, and on behalf of all persons
    similarly situated,               **DECLARATION OF KYLE**
17                                     **NORDREHAUG IN SUPPORT OF**
                                       **MOTION FOR PRELIMINARY**
18              Plaintiffs,            **APPROVAL OF CLASS**
                                       **SETTLEMENT**
19  vs.

20  L'OREAL USA S/D, INC., a           Hearing Date: December 11, 2019
    Corporation; and DOES 1 through 50, Hearing Time: 8:30 a.m.
21  inclusive,
                                       District Judge: Hon. Lawrence J. O'Neill
22              Defendant.             Robert E. Coyle U.S. Courthouse,
                                       Courtroom 4, 7th Floor
23

24

25

26

27

28

---

I, KYLE R. NORDREHAUG, declare as follows:

1.     I am a partner in the law firm of Blumenthal Nordrehaug Bhowmik De Blouw LLP, counsel of record for the Plaintiffs Angela Conti and Justine Mora ("Plaintiffs") in this matter.  As such, I am fully familiar with the facts, pleadings and history of this matter.  The following facts are within my own personal knowledge, and if called as a witness, I could testify competently to the matters stated herein.

2.     This declaration is being submitted in support of the Motion For Preliminary Approval of Class Action Settlement.  Lodged herewith as <u>Exhibit 1</u> is a copy of the fully executed Class Action Settlement Agreement ("Agreement"), along with exhibit thereto.  Capitalized terms in this Declaration have the same meaning as contained in the Agreement.

<u>Fairness of Settlement</u>

3.     Counsel for the Parties, after litigation and contentious settlement negotiations, agreed to a settlement that is fair, reasonable and favorable to the Class. The Class is defined as "all individuals who are or previously were employed by Defendant who worked in California, were classified as non-exempt, and who separated from their employment between March 6, 2014 and February 20, 2018." (Agreement at ¶ I(C).)[1]

4.     Under the terms to which the Parties have agreed, Defendant L'Oreal USA S/D, Inc. ("Defendant") agrees to pay Four Hundred Twenty-Five Thousand Dollars ($425,000) ("Gross Settlement Amount") in consideration for the settlement and the release of claims as described in the Agreement.  The release applicable to the Class relates to the allegations in the Action and appears in the Agreement at Paragraph

---

[1]  The PAGA period is March 6, 2017 to April 20, 2019.  Any Aggrieved Employees under PAGA who are not in the Class will not receive a Class Notice but will still be mailed their share of the PAGA Payment along with an explanatory letter.

III(F)(1). The Gross Settlement Amount will consist of: all payments to all Participating Class Members, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, the Settlement Administration Expenses, the Class Representative Service Payments, and the PAGA Payment. (Agreement at ¶ I(T).) Defendant shall fully fund the Gross Settlement Amount upon the occurrence of the Effective Date of the Settlement. (Agreement at ¶ III(E)(9).) All of the Gross Settlement Amount will be disbursed pursuant to this Agreement without the need to submit a claim form and none of the Gross Settlement Amount will revert to Defendant. (Agreement at ¶ III(A).)

5. The Net Settlement Amount is the Gross Settlement Amount less the Court-approved amounts for Settlement Administration Expenses, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, the Class Representative Service Payments, and the PAGA Payment. (Agreement at ¶ I(V).) The Settlement Administrator will pay a Settlement Share from the Net Settlement Amount to each Participating Class Member. (Agreement at ¶ III(C)(1).) The Settlement Share for each Participating Class Member will be calculated by (a) dividing the Net Settlement Amount by the total number of workweeks of all Participating Class Members worked during the Class Period to determine the value of each workweek and (b) multiplying the result by each individual Participating Class Member's total number of workweeks worked as a Class Member during the Class Period. (Agreement at ¶ III(C)(2).)

6. This is an excellent result for the members of the Class. The litigation risks that the Plaintiffs and Class Members face if the case were not settled include, among other things, Defendant prevailing on class certification, an adverse decision on the merits, loss of motions which would result in limiting any exposure, and the possibility that a jury would return a less favorable verdict. Liability in this case was uncertain because a jury may have found that some or all of the Class Members were properly compensated and/or that Defendant's conduct was lawful. Moreover, there was further uncertainty as to whether class certification could have been obtained and maintained

1   throughout the trial. These defenses could have reduced the amount recovered or denied

2   a recovery altogether to the members of the Class. Class Counsel and Plaintiffs wish to

3   avoid these risks and uncertainties, as well as the consumption of time and resources of

4   litigation, through settlement pursuant to the terms and conditions of the Agreement.

5

6   Procedural History of the Litigation

7       7.      On March 6, 2018, Plaintiffs filed the Complaint against Defendant in the

8   Superior Court of the State of California, County of Fresno.  The Complaint alleged

9   claims against Defendant for: (1) Unfair competition in violation of California Business

10  and Professions Code §17200 *et seq.*; (2) Failure to pay overtime wages in violation of

11  California Labor Code § 510; (3) Failure to provide required meal periods in violation

12  of California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order; (4)

13  Failure to provide required rest periods in violation of California Labor Code §§ 226.7

14  and 512 and the applicable IWC Wage Order; (5) Failure to provide accurate itemized

15  wage statements in violation of California Labor Code § 226; and, (6) Failure to timely

16  provide wages due in violation of California Labor Code §§ 201, 202, and 203.

17      8.      On April 9, 2018, Plaintiffs filed a First Amended Complaint adding a

18  claim under the Private Attorneys General Act, Cal. Labor Code §§ 2698 *et seq.*

19  ("PAGA").   On May 14, 2018, Defendant filed an answer to the First Amended

20  Complaint generally denying all claims and asserting 22 affirmative defenses.  On April

21  12, 2019, the Superior Court entered an order permitting Plaintiffs to file a Second

22  Amended Complaint and Plaintiffs subsequent filed a Second Amended Complaint

23  which added allegations and a claim under the Fair Labor Standards Act.  On May 28,

24  2019, Defendant filed an answer to the Second Amended Complaint.  On May 30, 2019,

25  Defendant timely removed this action to the District Court based on federal question

26  subject matter jurisdiction and supplemental jurisdiction over the state-law claims.

27      9.      The Parties engaged in an exchange of information and documents.  The

28

1  Parties agreed to early mediation before a neutral mediator in an attempt to resolve the

2  Action.

3      10.    In the course of the Action, Plaintiffs and Defendant have engaged in

4  substantial investigation in connection with the Action, including the detailed

5  investigation and the exchange of information regarding the number of possible class

6  members, Defendant's payroll information for the Class, and other relevant issues.  Class

7  Counsel has thoroughly analyzed the value of the Class Members' claims during the

8  prosecution of this Action.  This investigation has included, among other things, (a)

9  multiple meetings and conferences with Plaintiffs; (b) inspection and analysis of the

10  documents and materials produced by Plaintiffs and Defendant; (c) analysis of the

11  various legal positions taken and defenses raised by Defendant; (d) investigation

12  regarding potential class treatment of the claims; (e) analysis of potential class-wide

13  damages; (f) research of the applicable law with respect to the claims asserted in the

14  Complaint and the potential defenses thereto; (g) the exchange of information through

15  formal and informal discovery; and, (h) assembling data for calculating damages,

16  including the use of an expert for this calculation.  The investigations and discussions

17  by counsel have been more than sufficient to give the Plaintiffs and Class Counsel a

18  sound understanding of the merits of their positions and to evaluate the worth of the

19  claims of the Class Members in light of the defenses to them.  Plaintiffs and Class

20  Counsel believes that the settlement with Defendant for the consideration and on the

21  terms set forth in the Agreement is fair, reasonable, and adequate and is in the best

22  interests of the Class in light of all known facts and circumstances, including the risk of

23  significant delay, the likelihood that Defendant would prevail on its defenses, and

24  numerous potential appellate issues.

25      11.    Defendant does not admit any liability and denies any wrongdoing and

26  denied that the Class Members are entitled to any damages.  Defendant denies any and

27  all allegations relating to this matter, including, among other things, that it has failed to

28

1  properly compensate non-exempt employees or that it otherwise violated its legal

2  obligations.  Defendant has asserted many  affirmative defenses, including that the

3  claims were based on individualized facts and were not appropriate for class

4  certification.  Defendant maintains that it has acted lawfully at all times.

5       12.   On February 13, 2019, the Parties participated in an all-day mediation

6  presided over by Jeffrey A. Ross, Esq. a respected mediator of wage and hour class

7  actions.  At the conclusion of the mediation, the Parties agreed to settle the Action

8  pursuant to the terms of a mediator's proposal and set forth in the Parties' Memorandum

9  of Understanding. The Parties then negotiated and prepared the Agreement which sets

10  forth the final terms of Settlement for this Court's consideration.

11

12  Plan of Allocation

13       13.   To implement the terms of this Settlement, Defendant agrees to pay the

14  Gross Settlement Amount of Four Hundred Twenty-Five Thousand Dollars ($425,000)

15  in full and complete satisfaction of the claims released by the Agreement.  (Agreement

16  at ¶¶ III(A) and III(F).)  The Gross Settlement Amount will consist of: (i) all payments

17  made to Participating Class Members; (ii) service awards to the Plaintiffs of up to

18  $10,000 each; (iii) $50,000 as the PAGA Payment; (iv) up to $15,000 for the expenses

19  of the Settlement Administrator; (v) Class Counsel's approved attorneys' fees of no more

20  than $106,250; and, (vi) Class Counsel's approved litigation costs of no more than

21  $12,000.  (Agreement at ¶ III(A)-(B).)

22       14.   As per Paragraph I(V) of the Agreement, the Net Settlement Amount is the

23  Gross Settlement Amount less the Court-approved amounts for Settlement

24  Administration Expenses, Class Counsel Fees Payment, Class Counsel Litigation

25  Expenses Payment, the Class Representative Service Payments, and the PAGA Payment.

26  The entire Net Settlement Amount will be distributed to Participating Class Members,

27  which are those Class Members who do not request exclusion.  (Agreement at ¶¶ I(Z)

28

1 | and III(C).)

2 |     15.    The Net Settlement Amount will be allocated to Participating Class

3 | Members as follows.  The Settlement Share for each Participating Class Member will be

4 | calculated by (a) dividing the Net Settlement Amount by the total number of workweeks

5 | of all Participating Class Members worked during the Class Period to determine the

6 | value of each workweek and (b) multiplying the result by each individual Participating

7 | Class Member's total number of workweeks worked as a Class Member during the Class

8 | Period according to Defendant's records.  (Agreement at ¶ III(C)(2).)  The PAGA

9 | Payment is $50,000, with 75% going ($37,500) to the LWDA ("the LWDA Payment")

10 | and the remaining 25% ($12,500) going to the Aggrieved Employees. (Agreement at ¶

11 | I(X).)  The PAGA Payment Shares will be distributed irrespective of whether the

12 | Aggrieved Employee opts out from the Class.  (Agreement at ¶ III(C)(3).)  Settlement

13 | checks shall remain valid for 180 days from the date of issue. If the check of a

14 | Participating Class Member remains uncashed, the funds from such uncashed checks will

15 | be paid to the Unclaimed Property fund maintained by the Controller for the State of

16 | California in the name of the Participating Class Member. (Agreement at ¶ III(E)(10).)

17 |     16.    Subject to Court approval, the Parties have agreed that ILYM Group

18 | Services will be appointed as Settlement Administrator.  (Agreement at ¶ III(D).)  All

19 | administrative fees, costs and expenses incurred by the Settlement Administrator in

20 | connection with administering the Settlement will be deducted from the Gross Settlement

21 | Amount.  The Settlement Administrator has estimated that administering this settlement

22 | will not exceed the cost of $15,000.  (Agreement at ¶ III(D).)

23 |     17.    Class Counsel will apply to the Court for an award of an amount up to

24 | $106,250 (25% of the Gross Settlement Amount) for reasonable attorneys' fees, and for

25 | reimbursement of litigation costs not to exceed $12,000.  (Agreement at ¶ III(B)(2).)

26 | Plaintiffs will also apply for approval of Class Representative Services Payments in an

27 | amount not to exceed $10,000 each.  (Agreement at ¶ III(B)(1).)  The motion shall be

28 |

1  scheduled for the Final Approval Hearing but will be filed at least fourteen days before
2  the deadline to submit written objections to the Settlement.

3

4  Factors Supporting Settlement Approval

5      18.   Class Counsel has conducted a thorough investigation into the facts of the
6  class action, including a review of relevant documents and data and a diligent
7  investigation of the Class Members' claims against Defendant.  Class Counsel also
8  retained an expert to prepare a damage valuation in advance of mediation.  Class Counsel
9  also has experience in settlements involving similar claims against other employers.
10 Based on the foregoing documents and data, and their own independent investigation and
11 evaluation, Class Counsel is of the opinion that the settlement with Defendant for the
12 consideration and on the terms set forth in the Agreement is fair, reasonable, and
13 adequate in light of all known facts and circumstances, including the risk of significant
14 delay, defenses asserted by Defendant, and numerous potential appellate issues.  The
15 parties and their counsel recognize that, in the absence of an approved settlement, they
16 would face a protracted litigation course, including a contested motion for certification,
17 motions for summary judgment, and trial and appellate proceedings that would consume
18 time and resources and present each of them with ongoing litigation risks and
19 uncertainties.

20     19.   Plaintiffs and Class Counsel recognize the expense and length of continuing
21 to litigate and trying this Action against Defendant through possible appeals which could
22 take several years.  Class Counsel has also taken into account the uncertain outcome and
23 risk of litigation, especially in complex actions such as this litigation.  Class Counsel is
24 also mindful of and recognize the inherent problems of proof under, and alleged defenses
25 to, the claims asserted in the Action.  Based upon their evaluation, Plaintiffs and Class
26 Counsel have determined that the settlement set forth in the Agreement is in the best
27 interest of the Class Members.

28

20.     In advance of negotiations, Class Counsel received class data concerning employment and payroll information, which permitted Class Counsel to make an intelligent evaluation.  For the individuals whose claims are at issue in this Action, Plaintiffs reviewed the data and used information provided by Defendant to determine the potential damage valuation.  With the assistance of a damage expert, DM&A, Plaintiffs calculated the alleged damages they believed they would receive if they prevailed.  As to the Class, Plaintiffs calculated that the overtime damages were $383,622, and the meal and rest period damages were calculated to be $511,496.  Thus, the total maximum estimated damages for the Class were $895,118.  The settlement fund for the Class of $425,000, before deductions, represents 47% of these calculated damages estimated by the Plaintiffs, assuming these amounts could be proven in full at trial. This settlement amount is fair and reasonable given the defenses asserted by Defendant.  Because the alternative to this Settlement could likely be the Class receiving nothing, Class Counsel accepted the settlement as fair and reasonable.  Given the amount of the settlement as compared to the potential value of claims in this case, the settlement is fair and reasonable given the defenses asserted by Defendant.  Clearly, the goal of this litigation has been met.

21.     Here, a number of defenses asserted by Defendants presented serious threats to the claims of Plaintiffs and the other Class Members.  Defendant contends that Defendant's employment practices complied with all applicable Labor laws.  Defendant contended that because the employees worked in pairs, they were able to take legally compliant meal and rest breaks.  Because the claims were based upon loss prevention inspections, meal and rest break claims were only applicable to employees who left the mall premises, which was infrequent. Defendant also argued that the California Supreme Court decision in *Brinker v. Superior Court*, 53 Cal. 4th 1004 (2012), weakened Plaintiffs' claims, on liability, value, and class certifiability.  Finally, Defendant asserts defenses to the amount of damages claimed and the impostition of any penalties.  If

1   successful, Defendant's defenses could eliminate or substantially reduce any recovery
2   to the Class.  While Plaintiffs believe that these defenses could be overcome, Defendant
3   maintains these defenses have merit and therefore present a serious risk to recovery.

4        22.     Moreover, there was also a significant risk that, if the Action was not
5   settled, Plaintiffs would be unable to obtain class certification and maintain a certified
6   class through trial, and thereby not recover on behalf of any employees other than
7   themselves.  At the time of the mediation, Defendant forcefully opposed the propriety
8   of class certification, arguing that individual issues precluded class certification.  While
9   other cases have approved class certification in wage and hour claims, class certification
10  in this action would have been hotly disputed and was by no means a foregone
11  conclusion.  Further, as demonstrated by the California Supreme Court decision in
12  *Duran v. U.S. Bank National Assn.*, 59 Cal. 4th 1 (2014), there are significant hurdles to
13  overcome for a class-wide recovery even where the class has been certified.

14       23.     The stage of the proceedings at which this settlement was reached also
15  militates in favor of preliminary approval and ultimately, final approval of the settlement.
16  Class Counsel has conducted a thorough investigation into the facts of the class action.
17  Class Counsel began investigating the Class Members' claims before this Action was
18  filed. In advance of mediation, Defendant provided the information necessary for Class
19  Counsel to intelligently negotiate a settlement.  Class Counsel obtained production of
20  employment and payroll information.  Class Counsel engaged in an extensive review and
21  analysis of the relevant documents and data.  Class Counsel also examined the applicable
22  law governing these claims and the alleged defenses.  Accordingly, the agreement to
23  settle did not occur until Class Counsel possessed sufficient information to make an
24  informed judgment regarding the likelihood of success on the merits and the results that
25  could be obtained through further litigation.

26       24.     Based on the foregoing information and data and their own independent
27  investigation and evaluation, Class Counsel is of the opinion that the settlement with

28

1  Defendant for the consideration and on the terms set forth in the Agreement is fair,

2  reasonable, and adequate, and is in the best interest of the class in light of all known facts

3  and circumstances, including the risk of significant delay, defenses asserted by

4  Defendant, and numerous potential appellate issues.  There can be no doubt that Counsel

5  for both parties possessed sufficient information to make an informed judgment

6  regarding the likelihood of success on the merits and the results that could be obtained

7  through further litigation.

8

9  Class Certification For Purposes of Settlement

10      25.    The proposed settlement meets all of the requirements for certifying a

11  settlement class under Fed. R. Civ. Proc. 23(b)(2) as demonstrated below, and therefore,

12  the Court may appropriately approve the Class as defined in the Agreement.  This Court

13  should conditionally certify the Class.  The Class is defined as "all individuals who are

14  or previously were employed by Defendant who worked in California, were classified

15  as non-exempt, and who separated from their employment between March 6, 2014 and

16  February 20, 2018".  (Agreement at ¶ I(C).)

17          a.    **Numerosity**  - Here, the Class is composed of approximately 412

18  current and former employees, which is sufficiently numerous for settlement purposes.

19          b.    **Commonality** - Here, Plaintiffs contends that common questions of

20  law and fact are present, and specifically the common questions of whether Defendant's

21  employment practices were lawful, whether Defendant failed to properly pay overtime,

22  whether Defendant failed to properly provide and/or pay for meal and rest periods,

23  whether Defendant's conduct was willful, and whether the Class is entitled to

24  compensation and related penalties.   Certification of the Class is appropriate because

25  Defendants engaged in uniform practices with respect to the Class Members.   As a

26  result, these common questions of liability could be answered on a class wide basis.

27          c.    **Typicality** - In the instant case, there can be little doubt that the

28

1  typicality requirement is fully satisfied.  Plaintiffs were employed by Defendant as non-

2  exempt employee in California and, like every other member of the Class, was subject

3  to the same employment practices concerning overtime work and meal and rest periods.

4  Plaintiffs, like every other member of the Class, also claim compensation as a result of

5  the Defendant's uniform policies and practices.  Thus, the claims of Plaintiffs and the

6  members of the Class arise from the same course of conduct by Defendant, involve the

7  same issues, and are based on the same legal theories.

8          d.  **Adequacy** - First, Plaintiffs are aware of their duties as the

9  representatives of the class and have actively participated in the prosecution of this case

10  to date.  Plaintiffs effectively communicated with Class Counsel, provided documents

11  and information to Class Counsel, and participated extensively in the investigation of the

12  action.  The personal involvement of the Plaintiffs was essential to the prosecution of the

13  Action and the monetary settlement reached. Second, the Plaintiffs retained competent

14  counsel who have extensive experience in class actions and no conflicts.  Class Counsel

15  has extensive experience in class action litigation in California and throughout the

16  country.  Third, there is no antagonism between the interests of the Plaintiffs and those

17  of the Class.  Both the Plaintiffs and the Class Members seek monetary relief under the

18  same set of facts and legal theories.

19          e.  **Predominance** - Here, Plaintiffs contend that the adjudication of the

20  common issues surrounding Defendant's uniform and systematic employment policies

21  applicable to non-exempt employees could establish Defendant's liability on a class-wide

22  basis.  Plaintiffs contend that Defendant engaged in a uniform course of failing to

23  properly pay for overtime work and provide legally compliant meal and rest periods,

24  which resulted in a systematic failure to provide compensation as required by law and

25  that Defendant's policies with respect to these issues are uniform.  The only question is

26  whether Defendant's conduct supports a meritorious claim for liability.  Accordingly,

27  Plaintiffs maintain that the common issues of law and fact present in this case

28

1    predominate.

2           f.      **Superiority -** Here, a class action is the superior mechanism for

3    settlement of the claims as pled by the Plaintiffs in light of the size of the claims and the

4    efficiency of the class settlement mechanism.

5           26.     Class Counsel is experienced in prosecuting class action lawsuits and

6    can competently represent the Class.  Lawyers at my firm have extensive class litigation

7    experience.  We have handled a number of class actions and complex cases and have

8    acted both as counsel and as lead and co-lead counsel in a variety of these matters.  We

9    have successfully prosecuted and obtained significant recoveries in numerous class

10   action lawsuits and other lawsuits involving complex issues of law and fact.  Class

11   Counsel has been involved as class counsel in hundreds of wage and hour class action

12   matters.  My firm has been approved as class counsel by state and federal courts

13   throughout California.  A true and correct copy of the resume of my firm is attached

14   hereto as Exhibit 2.

15

16   Class Notice

17          27.     The Class Notice, drafted jointly and agreed upon by the Parties through

18   their respective counsel,  includes information regarding the nature of the Action; a

19   summary of the substance of the Settlement, including Defendant's denial of liability;

20   the definition of the Class; the procedure and time period for objecting to the Settlement,

21   exclusion from the Settlement and participating in the Settlement; a statement that the

22   District Court has preliminarily approved the Settlement; and information regarding the

23   calculation of settlement shares.  See Exhibit A to the Agreement. The Class Notice

24   explains that Class Members who wish to participate in the settlement do not have to

25   anything to claim their share of the Settlement.  The Class Notice shall also provide that

26   any Class Member may choose to opt out of the Class, and that any such person who

27   chooses to opt out of the Class will not be entitled to any recovery obtained by way of

28

1  the settlement and will not be bound by the settlement.  The Class Notice will also

2  provide that all objections to the Settlement by anyone, including members of the

3  Settlement Class, must be submitted to the Court no later than forty-five (45) days from

4  the mailing of the Notice.  All objections must state with particularity the basis on which

5  they are asserted.  In accordance with *Mercury Interactive Corp. Secs. Litig. v. Mercury*

6  *Interactive Corp.*, 618 F.3d 988 (9th Cir 2010), the application for attorneys' fees and

7  costs will be filed before the end of the objection period and posted on a website as

8  indicated in the Class Notice.  Thus, all Class Members will have ample opportunity to

9  review and comment on the attorneys' fees and costs before the objection deadline.  The

10  attorneys' fees and costs will be heard in conjunction with the motion for final approval

11  on the Final Approval Hearing date.

12    28. The Class Notice also informs members of the Class about the release

13  applicable to the Class.  This notice program was designed to meaningfully reach the

14  largest possible number of potential Class Members.  The mailing and distribution of the

15  Class Notice satisfies the requirements of due process, and is the best notice practicable

16  under the circumstances and constitutes due and sufficient notice to all persons entitled

17  thereto.

18

19  Service Awards

20    29. The payment of service awards to successful class representatives is

21  appropriate and the amount of $10,000 is well within the currently accepted range.  The

22  requested award is also reasonable by reference to the amounts that other California

23  courts have found to be reasonable in wage and hour class action settlements:  *Baker v.*

24  *L.A. Fitness Int'l, LLC*, Case No. BC438654, L.A. County Superior Court (Dec. 12,

25  2012)(awarding $10,000 service awards to three named plaintiffs); *Blue v. Coldwell*

26  *banker Residential Brokerage Co.*, Case No. BC417335, Los Angeles County Superior

27  Court (Mar. 21, 2011)(awarding $10,000 service award); *Buckmire v. Jo-Ann Stores,*

28

*Inc.*, Case No. BC394795, Los Angeles County Superior Court (June, 11, 2010)(awarding $10,000 service awards); *Coleman v. Estes Express Lines, Inc.*, Case No. BC429042, Los Angeles County Superior Court (Oct. 3, 2013)(awarding $10,000 service award); *Ethridge v. Universal Health Services, Inc.*, Case No. BC391958, Los Angeles County Superior Court (May 27, 2011)(awarding $10,000 service award); *Hickson v. South Coast Auto Ins. Marketing, Inc.*, Case No. BC390395, Los Angeles County Superior Court (Mar. 27, 2012)(awarding $10,000 service award); *Hill v. sunglass Hut Int'l, Inc.*, Case No. BC422934, Los Angeles County Superior Court (July 2, 2012)(awarding $10,000 service award); *Kambamba v. Victoria's Secret Stores, LLC*, Case No. BC368528, Los Angeles County Superior Court, (Aug. 19, 2011)(awarding $10,000 service award together with additional compensation for their general release); *Magee v. American Residential Services, LLC*, Case No. BC423798, Los Angeles County Superior Court (Apr. 21, 2011)(awarding $15,000 service award); *Mares v. BFS Retail & Commercial Operations, LLC*, Case No. BC375967, Los Angeles County Superior Court (June 24, 2010)(awarding $15,000 service award); *Nevarez v. Trader Joe's Co.*, Case No. BC373910, Los Angeles County Superior Court (Jan. 29, 2010)(awarding $10,000 service award); *Ordaz v. Rose Hills Mortuary, L.P.*, Case No. BC386500, Los Angeles County Superior Court, (Mar. 19, 2010)(awarding $10,000 service award); *Sheldon v. AHMC Monterey Park Hosp. LP*, Case No. BC440282, Los Angeles County Superior Court (Feb. 22, 2013)(awarding $10,000 service award); *Silva v. Catholic Mortuary Services, Inc.*, Case No. BC408054, Los Angeles County Superior Court (Feb. 8, 2011)(awarding $10,000 enhancement award); *Weisbarth v. Banc West Investment Services, Inc.*, Case No. BC422202, Los Angeles County Superior Court (May 24, 2013)(awarding $10,000 service award); *Zamora v. Balboa Life & Casualty, LLC*, Case No. BC360036, Los Angeles County Superior Court (Mar. 7, 2013)(awarding $25,000 service award); *Lazar v, Kaiser Foundation Health Plan*, Case No. 14-cv-273289, Santa Clara County Superior Court (Dec. 28, 2015) (awarding $10,000 service

award); *Acheson v. Express, LLC*, Case No. 109CV135335, Santa Clara County Superior Court (Sept. 13, 2011)(awarding $10,000 service award); *Aguiar v. Cingular Wireless, LLC*, Case No. CV 06-8197 DDP (AJWx)(C.D. Cal. Mar. 17, 2011)(awarding $14,767 service award); *Bejarano v. Amerisave Mortgage Corp.*, Case No. EDCV 08-00599 SGL (Opx)(C.D. Cal. June 22, 2010)(awarding $10,000 service award); *Carbajal v. Sally Beauty Supply LLC*, Case No. CIVVS 1004307, San Bernadino County Superior Court (Aug. 6, 2012)(awarding $10,000 service award); *Contreras v. Serco Inc.*, Case No. 10-cv-04526-CAS-JEMx (C.D. Cal. Sep. 10, 2012)(awarding $10,000 service award); *Guerro v. R.R. Donnelley & Sons Co.*, Case No. RIC 10005196, Riverside County Superior Court (July 16, 2013)(awarding $10,000 service award); *Kisliuk v. ADT Security Services Inc.*, Case No. CV08-03241 DSF (RZx)(C.D. Cal. Jan. 10, 2011)(awarding $10,000 service award); *Morales v. BCBG Maxazria Int'l Holdings, Inc.*, Case No. JCCP 4582, Orange County Superior Court (Jan. 24, 2013)(awarding $10,000 service award); *Barrett v. Doyon Security Services, LLC*, Case No. BS900199, BS900517, San Bernardino County Superior Court (Apr. 23, 2010)(awarding $10,000 service award).

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed this 11th day of November, 2019, at La Jolla, California.

By: *   /s/ Kyle R. Nordrehaug   *

KYLE R. NORDREHAUG

**EXHIBIT #1**

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is made by and between plaintiffs Angela Conti and Justine Mora ("Plaintiffs") on behalf of themselves and others similarly situated, as well as individually and Defendant L'Oreal USA S/D, Inc. ("Defendant"). Plaintiffs and Defendant collectively are referred to in this Agreement as the "Settling Parties."

## I.    DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A.    "Action" means the current version of the complaint which is the Second Amended Complaint now pending in federal court as a class action, which is current captioned *Conti, et al. v. L'Oreal USA S/D, Inc.,* Case No 1:19-cv-00769-LJO-SKO, pending in United States District Court, Eastern District of California, as well as the action originally filed in California Superior Court, Fresno County, as Case No. 18CECG00816.

B.    "Aggrieved Employees" means all individuals who are or previously were employed by Defendant who worked in California and who were classified as non-exempt during the period March 6, 2017 to April 20, 2019.

C.    "Class" means all individuals who are or previously were employed by Defendant who worked in California, were classified as non-exempt, and who separated from their employment between March 6, 2014 and February 20, 2018.

D.    "Class Counsel" means Norman B. Blumenthal, Kyle R. Nordrehaug, and Aparajit Bhowmik of Blumenthal Nordrehaug Bhowmik De Blouw LLP.

E.    "Class Counsel Fees Payment" and "Class Counsel Litigation Expenses Payment" mean the amounts awarded to Class Counsel by the Court to compensate them for, respectively, their legal work in connection with the Action, including their pre-filing investigation, their filing of the Action and all related litigation activities, all Settlement work, and all post-Settlement compliance procedures and related litigation expenses billed to Plaintiffs in connection with the Action.

F.    "Class Data" means, (1) for each Class Member, his or her name; last-known mailing address; Social Security number; Defendant's employee identification number; the dates of employment as a member of the Class; and the number of workweeks that he or she worked for Defendant during the Class Period as a Class Member, and (2) for each Aggrieved Employee, his or her name; last-known mailing address; Social Security number; Defendant's employee identification number; the dates of employment as an Aggrieved Employee; the number of workweeks that he or she worked as an Aggrieved Employee.

G.    "Class Member" is a member of the Class.

1

H.     "Class Notice" means the Notice of Proposed Settlement of Class Action, and Hearing Date for Final Court Approval as evidenced by <u>Exhibit A</u> to this Agreement and incorporated by reference into this Agreement.

I.     "Class Notice Packet" means the Class Notice to be provided to the Class Members by the Settlement Administrator appearing as set forth as <u>Exhibit A</u> to this Agreement (other than formatting changes to facilitate printing by the Settlement Administrator).

J.     "Class Period" means the period of time from March 6, 2014 until February 20, 2018.

K.     "Class Representatives" or "Plaintiffs" means Angela Conti and Justine Mora.

L.     "Class Representative Service Payment" means the service payments made to each Class Representative in her capacity as a Class Representative in order to compensate her for initiating the Action, performing work in support of the Action, undertaking the risk of liability for Defendant's expenses in the event he or she was unsuccessful in the prosecution of the Action, and as consideration for the general release of all claims by the Plaintiffs.

M.     "District Court" means the United States District Court, Eastern District of California.

N.     "Defendant's Counsel" means Angela J. Rafoth and Irene V. Fitzgerald of Littler Mendelson, P.C.

O.     "Effective Date" means the date by which all of the following have occurred:

     1.     This Agreement is approved by the Court; and

     2.     The Judgment becomes Final as defined in Section I(Q) of this Agreement.

P.     "Election Not to Participate in Settlement" means the written request by a Class Member to exclude himself or herself from the Settlement submitted in accordance with the instructions in the Class Notice.

Q.     "Final" means the last of the following dates, as applicable:

     1.     If no objection to the Settlement is made, the date the Judgment is entered.

     2.     If an objection to the Settlement is made and Judgment is entered, but no appeal is filed, the last date on which a notice of appeal from the Judgment may be filed and none is filed.

3.      If Judgment is entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal.

R.      "Final Approval" means the date on which the District Court enters a final order certifying the settlement class, dismissing the Action with prejudice and approving the settlement.

S.      "Final Approval Hearing" means the hearing to be conducted by the District Court to determine whether to enter an order granting final approval of this Settlement and implementing the terms of this Agreement.

T.      "Gross Settlement Amount" means Four Hundred Twenty-Five Thousand Dollars ($425,000) to be paid by Defendant as provided by this Agreement.  The Gross Settlement Amount is inclusive of all payments to be made in settlement of this Action to the Plaintiffs, the California Labor and Workforce Development Agency ("LWDA"), all Aggrieved Employees and all Participating Class Members for individual, private attorney general and class-wide relief, including without limitation any Class Representative Service Payments, the PAGA Payment, Settlement Administration Expenses, Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment. The employer's share of payroll taxes shall not be paid from the Gross Settlement Amount. The Gross Settlement Amount is all in with no reversion to Defendant and individual payments to Class Members and Aggrieved Employees shall be paid without the need to submit a claim form.

U.      "Judgment" means the Order Granting Final Approval to Class Action Settlement entered by the Court in a form substantially equivalent to that evidenced by Exhibit C to this Agreement and incorporated by reference into this Agreement.

V.      "Net Settlement Amount" means the Gross Settlement Amount less the Court-approved amounts for Settlement Administration Expenses, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, the Class Representative Service Payments, and the PAGA Payment.

W.      "Non-Participating Class Member" means a Class Member who submits a valid and timely Election Not to Participate in Settlement.

X.      "PAGA Payment" means $50,000 from the Gross Settlement Amount, with 75% going ($37,500) to the LWDA ("the LWDA Payment") and the remaining 25% ($12,500) going to the Aggrieved Employees. Class Counsel shall notify the LWDA of this settlement as required by statute.

Y.      "PAGA Payment Share" means each Aggrieved Employee's share of the PAGA Payment as provided by this Agreement

3

Z.     "Participating Class Member" means a Class Member who does not submit a valid and timely Election Not to Participate in Settlement.

AA.    "Preliminary Approval of the Settlement" means the Court's preliminary approval of the Settlement without material change.

BB.    "Released Parties" means Defendant L'Oreal USA S/D, Inc. and all its former and present parents, subsidiaries, and affiliates, and their officers, directors, employees, partners, shareholders, insurers, attorneys, and agents, and any other successors, assigns, or legal representatives.

CC.    "Settlement" means the disposition of the Action and all related claims effectuated by this Agreement.

DD.    "Settlement Administrator" means the administrator proposed by the Settling Parties and appointed by the Court to administer the Settlement.

EE.    "Settlement Share" means each Participating Class Member's share of the Net Settlement Amount as provided by this Agreement.

## II.    RECITALS

A.     On March 6, 2018, Plaintiffs filed a Complaint against Defendant in the Superior Court of the State of California, County of Fresno ("Superior Court").  Plaintiffs asserted claims that Defendant:

1.     Violated the California Business and Professions Code §17200 *et seq.;*

2.     Failed to pay overtime wages in violation of California Labor Code §§ 510, *et seq*.;

3.     Failed to provide required meal periods in violation of California Labor Code §§ 226.7 & 512 and the applicable Wage Order;

4.     Failed to provide required rest periods in violation of California Labor Code §§ 226.7 & 512 and the applicable Wage Order;

5.     Failed to provide accurate itemized wage statements in violation of California Labor Code § 226; and,

6.     Failed to timely provide wages due in violation of California Labor Code §§ 201, 202, and 203.

B.     On April 9, 2018, Plaintiffs filed a First Amended Complaint adding a claim for civil penalties under the Private Attorney General Act, Cal. Labor Code §§ 2689 *et seq.* ("PAGA").

4

C.      On May 14, 2018, Defendant filed an answer to the First Amended Complaint generally denying all claims and asserting 22 affirmative defenses.

D.      On April 12, 2019, the Superior Court entered an order permitting Plaintiffs to file a Second Amended Complaint and permitting Defendant 30 days to respond. Plaintiffs subsequent filed a Second Amended Complaint which added allegations and a claim under the Fair Labor Standards Act, and which was served on Defendant effective April 30, 2019.

E.      On May 28, 2019, Defendant filed an answer to the Second Amended Complaint.

F.      On May 30, 2019, Defendant timely removed this action to the District Court based on federal question subject matter jurisdiction and supplemental jurisdiction over the state-law claims.

G.      On February 13, 2019, the Settling Parties participated in an all-day mediation presided over by Jeffrey A. Ross, Esq. a respected mediator of wage and hour class actions. At the conclusion of the mediation, the Settling Parties reached a mutually agreeable Memorandum of Understanding. This Agreement replaces and supersedes the Memorandum of Understanding and any other agreements, understandings, or representations between the Settling Parties.

H.      This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission by Defendant that the claims in the Action of Plaintiffs or the Class have merit or that Defendant bears any liability to Plaintiffs or the Class on those claims or any other claims, or as an admission by Plaintiffs that Defendant's defenses in the Action have merit. The Settling Parties agree to certification of the Class for purposes of this Settlement only. If for any reason the settlement is not approved by the District Court or otherwise does not become effective, Defendant reserves the right to contest certification of any class for any reason.

Based on these Recitals that are a part of this Agreement, the Settling Parties agree as follows:

## III.    SETTLEMENT TERMS AND CONDITIONS

A.      **Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the Gross Settlement Amount that Defendant will pay under this Settlement is Four Hundred Twenty-Five Thousand Dollars ($425,000). This amount is all-inclusive of all payments contemplated in this resolution, exclusive of any applicable employer-side payroll taxes which shall remain the sole responsibility of Defendant and shall not be paid from the Gross Settlement Amount. All of the Gross Settlement Amount will be disbursed pursuant to this

Agreement without the need to submit a claim form and none of the Gross Settlement Amount will revert to Defendant.

B. **Payments from the Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Gross Settlement Amount:

1. **To Plaintiffs:** In addition to their Settlement Shares and/or PAGA Payment Shares, calculated according to this Agreement, each Plaintiff will apply to the District Court for a Class Representative Service Payment of not more than $10,000. Defendant will not oppose a Class Representative Service Payment of no more than $10,000 for each of the Plaintiffs. The Settlement Administrator will pay the Class Representative Service Payments approved by the Court out of the Gross Settlement Amount. If the Court approves a Class Representative Service Payment of less than $10,000 to one or both of the Plaintiffs, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members. Class Representative Service Payments will be allocated as 50% for alleged wage damages and 50% alleged interest, penalties, and other non-wage damages. Appropriate tax documentation will be issued to Plaintiffs.

2. **To Class Counsel:** Class Counsel will apply to the Court for an award of not more than $106,250 (one-quarter of the Gross Settlement Amount) as their Class Counsel Fees Payment and an amount not more than $12,000 for all expenses incurred as documented in Class Counsel's billing records as their Class Counsel Litigation Expenses Payment. Defendant will not oppose their request for a Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment. The Settlement Administrator will pay the amounts approved by the Court (but not more than $106,250 and $12,000, respectively) out of the Gross Settlement Amount. If the Court approves a Class Counsel Fees Payment or a Class Counsel Litigation Expenses Payment of less than $106,250 or $12,000, respectively, the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members. Payroll tax withholding and deductions will not be taken from the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment and instead one or more Forms 1099 will be issued to Class Counsel with respect to those payments. The payment of the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment shall be made to Blumenthal, Nordrehaug & Bhowmik LLP by the Settlement Administrator in accordance with this Agreement.

3. **To LWDA and the Aggrieved Employees.** The Settling Parties will seek approval from the Court for a PAGA Payment out of the Gross Settlement Amount in the amount of $50,000 which shall be allocated 75%, or

6

$37,500, to the LWDA (the "LWDA Payment") as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to the PAGA and 25%, or $12,500, to the to the Aggrieved Employees on a pro rata basis based upon their workweeks as the Labor Code § 2699 allocation. The PAGA Payment will be distributed as set forth herein irrespective of whether the Aggrieved Employee opts out from the Class. If the Court approves a PAGA Payment of less than $50,000 the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members.

4. **To the Settlement Administrator.**  The Settlement Administrator will pay out of the Gross Settlement Amount to itself its reasonable fees and expenses that are documented and approved by the Court in an amount not to exceed $15,000 ("Settlement Administration Expenses"). To the extent the fees and expenses that are documented and approved by the Court are less than $15,000 the remainder will be retained in the Net Settlement Amount for distribution to Participating Class Members.

C. **Payments From the Net Settlement Amount.**  The Net Settlement Amount shall include the following payments after the deductions have been made from the Gross Settlement Amount as described in this Agreement.  The Net Settlement Amount shall include the following:

1. **Settlement Share.**  Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a Settlement Share from the Net Settlement Amount to each Participating Class Member.  The submission of a claim form is not required to be paid.

2. **Calculation of Settlement Shares**.  The Settlement Share for each Participating Class Member will be calculated by (a) dividing the Net Settlement Amount by the total number of workweeks of all Participating Class Members worked during the Class Period to determine the value of each workweek and (b) multiplying the result by each individual Participating Class Member's total number of workweeks worked as a Class Member during the Class Period according to Defendant's records.

3. **PAGA Payment Share.**  Subject to the terms and conditions of this Agreement, the Settlement Administrator will pay a PAGA Payment Share from the PAGA Payment to each Aggrieved Employee.  The submission of a claim form is not required to be paid.

4. **Calculation of PAGA Payment Shares**.  The PAGA Payment Share for each Aggrieved Employee will be calculated by (a) dividing the PAGA Payment net of the LWDA Payment by the total number of workweeks of all Aggrieved Employees worked during the PAGA Period to determine

the value of each workweek and (b) multiplying the result by each individual Aggrieved Employee's total number of workweeks worked as an Aggrieved Employee during the PAGA Period according to Defendant's records.

5.      **Withholding**.

   a.      50% of each Participating Class Member's Settlement Share and each Aggrieved Employee's PAGA Payment Share is in settlement of wage claims (the "Wage Portion"). Accordingly, the Wage Portion is subject to wage withholdings, and shall be reported on IRS Form W-2 and shall be paid for from the Gross Settlement Amount.

   b.      50% of each Participating Class Member's Settlement Share and each Aggrieved Employee's PAGA Payment Share is in settlement of claims for interest and penalties allegedly due to employees (collectively the "Non-Wage Portion"). The Non-Wage Portion shall not be subject to wage withholdings, and shall be reported on IRS Form 1099.

6.      **Effect of Non-Participating Class Members.**  Non-Participating Class Members will receive no Settlement Share, and their election not to participate will reduce neither the Gross Settlement Amount nor the Net Settlement Amount. Their respective Settlement Shares will remain a part of the Net Settlement Amount for distribution to Participating Class Members on a *pro rata* basis relative to their Settlement Shares. Non-Participating Class Members who are Aggrieved Employees shall still receive their PAGA Payment Share.

7.      **Workweek Modification.** Defendant has estimated that the Class is comprised of 412 Class Members who worked approximately 16,536 workweeks during the Class Period. Defendant has also estimated that there are 342 Aggrieved Employees who worked approximately 12,111 pay periods through October of 2018. The Gross Settlement Amount will increase proportionally with added workweeks if the number is more than 5% of the estimates stated herein.

D.      **Appointment of Settlement Administrator.**   After obtaining quotes from qualified settlement administrators, the Settling Parties have mutually agreed to ask the Court to appoint ILYM Group as the qualified administrator, to serve as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation.   The Settlement Administrator's duties will include preparing, printing, and mailing the Class Notice Packet to all Class Members; conducting a

8

National Change of Address search on any Class Notice Packet returned by the U.S. Postal Service as non-deliverable, and re-mailing the Class Notice Packet to the Class Member's new address; setting up a toll-free telephone number to receive calls from Class Members; receiving and reviewing for validity completed Elections Not to Participate in Settlement; providing the Settling Parties with weekly status reports about the delivery of Class Notice Packets and receipt of completed Elections Not to Participate in Settlement; calculating Settlement Shares and PAGA Payment Shares; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports required under this Settlement; remitting unclaimed settlement proceeds to the California Unclaimed Property Fund, providing all required reports and declarations in support of proceedings to approve and effectuate this settlement through the District Court, and otherwise administering the Settlement pursuant to this Agreement.  The Settlement Administrator will have the final authority to resolve all disputes concerning the calculation of a Participating Class Member's Settlement Share, subject to the dollar limitations and calculations set forth in this Agreement.  Not later than the date the Settlement Administrator must remit any unclaimed funds to the California Unclaimed Property Fund, the Settlement Administrator's website for the Settlement will be taken down.

The Settlement Administrator shall have its own Employer Identification Number under Internal Revenue Service Form W-9 and shall use its own Employer Identification Number in calculating payroll withholdings for taxes and shall transmit the required employers' and employees' share of the withholdings to the appropriate state and federal tax authorities.  The Settlement Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under US Treasury Regulation section 468B-1.

E.      **Procedure for Approving Settlement**.

    1.      **Motion for Preliminary Approval of Settlement by the Court**.

        a.      After Execution of this Settlement Agreement, Plaintiffs will file a Preliminary Approval Motion with the Court for an order giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice (the "Motion for Preliminary Approval").  Any disagreement among the Settling Parties concerning the Class Notice, or other documents necessary to implement the Settlement will be referred to the mediator for resolution.

        b.      At the hearing on the Motion for Preliminary Approval, the Settling Parties will jointly appear, support the granting of the motion, and submit a Proposed Order Granting Conditional Certification of Class and Preliminary Approval of Settlement;

Approving Class Notice; Appointing Settlement Administrator; and Scheduling Final Approval Hearing substantially in the form evidenced by <u>Exhibit B</u> to this Agreement and incorporated by reference into this Agreement.

c.      Should the Court decline to preliminarily approve all material aspects of the Settlement (including but not limited to the scope of release to be granted by Participating Class Members or the binding effect of the Settlement on Participating Class Members), the Settlement will at either Settling Party's option be null and void and the Settling Parties will have no further obligations hereunder.

d.      Within ten (10) days of the filing the Motion for Preliminary Approval, Defendant will, pursuant to CAFA, mail the notice of the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 et seq. A decision by the Court not to enter the Preliminary Approval Order in its entirety, or a decision by the Court to enter the Preliminary Approval Order with modifications (other than modifications concerning the proposed amount of any attorneys' fees or expenses to be paid to Class Counsel or the amount of any Class Representative Service Payment) that either of the Settling Parties determines in its reasonable and good faith judgment to be material, will be discretionary grounds for that Settling Party to terminate this Stipulation by providing written notice to the other Settling Party and the Court so stating, such notice to be filed within twenty-one (21) calendar days of receipt of the Court's decision.

2.      **Notice to Class Members.**   After the Court enters its order granting Preliminary Approval of the Settlement, every Class Member will be provided with the Class Notice Packet (which will include the Class Notice completed to reflect the order granting Preliminary Approval of the Settlement and showing the Class Member's Class as follows:

a.      No later than 30 calendar days after the District Court enters its order granting Preliminary Approval of the Settlement, Defendant will provide to the Settlement Administrator an Excel file with the Class Data. If any or all of the Class Data is unavailable to Defendant, Defendant will so inform Class Counsel and the Settling Parties will make their best efforts to reconstruct or otherwise agree upon the Class Data prior to when it must be submitted to the Settlement Administrator. The Class Data, its contents and any files containing Class Data shall remain strictly confidential for the Settlement Administrator's eyes only, and shall

10

not to be disclosed to Plaintiffs or to Class Counsel.   The Settlement Administrator shall agree to keep the Class Data and its contents strictly confidential.

b.      Using best efforts to mail it as soon as possible, and in no event later than 21 days after receiving the Class Data, the Settlement Administrator will mail the Class Notice Packets to all Class Members via first-class regular U.S. Mail using the mailing address information provided by Defendant, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

c.      If a Class Notice Packet is returned because of an incorrect address, the Settlement Administrator will promptly, and not longer than ten (10) days from receipt of the returned packet, search for a more current address using standard skip-tracing for the Class Member and re-mail the Class Notice Packet to the Class Member.   The Settlement Administrator will use the Class Data and otherwise work with Defendant to find that more current address.   The Settlement Administrator will be responsible for taking reasonable steps, consistent with its agreed-upon job parameters, Court orders, and fee, as agreed to with Class Counsel and according to the following deadlines, to trace the mailing address of any Class Member for whom a Class Notice Packet is returned by the U.S. Postal Service as undeliverable. The Settlement Administrator will note for its own records and notify Class Counsel and Defendant's Counsel of the date and address of each such re-mailing as part of a weekly status report provided to the Settling Parties.

d.      As part of its weekly status report, the Settlement Administrator will inform Class Counsel and Defendant's Counsel of the number of Elections Not to Participate in Settlement it receives (including the numbers of valid and deficient), and number of objections received.

e.      Not later than 10 days before the date by which the Plaintiffs file their motion for final approval of the Settlement, the Settlement Administrator will provide the Settling Parties for filing with the Court a declaration of due diligence setting forth its compliance with its obligations under this Agreement and detailing the Elections Not to Participate in Settlement it received (including the numbers of valid and deficient Elections) and objections received. Prior to the Final Approval Hearing, the Settlement Administrator

11

will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

3.    **Objections to Settlement; Objections to Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment; Elections Not to Participate in Settlement.**  Participating Class Members other than Plaintiffs may submit objections to the Settlement and objections to Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment. Class Members may also submit Elections Not to Participate in Settlement pursuant to the following procedures:

a.    **Objections to Settlement and Disputes as to Workweeks.**  The Class Notice will provide that only Participating Class Members who wish to object to the Settlement must submit to the Settlement Administrator with copies to the Settling Parties' Counsel, not later than 45 days after the Settlement Administrator mails the Class Notice Packets, written objections to the Settlement setting forth the grounds for the objection. A Participating Class Member who does not submit a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Non-Participating Class Members shall have no ability to comment on or object to the Settlement.

Each Class Member shall also have 45 days from the date of mailing the Class Notice Packet in which to dispute the number of workweeks the Class Notice allocates to them during the Class Period. Any dispute as to this allocation shall be resolved by the Settlement Administrator. Any Notice of Dispute shall be directed to the Settlement Administrator, must include documentation and/or a detailed basis for the dispute, and will be subject to final and binding determination by the Settlement Administrator.

b.    **Objections to Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment.**  Unless otherwise ordered by the Court, Class Counsel shall file their application for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment no later than the date the motion for final approval is to be filed, and the application will be scheduled to be heard by the Court at the Final Approval Hearing. The Class Notice will provide that Participating Class Members who wish to object to the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment must submit to the Settlement Administrator with copies to Settling Parties' Counsel not later than 45 days after

12

the Settlement Administrator mails the Class Notice Packets, written objection to the fees and costs setting forth the grounds for the objection.  A Participating Class Member who does not submit a written statement of objection in the manner and by the deadline specified above will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment.  Plaintiffs and Non-Participating Class Members shall have no ability to object to Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment.

c.   **Election Not to Participate in Settlement.**  The Class Notice also will provide that Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator not later than 45 days after the Settlement Administrator mails the Class Notice Packets, a signed Election Not to Participate in Settlement.  To be valid, an Election Not to Participate must be timely and must comply with the instructions in the Class Notice. If a question is raised about the authenticity of a signed Election Not to Participate in Settlement, the Settlement Administrator will have the right to demand additional proof of the Class Member's identity.  A Non-Participating Class Member will not participate in or be bound by the Settlement and the Judgment, except to the extent that a Non-Participating Class Member who is also an Aggrieved Employee does not have the option of excluding themselves for this Settlement as it relates to his or her PAGA claims, and will be bound by the portions of this Settlement relating to the settlement and release of those claims.  Defendant will remain free to contest any claim brought by the Class Member that would have been barred by this Agreement, and nothing in this Agreement will constitute or be construed as a waiver of any defense Defendant has or could assert against such a claim.  A Class Member who does not complete and mail a timely Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including the Released Class Claims by the Class, if the Settlement is approved by the Court, and by the Judgment, regardless of whether he or she has objected to the Settlement. Persons who submit an Election Not to Participate in the Settlement shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

13

All Participating Class Members will receive a Settlement Share, without the need to file a claim form, and will be bound by all of the terms of the Settlement, including without limitation, the release of the Released Class Claims by the Participating Class Members set forth in this Agreement.

d.   **Report.**  Not later than 10 days after the deadline for submission of Elections Not to Participate in Settlement, the Settlement Administrator will provide the Settling Parties with a complete and accurate list of all Participating Class Members and all Non-Participating Class Members.

4.   **Right of Defendant to Reject Settlement.**  If more than five percent (5%) of the Class Members  timely submit valid Elections Not to Participate in Settlement, Defendant will have the right, but not the obligation, to void the Settlement and the Settling Parties will have no further obligations under the Settlement, including any obligation by Defendant to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Agreement.  Defendant will notify Class Counsel and the Court whether it is exercising this right to void not later than fourteen (14) days after the Settlement Administrator notifies the Settling Parties of the total number of valid Elections Not to Participate in Settlement it has received and the aggregate portion of the Net Settlement Amount those individuals were scheduled to receive.

5.   **No Solicitation of Objection or Election Not to Participate.**  Neither the Settling Parties nor their respective counsel have or will solicit or otherwise encourage directly or indirectly any Class Member to object to the Settlement, appeal from the Judgment, or elect not to participate in the Settlement.

6.   **Additional Briefing and Final Approval**.

a.   Class Counsel will file with the Court their application for the Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment and Class Representative Service Payment no later than the date that fourteen (14) days before the objection deadline in the Class Notice, and the application will be scheduled to be heard by the Court at the Final Approval Hearing.

b.   Not later than 28 days before the Final Approval Hearing, the Plaintiffs will file with the Court a motion for final approval of the Settlement, the PAGA Payment, and payment of the Settlement Administration Expenses.

c.   If any opposition is filed, then not later than seven days before the Final Approval Hearing, each Settling Party may file a reply in support of the motion for final approval of the Settlement, the PAGA Payment, and payment of the Settlement Administration Expenses; and Plaintiffs and Class Counsel may also file a reply in support of their motions for the Class Representative Service Payment, the Class Counsel Fees Payment, and the Class Counsel Litigation Expenses Payment.

d.   If the Court does not grant final approval of the Settlement or grants final approval conditioned on any material change to the Settlement (including, but not limited to, the scope of release to be granted by Participating Class Members), then the settlement at either Settling Party's option will be null and void and the Settling Parties will have no further obligations under the Settlement, including any obligation by Defendant to pay the Gross Settlement Amount or any amounts that otherwise would have been owed under this Agreement, except that the Settling Party voiding the settlement will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that the Settlement becomes null and void under this paragraph.  However, an award by the Court of a lesser amount than that sought by Plaintiffs and Class Counsel for the PAGA Payment, Class Representative Service Payment, the Class Counsel Fees Payment, or the Class Counsel Litigation Expenses Payment, will not constitute a material modification to the Settlement within the meaning of this paragraph.

e.   Upon final approval of the Settlement by the Court at or after the Final Approval Hearing, the Settling Parties will present for the Court's approval and entry the Judgment in the form attached hereto as Exhibit C.  After entry of the Judgment, the Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

7.   **Waiver of Right to Appeal.**  Provided that the Judgment is consistent with the terms and conditions of this Agreement, Plaintiffs and Participating Class Members who did not timely submit an objection to the Settlement, Defendant, and their respective counsel hereby waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as, but not limited to, a motion to vacate judgment, a motion for new trial, and any extraordinary

15

writ. The Judgment therefore will become nonappealable at the time it is entered.  The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings. If an appeal is taken from the Judgment, the time for consummation of the Settlement (including making payments under the Settlement) will be suspended until such time as the appeal is finally resolved and the Judgment becomes Final.

8.  **Vacating, Reversal, or Material Modification of Judgment on Appeal or Review.**  If, after a notice of appeal, a petition for review, or a petition for *certiorari*, or any other motion, petition, or application, the reviewing Court vacates, reverses, or modifies the Judgment such that there is a material modification to the Settlement (including, but not limited to, the scope of release to be granted by Participating Class Members), and that Court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher Court, then either Plaintiffs or Defendant will have the right to void the Settlement, which the Settling Party must do by giving written notice to the other Settling Parties, the reviewing Court, and the  Court not later than fourteen days after the reviewing Court's decision vacating, reversing, or materially modifying the Judgment becomes Final.  A vacation, reversal, or modification of the Court's award of the Class Representative Service Payment or the Class Counsel Fees Payment or Litigation Expenses Payment will not constitute a vacation, reversal, or material modification of the Judgment within the meaning of this paragraph, provided that Defendant's obligation to make payments under this Settlement will remain limited by the Gross Settlement Amount.

9.  **Timing of Provision of Settlement Shares and Other Payments.** Defendant will fund the Gross Settlement Amount by depositing the money with the Settlement Administrator.  Defendant shall fund the Gross Settlement Amount within thirty (30) days of the Effective Date. The payment of all Settlement Shares, PAGA Payment Shares, the Settlement Administration Expenses, the Class Counsel Fees Payment, the Class Counsel Litigation Expenses Payment, the Class Representative Service Payment, and the LWDA Payment shall be made within twenty-one (21) days after funding by the Defendant.

10.  **Uncashed Settlement Share Checks.**  A Participating Class Member or Aggrieved Employee must cash his or her Settlement Share and/or PAGA Payment Share check within 180 days after it is mailed to him or her.  If a check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the Participating Class Member at his or her correct address.  If a Participating Class Member's or Aggrieved Employee's check is not cashed within 120

days after its last mailing the Settlement Administrator will send the Participating Class Member or Aggrieved Employee a letter informing him or her that unless the check is cashed in the next 60 days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed.  If the check remains uncashed by the expiration of the 60 day period after this notice, the funds from such uncashed checks will be deposited with the Unclaimed Property fund maintained by the Controller for the State of California.

11.     **Final Report by Settlement Administrator to Court.**  Within ten days after final disbursement of all funds from the Gross Settlement Amount, the Settlement Administrator will serve on the Settling Parties a declaration proving a final report on the disbursements of all funds from the Gross Settlement Amount.

F.     **Release of Claims**.

1.     **Participating Class Members.**  Upon entry of final judgment, Plaintiffs and the Participating Class Members shall release all claims alleged in the operative complaint (including any amended complaint filed prior to Final Approval) or which could have been alleged based on the asserted facts regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, which occurred during the Class Period, and a release from the State of California of all PAGA claims based on the Labor Code violations alleged in the operative complaint which occurred during the time period of March 6, 2017 to April 20, 2019 ("Released Claims"). The Released Claims shall specifically include all claims under the laws alleged in the operative complaint, as well as any and all claims, causes of action, damages, wages, premiums, penalties, attorneys' fees, costs, and any other form of relief or remedy in law, equity, of whatever kind or nature and for any relief whatsoever, including monetary, injunctive, or declaratory relief, whether direct or indirect, whether under federal law or the law of any state, whether suspected or unsuspected, whether known or unknown, which the Plaintiffs or any Participating Class Member has against the Released Parties or any of them for any acts occurring during the Class Period that were pled or could have been pled in the Action based on the facts, subject matter or the factual or legal allegations in the Action including claims that are based upon or arise out of the California Labor Code or any similar provision of federal, state or local law. These Released Claims exclude claims of wrongful termination, unemployment insurance, social security, disability, and workers' compensation, and class claims outside of the Class Period and PAGA claims outside of the time period of March 6, 2017 to April 20, 2019.

2.      **Plaintiffs**.  As of the date the Settlement becomes Final, Plaintiffs hereby fully and finally releases Defendant and the other Released Parties from any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any local, state, or federal statute, rule, regulation, ordinance or common law including but not limited to those claims raised in the Action and/or that could have been raised in the Action, those arising from or related to their employment with Defendant or the termination thereof during the Class Period, and any other claims of any nature or origin whatsoever ("Plaintiffs' Released Claims").  This release excludes only the release of claims not permitted by law.

3.      **Plaintiffs' Waiver of Rights Under California Civil Code Section 1542.** As partial consideration for the Class Representative Service Payments, the Plaintiffs' Released Claims shall include all such claims, whether known or unknown by the releasing party.  Thus, even if Plaintiffs discover facts and/or claims in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Plaintiffs' Released Claims, those claims will remain released and forever barred.  Therefore, with respect to Plaintiffs' Released Claims, Plaintiffs expressly waive and relinquishes the provisions, rights and benefits of section 1542 of the California Civil Code, which reads:

<u>**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party.**</u>

4.      **Class Counsel**.  As of the date the Settlement becomes Final, and except as otherwise provided by this Agreement, Class Counsel and any counsel associated with Class Counsel waive any claim to costs and attorneys' fees and expenses against Defendant or other Released Parties arising from or related to the Action.

G.      **No Effect on Other Benefits.**  The Settlement Shares will not result in any additional benefit payments (such as 401(k) or bonus) beyond those provided by this Agreement to Plaintiffs, Participating Class Members, or Aggrieved Employees, and Plaintiffs, Participating Class Members, and Aggrieved Employees will be deemed to have waived all such claims, whether known or unknown by them, as part of the release of claims under this Agreement.

H.      **Limitation on Public Statements About the Settlement.**  Plaintiffs and Class Counsel represent that they will not solicit Class Members to participate in this

18

settlement, and further agree that they will not initiate or contact or have any communications with the Class Members during the settlement approval process provided, however, nothing will prevent Plaintiffs' counsel from responding to inquiries from Class Members. For its part, Defendant agrees that it shall not discourage Class Members from participating in the settlement and shall refer any questions to the Settlement Administrator. No public comment, communications to media, or any form of advertising or public announcement (including social media) regarding the case shall be made by Plaintiffs or their counsel at any time. Prior to filing of the motion(s) for approval, Class Counsel shall not discuss the terms of the settlement or the negotiations leading to settlement with any person other than the named Plaintiffs, except as explicitly agreed between counsel for the Settling Parties.

I.     **Miscellaneous Terms**.

    1.     **No Admission of Liability or Class Certification for Other Purposes**.

        a.     Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in this Action or that but for the Settlement a class should be certified in the Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendant, or an admission by Plaintiffs that any of the claims were non-meritorious or any defense asserted by Defendant was meritorious. This Settlement and the fact that Plaintiffs and Defendant were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

        b.     Whether or not the Judgment becomes Final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendant or any other beneficiary of the releases granted under this Agreement (the "Released Parties"), including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

c.      No injunctive or declaratory relief, nor any equitable relief beyond what could be characterized as restitution of claimed unpaid wages will be ordered by the court against Defendant in Final Approval of the Settlement, which will otherwise be grounds for Defendant rescinding and terminating the Settlement.

d.      This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement or in defense of any claims released or barred by this Agreement.

2.      **Effect of Agreement if Settlement Is Not Approved**.  This Agreement was entered into only for the purpose of settlement.  In the event either Settling Party invokes its rights under sections III.E.1.c, III.E.4 or III.E.6.d, this Agreement and the Memorandum of Understanding ("MOU") that preceded it will be deemed null and void *ab initio*.  In that event (a) the preliminary approval order, and/or final approval order and judgment, and all of its or their provisions will be vacated by its or their own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiffs as class representatives and conditional appointment of Plaintiffs' counsel as class counsel, (b) the Action will revert to the status that existed before the MOU's execution date, and (c) no term or draft of this Agreement or the MOU, or any part of the Settling Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding.  If the Court does not approve this Agreement or enter the final approval order and judgment for any reason, or if the Court's approval of the Agreement does not become "final" for any reason, Defendant shall retain all its rights to object to the maintenance of the Action as a class and representative action, and nothing in the MOU or this Agreement or other papers or proceedings related to those documents shall be used as evidence or argument by any Settling Party concerning whether the Action may properly be maintained as a class and representative action.

3.      **Integrated Agreement.**  After this Agreement is signed and delivered by all Settling Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Settling Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Settling Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

20

4.     **Attorney Authorization.**   Class Counsel and Defendant's Counsel warrant and represent that they are authorized by Plaintiffs and Defendant, respectively, to take all appropriate action required or permitted to be taken by such Settling Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement including any amendments to this Agreement.   The Settling Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.   In the event the Settling Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Settling Parties will seek the assistance of the mediator for resolution.

5.     **No Prior Assignments:** The Settling Parties represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity and portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

6.     **No Tax Advice:**   Neither Class Counsel nor Defendant's Counsel intend anything contained in this Settlement to constitute advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

7.     **Modification of Agreement**.   Except as set forth in III.I.4 hereinabove this Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Settling Parties or their representatives.

8.     **Agreement Binding on Successors.**   This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Settling Parties.

9.     **Applicable Law.**   All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the substantive laws of the State of California and of federal law as applicable to federal claims and procedural laws of the United States of America, without giving effect to any conflict of law principles or choice of law principles.

10.     **Cooperation in Drafting.**   The Settling Parties have cooperated in the drafting and preparation of this Agreement.   This Agreement will not be construed against any Settling Party on the basis that the Settling Party was the drafter or participated in the drafting.

21

11.    **Fair Settlement.**  The Settling Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

12.    **Use and Return of Documents and Data.**  All originals, copies, and summaries of documents and data provided to Class Counsel by Defendant in connection with the mediation or other settlement negotiations in this matter may be used only with respect to this Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule.  Within thirty days after the Judgment becomes Final, Class Counsel will return or destroy and confirm in writing to Defendant the destruction of all such documents and data.

13.    **Headings.**  The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

14.    **Notice.**  All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

*To Plaintiffs and the Class:*

Norman B. Blumenthal
Kyle R. Nordrehaug
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara
La Jolla, CA 92037
Tel.: (858) 551-1223
Fax: (858) 551-1232
E-Mail: norm@bamlawca.com
          kyle@bamlawca.com

*To Defendant:*

Angela J. Rafoth
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 433-1940
E-mail: ARafoth@littler.com

Irene V. Fitzgerald
Littler Mendelson, P.C.
5200 North Palm Ave., Suite 302
Fresno, CA 93704
Telephone: (559) 244-7500
Email: ifitzgerald@littler.com

15.     **Execution in Counterparts.** This Agreement may be executed in one or more counterparts by facsimile, email or electronic signature which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Settling Parties will exchange between themselves signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

16.     **Stay of Litigation.** The Settling Parties agree that upon the signing of this Agreement by the Settling Parties hereto the continuing litigation of the Action shall be stayed for all purposes pending the outcome of the settlement process.

## IV.    EXECUTION BY PARTIES AND COUNSEL

The Settling Parties and their counsel hereby execute this Agreement.

Dated: 10/04/2019   2019        Angela Conti

_Angela Conti_
Angela Conti (Oct 4, 2019)

Dated: _____ 2019        Justine Mora

23

Irene V. Fitzgerald
Littler Mendelson, P.C.
5200 North Palm Ave., Suite 302
Fresno, CA 93704
Telephone: (559) 244-7500
Email: ifitzgerald@littler.com

15.     **Execution in Counterparts.**  This Agreement may be executed in one or more counterparts by facsimile, email or electronic signature which for purposes of this Agreement shall be accepted as an original.  All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Settling Parties will exchange between themselves signed counterparts.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

16.     **Stay of Litigation.**  The Settling Parties agree that upon the signing of this Agreement by the Settling Parties hereto the continuing litigation of the Action shall be stayed for all purposes pending the outcome of the settlement process.

## IV.     EXECUTION BY PARTIES AND COUNSEL

The Settling Parties and their counsel hereby execute this Agreement.

Dated: _____ 2019          Angela Conti

_____

Dated: 09/27/2019 ____ 2019          Justine Mora

_____
Justine Mora (Sep 27, 2019)

23

Dated: _____ 2019          L'Oreal USA S/D, Inc.

By: _____


Dated: 11/12 2019          BLUMENTHAL NORDREHAUG BHOWMIK DE
                            BLOUW LLP

By: _____
                                Norman B. Blumenthal
                                Attorneys for Plaintiffs


Dated: 11/12 _____ 2019          LITTLER MENDELSON, P.C.

By: _____
                                Angela J. Rafoth
                                Attorneys for Defendant


24

**EXHIBIT A**

[NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, AND HEARING DATE
FOR FINAL COURT APPROVAL]

## NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT
## AND HEARING DATE FOR COURT APPROVAL

***(Conti v. L'Oreal USA S/D, Inc., Case No. 1:19-CV-00769-LJO-SKO)***
(originally filed as Case No. 18CECG00816, California Superior Court, Fresno County)

**YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.  PLEASE READ THIS CLASS NOTICE CAREFULLY.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing and Receive a Payment** | To receive a cash payment from the Settlement, you do **not** have to do anything. **Your  Share of the proposed Settlement will be allocated to you based on Defendant's records that you worked ▭ weeks during the Class Period.  See the explanation below.** After final approval by the District Court, the payment will be mailed to you at the same address as this Class Notice. If your address has changed, please notify the Settlement Administrator as explained below.  In exchange for the settlement payment, you will release claims against the Defendant as detailed below. |
| **Exclude Yourself** | To exclude yourself, you must send a written request for exclusion to the Settlement Administrator as provided below.  If you request exclusion, you will receive **no money from the Settlement**. Instructions are set forth below. |
| **Object** | Write to the District Court about why you do not believe the settlement is fair and reasonable. Directions are provided below. |

### 1.   Why did I get this Class Notice?

A proposed class action settlement (the "Settlement") of the above-captioned action pending in the United States District Court for the Eastern District of California (the "District Court") has been reached between Plaintiffs Angela Conti and Justine Mora ("Plaintiffs") and Defendant L'Oreal USA S/D, Inc. ("Defendant") and has been granted preliminary approval by the District Court.  **You may be entitled to receive money from this Settlement.**

**You have received this Class Notice because you have been identified as a member of the Class which is defined as:**

> All individuals who are or previously were employed by L'Oreal USA, S/D, Inc. who worked in California, were classified as non-exempt, and who separated from their employment between March 6, 2014 and February 20, 2018.

The "Class Period" is the period of time from March 6, 2014 until February 20, 2018.

This Class Notice explains the lawsuit, the Settlement, and your legal rights. It is important that you read this Class Notice carefully as your rights may be affected by the Settlement.

### 2.   What is this class action lawsuit about?

On March 6, 2018, Plaintiffs filed a Complaint against Defendant in the Superior Court of the State of California, County of Fresno.  Plaintiffs asserted claims against Defendant for wage and hour violations under the California Labor Code alleging that Defendant failed to pay overtime wage, failed to provide legally required meal and rest periods, failed to provide accurate wage statements and failed to timely pay wages at termination.  On April 9, 2018, Plaintiffs filed a First Amended Complaint adding a claim for civil penalties under the Private Attorneys General Act, Cal. Labor Code §§ 2689 *et seq.* ("PAGA").  On April 30, 2019, Plaintiffs filed a Second Amended Complaint which added allegations and a claim under the federal Fair Labor Standards Act.  On May 28, 2019, Defendant filed an answer to the Second Amended Complaint and on May 30, 2019, Defendant timely removed this action to the federal District Court.

Following mediation before Jeffrey Ross, the Parties reached a settlement in order to avoid the risk, inconvenience and expense of further litigation.  Plaintiffs and Class Counsel believe the proposed settlement is fair, adequate and in the best interest of the class members to whom it applies given the outcome of their investigation, the consumption of time and resources required in connection with further litigation, and the uncertainty in the law governing some of the claims presented.

Defendant vigorously disputes all claims asserted in this litigation.  Specifically, Defendant maintains that it has properly complied with all state and federal laws and regulations, including the California Labor Code.  Defendant enters into this Settlement for the sole purpose of avoiding the operational burden, expense and uncertainty of continuing litigation.  The District Court has not made a determination about any of the contentions of the parties. This Class Notice is not to be understood as an expression of any opinion by the District Court as to the merits of the claims or defenses asserted by either side.

The District Court granted preliminary approval of the Settlement on <<INSERT PRELIMINARY APPROVAL DATE>>.  At that time, the District Court also preliminarily approved the Plaintiffs to serve as the Class Representatives, and the law firm Blumenthal Nordrehaug Bhowmik De Blouw LLP to serve as Class Counsel.

### 3.   What are the terms of the Settlement?

Gross Settlement Amount. Defendant has agreed to pay an "all in" amount of Four Hundred Twenty-Five Thousand Dollars ($425,000) (the "Gross Settlement Amount") to fund the settlement of this Action.  The Gross Settlement Amount includes all payments of Settlement Shares to the Class contemplated by the Settlement, Class Counsel's attorneys' fees and costs, Settlement Administration expenses, the Class Representative Service Payments to the Plaintiffs, and the PAGA Payment.  The entirety of the Gross Settlement Amount will be disbursed, with no reversion to Defendant and Defendant shall separately pay any applicable employer-side payroll taxes.

Defendant shall fund the Gross Settlement Amount approximately thirty (30) days after the District Court has granted Final Approval of the Settlement, and the Gross Settlement Amount will be disbursed by the Settlement Administrator 21 days after receipt of the funds.  If there are objections or an appeal, the funding and payments to the Class will be delayed.

Amounts to be Paid From the Gross Settlement Amount.  The District Court has tentatively approved certain payments to be made from the Gross Settlement Amount as follows, which will be subject to final approval by the District Court, and which will be deducted from the Gross Settlement Amount before settlement payments are made to Class Members who do not request exclusion ("Participating Class Members"):

- Settlement Administration Expenses. Payment to the Settlement Administrator, estimated not to exceed $15,000, for expenses, including expenses of notifying the Class of the Settlement, processing opt outs, and distributing settlement payments and tax forms.

- Attorneys' Fees and Costs.  Payment to Class Counsel of reasonable attorneys' fees not to exceed $106,250 (25% of the Gross Settlement Amount), and an additional amount to reimburse actual litigation expenses not to exceed $12,000.  Class Counsel has been prosecuting the Action on behalf of Plaintiffs and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- Class Representative Service Payments.  Class Representative Service Payments not to exceed Ten Thousand Dollars ($10,000) to each of the Plaintiffs, or such lesser amount as may be approved by the District Court, to compensate them for their services on behalf of the Class in initiating and prosecuting the Action, and for the risks they undertook, and as consideration for a general release of claims by them individually.

- PAGA Payment.  A payment of $50,000, with 75% going ($37,500) to the California's Labor and Workforce Development Agency ("LWDA ") and the remaining 25% ($12,500) (all individuals who are or previously were employed by Defendant who worked in California and who were classified as non-exempt during the period March 6, 2017 to April 20, 2019) relating to Plaintiff's claim under PAGA. The PAGA Payment to the Aggrieved Employees will be allocated on a pro rata basis based upon their workweeks during the period March 6, 2017 to April 20, 2019.

Calculation of Payments to Participating Class Members. After all of the payments of the court-approved Attorneys' Fees and Costs, the Class Representative Service Payments, the PAGA Payment and the Settlement Administration Expenses are deducted from the Gross Settlement Amount, the remaining portion, the "Net Settlement Amount" shall be distributed to class members who do **not** request exclusion ("Participating Class Members").  The Net Settlement Amount shall be paid as follows:

The Settlement Share for each Participating Class Member will be calculated by (a) dividing the Net Settlement Amount by the total number of workweeks of all Participating Class Members worked during the Class Period to determine the value of each workweek and (b) multiplying the result by each individual Participating Class Member's total number of workweeks worked as a Class Member during the Class Period.

**If the Settlement is approved by the District Court and you do not opt out, you will automatically be mailed a check for your Settlement Share to the same address as this Class Notice.  You do not have to do anything to receive a payment.**  If your address has changed, you must contact the Settlement Administrator to inform them of your correct address to insure you receive your payment.

Tax Matters.  Fifty percent (50%) of each Participating Class Member's Settlement Share is in settlement of wage claims, and will be paid subject to wage withholdings, and shall be reported on IRS Form W-2.  Fifty percent (50%) of each Participating Class Member's Settlement Share is in settlement of claims for interest and penalties, and shall be reported on IRS Form 1099.

Participating Class Members shall be responsible for paying any employee taxes owing on their Settlement Shares.  Neither Class Counsel nor Defendant's Counsel intend anything contained in this Settlement to constitute tax advice regarding taxes or taxability.  You may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

Conditions of Settlement.  This Settlement is conditioned upon the District Court entering an order granting final approval of the Settlement.

**4.   What Do I Release Under the Settlement?**

Released Class Claims.  Upon the Effective Date, any person who is a Participating Class Member (i.e. someone who does not opt-out) shall be deemed to have fully and finally released all claims alleged in the

operative complaint (including any amended complaint filed prior to Final Approval) or which could have been alleged based on the asserted facts regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, which occurred during the Class Period, and a release from the State of California of all PAGA claims based on the Labor Code violations alleged in the operative complaint which occurred during the time period of March 6, 2017 to April 20, 2019 ("Released Claims"). The Released Claims shall specifically include all claims under the laws alleged in the operative complaint, as well as any and all claims, causes of action, damages, wages, premiums, penalties, attorneys' fees, costs, and any other form of relief or remedy in law, equity, of whatever kind or nature and for any relief whatsoever, including monetary, injunctive, or declaratory relief, whether direct or indirect, whether under federal law or the law of any state, whether suspected or unsuspected, whether known or unknown, which the Plaintiffs or any Participating Class Member has against the Released Parties or any of them for any acts occurring during the Class Period that were pled or could have been pled in the Action based on the facts, subject matter or the factual or legal allegations in the Action including claims that are based upon or arise out of the California Labor Code or any similar provision of federal, state or local law. These Released Claims exclude claims of wrongful termination, unemployment insurance, social security, disability, and workers' compensation, and class claims outside of the Class Period and PAGA claims outside of the time period of March 6, 2017 to April 20, 2019.

This means that, if you do not timely and formally exclude yourself from the settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues resolved by this Settlement.  Specifically, you may also be a member of a putative class identified in the later-filed action *Gonzalez v. L'Oreal USA, S/D, Inc.*, Los Angeles Superior Court Case No. 19STCV00689, which raises some or all of the same alleged claims asserted in this case, and participating in this Settlement may impact your right, if any, to participate in any subsequent judgment or settlement in that action.

**This release specifically includes claims under the federal Fair Labor Standards Act based on the facts or theories raised in this lawsuit.  If you do not exclude yourself from this settlement, you will have waived those claims.**

If you do not exclude yourself from this Settlement, all of the District Court's orders in this Action will apply to you and legally bind you.

## 5.   How much will my payment be?

**[Defendant's records reflect that you worked<<_____>> weeks during the Class Period as a non-exempt employee for Defendant. Your <u>estimated</u> Settlement Share is <<_____>>.]**

## 6.   How can I get a payment?

**To get money from the settlement, you do not have to do anything**.  A check for your settlement payment will be mailed automatically to the same address as this Class Notice.  If your address is incorrect or has changed, you must notify the Settlement Administrator.  The Settlement Administrator is: _____ (800) _____.

The District Court will hold a hearing on _____ to decide whether to approve the Settlement.  If the District Court approves the Settlement and there are no objections or appeals, payments will be mailed within approximately two months after this hearing. If there are objections or appeals, resolving them can take time, perhaps more than a year.  Please be patient.

## 7.   What if I don't want to be a part of the Settlement?

If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement or "opt out."

4

**If you opt out, you will receive NO money from the Settlement, and you will not be bound by its terms**.

To opt out, you must submit to the Settlement Administrator, by First Class Mail, a written, signed and dated request to opt-out postmarked no later than _____. The request to opt-out must state in substance: "I have read the Class Notice and I wish to opt-out of the class action and settlement of the case *Conti v. L'Oreal USA S/D, Inc.,* Case No. 1:19-cv-00769." The request to opt-out must contain your name, address, and signature. To be valid, the request to opt-out must be completed by you and must be timely submitted to the Settlement Administrator. No other person may opt-out on behalf of a living member of the Class.  Anyone who submits a timely and valid request to opt out shall not be deemed a Class Member and will not receive any payment as part of this Settlement.

The address for the Settlement Administrator is _____.  Written requests for exclusion that are postmarked after _____, or are incomplete or unsigned will be rejected, and those Class Members will remain bound by the Settlement and the release described above.

| 8.   How do I tell the District Court that I don't like the Settlement? |
| --- |

You can ask the Court to deny approval by filing a written objection or appearing at the hearing to make an oral objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any Class Member who has not opted out and believes that the Settlement should not be finally approved by the District Court for any reason may object to the proposed Settlement.  Objections must be in writing and state your (the Class Member's) name, current address, telephone number, and describe why you believe the Settlement is not fair and reasonable and whether you intend to appear at the final approval hearing.  All objections or other correspondence must also state the name and number of the case, which is *Conti v. L'Oreal USA S/D, Inc.,* in the United States District Court for the Eastern District of California, Case No. 1:19-cv-00769-AWI.  In addition, you may enter an appearance through an attorney if you so desire.

**Any objections must be delivered or postmarked and mailed to the Settlement Administrator and the Settling Parties' counsel no later than _____.**  The address for the Settlement Administrator is _____.

The addresses for Settling Parties' counsel are as follows:

| **Class Counsel**: | **Counsel for Defendant**: |
| --- | --- |
| Norman Blumenthal | Angela J. Rafoth |
| Blumenthal Nordrehaug Bhowmik | Littler Mendelson, P.C. |
| De Blouw LLP | 333 Bush Street, 34th Floor |
| 2255 Calle Clara | San Francisco, CA 94104 |
| La Jolla, CA 92037 | |
| Tel: 858-551-1223 / Fax: 858-551-1232 | |
| Email: Norm@bamlawca.com | |
| Website:  www.bamlawca.com | |

To object to the Settlement, you must not opt out, and if the Court approves the Settlement despite your objection, you will be bound by the terms of the Settlement and receive payment for your Settlement Share. Any Class Member who does not object in the manner provided in this Class Notice shall have waived any objection to the Settlement, whether by appeal or otherwise.

| 9.   When and where will the Court decide whether to approve the Settlement? |
| --- |

The Court will hold a Final Approval Hearing at <mark>00:00 AM/PM on _____,</mark> , at the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California 93721, in Courtroom 2 on the 8th Floor before District Judge Lawrence J. O'Neill.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  The purpose of this hearing is for the Court to determine whether to grant final approval of the Settlement.  If there are objections, the Court will consider them.  This hearing may be rescheduled by the Court without further notice to you.  **You are not required to attend** the Final Approval Hearing, although any Class Member is welcome to attend the hearing.

| **10. How do I get more information about the Settlement?** |
| --- |

You may call the Settlement Administrator at _____ or write to *Conti v. L'Oreal* Settlement Administrator, c/o _____; or contact Class Counsel at 1-858-551-1223.

This Class Notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You may receive a copy of the Settlement Agreement, the Final Judgment or other Settlement documents by writing to Class Counsel.  You may also get more details by examining the Court's file using PACER at http://www.caed.uscourts.gov/ and entering the Case No. 1:19-cv-00769, or by going to the Clerk's Office located at Room 1501 on the 1st Floor of the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, 93721 during regular business hours.

**PLEASE <u>DO NOT</u> CALL THE COURT ABOUT THIS CLASS NOTICE.**

<u>IMPORTANT:</u>

- You must inform the Settlement Administrator of any change of address to ensure receipt of your settlement payment.

- Settlement checks will be null and void 180 days after issuance if not deposited or cashed.  If the check of a Participating Class Member remains uncashed by the expiration date, the funds from such uncashed checks for the Class will be deposited as with the Unclaimed Property fund maintained by the Controller for with the State of California where the funds may be claimed.  If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.

**EXHIBIT B**

[ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT]

1

**EXHIBIT B**

2

3

4

5

6

7

8

9

10

11          UNITED STATES DISTRICT COURT

12          EASTERN DISTRICT OF CALIFORNIA

13

14   ANGELA CONTI and JUSTINE        CASE NO. 1:19-CV-00769-LJO-SKO
     MORA, individuals, on behalf of
15   themselves, and on behalf of all     Assigned to: Hon. Lawrence J. O'Neill
     persons similarly situated,
16                                    **[PROPOSED] ORDER:**

17              Plaintiffs,          **(1)   GRANTING PRELIMINARY
                                            APPROVAL OF SETTLEMENT;**
18   vs.
                                     **(2)   APPROVING CLASS NOTICE;**
19   L'OREAL USA S/D, INC., a
20   Corporation; and Does 1 through 50,   **(3)   APPOINTING SETTLEMENT
     Inclusive,                            ADMINISTRATOR; AND,**
21
                Defendants.          **(4)   SCHEDULING FINAL
22                                          APPROVAL HEARING**

23

24

25

26

27

28

1    On _____, 2019, a hearing was held on the motion of Plaintiffs

2 Angela Conti and Justine Mora ("Plaintiffs") for preliminary approval of the

3 Parties' proposed settlement ("Settlement"), approval of the notice to be sent to the

4 class about the settlement, and the setting of a date for the hearing on final approval

5 of the settlement.  Blumenthal Nordrehaug Bhowmik De Blouw LLP appeared for

6 Plaintiffs, and Littler Mendelson, P.C. appeared for Defendant L'Oreal USA S/D,

7 Inc. ("Defendant").

8    The Court having read and considered the papers on the motion, the

9 arguments of counsel, and the law, and good cause appearing therefore,

10    **IT IS ORDERED:**

11    1.    This Order incorporates the defined terms in the Class Action Settlement

12 Agreement (the "Agreement") (Declaration of Kyle Nordrehaug Exh. ___).

13 Pursuant to the terms of the Agreement, Plaintiffs and Participating Class Members

14 will take only that which is stated in the Agreement.

15    2.    Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*

16 ("CAFA"), the Defendant caused the mailing of the CAFA Notice to the Attorney

17 General of the United States and the appropriate state official in each state in which

18 a Class Member reportedly resides at the time of CAFA Notice according to

19 Defendant's records and as updated following a National Change of Address

20 search.  Accordingly, the Court finds that Defendant has discharged its obligations

21 under CAFA to provide notice to the appropriate federal and state officials.

22    3.    Pursuant to the Agreement, the Class is conditionally certified for

23 settlement purposes only.   The Class is defined as all individuals who are or

24 previously were employed by Defendant who worked in California, were classified

25 as non-exempt, and who separated from their employment between March 6, 2014

26 and February 20, 2018 (the "Class Period").

27    4.    The Parties' Agreement is granted preliminary approval as it meets the

28 criteria for preliminary settlement approval.  The Settlement falls within the range

- 1 -

1  of possible approval as fair, adequate and reasonable, and appears to be the product

2  of arm's-length and informed negotiations and to treat all Class Members fairly.

3  Continued litigation would have been expensive for both sides. The Parties

4  acknowledge that litigating and trying this action may have resulted in delay of any

5  recovery, involved significant risk as to liability and certification, and led to

6  possible appeals. Class Counsel received the relevant information for the Class.

7  Plaintiffs have adequately demonstrated that the agreement to settle did not occur

8  until Plaintiffs and Class Counsel possessed sufficient information to evaluate the

9  case and make an informed decision about settlement.

10      5.   The Parties' proposed notice plan is constitutionally sound because

11  individual notices will be mailed to all class members whose identities are known

12  to the Parties, and such notice is the best notice practicable. The Parties' proposed

13  Notice of Proposed Settlement of Class Action and Hearing Date for Final Court

14  Approval ("Class Notice") attached to the Agreement as Exhibit A, sufficiently

15  informs Class Members of the terms of the Settlement, their rights under the

16  Settlement, their rights to object to the settlement, their right to receive a Settlement

17  Share or elect not to participate in the Settlement, and the processes for doing so,

18  and the date and location of the final approval hearing, and therefore is approved.

19      6.   Any Class Member who does not submit a valid request for exclusion

20  will receive a Settlement Share based upon the allocation formula in the

21  Agreement. Class Members who wish to exclude themselves from the Settlement

22  must mail to the Settlement Administrator not later than 45 days after the

23  Settlement Administrator mails the Class Notice Packets a signed Election Not to

24  Participate in accordance with the instructions in the Class Notice.

25      7.   Any Class Member who wishes to comment on or object to the

26  Settlement, the attorneys' fees and costs, and/or the proposed Class Representative

27  Service Payments has until 45 days after the mailing of the Class Notice to submit

28

1    his or her written comment or objection pursuant to the procedures set forth in the

2    Class Notice.  Class Counsel must file their application for the attorneys' fees and

3    costs no later than 14 days prior to the end of the objection period, and the

4    application will be heard at the Final Approval Hearing.

5        8.   ILYM Group is appointed to act as the Settlement Administrator,

6    pursuant to the terms set forth in the Settlement.

7        9.   Blumenthal Nordrehaug Bhowmik De Blouw LLP is approved as Class

8    Counsel and the Plaintiffs are approved as the Class Representative.

9        10.  Defendant is directed to provide the Settlement Administrator with the

10   Class Members' Class Data as specified by the Agreement no later than 30 days

11   after the date of entry of this order.   Pursuant to the terms set forth in the

12   Agreement, the Class Data, its contents and any files containing Class Data shall

13   remain strictly confidential for the Settlement Administrator's eyes only, not to be

14   disclosed to Plaintiffs or to Class Counsel or to any Class Member.

15       11.  The Class Notice attached as Exhibit A to the Agreement is approved.

16   The Settlement Administrator is directed to mail the approved Class Notice by first-

17   class mail to the Class Members at their last known address no later than 21 days

18   after receipt of the Class Data.

19       12.  A Final Approval Hearing will be held on _____ _____, at

20   _____ in Courtroom 4, to determine whether the Settlement should be granted

21   final approval as fair, reasonable, and adequate as to the Class Members.  The Court

22   will hear all evidence and argument necessary to evaluate the Settlement, and will

23   consider the request for approval of attorneys' fees and costs and for approval of

24   the Class Representative Service Payments.  Class Members and their counsel may

25   support or oppose the Settlement and the motion for an award of attorneys' fees and

26   costs and the Class Representative Service Payments, if they so desire, as set forth

27   in the Class Notice.

28       13.  Any Class Member may appear at the final approval hearing in person

- 3 -

1  or by his or her own attorney and show cause why the Court should not approve the

2  Settlement, or object to the motion for an award of attorneys' fees and costs and the

3  Class Representative Service Payments.  For any written comments or objections to

4  be considered at the hearing, the Class Member must submit the written objections

5  to the Settlement Administrator in compliance with the instructions in the Class

6  Notice and describe the nature of the Class Member's comments, support or

7  objection.

8       14.   The Court reserves the right to continue the date of the final approval

9  hearing without further notice to Class Members.  The Court retains jurisdiction to

10  consider all further applications arising out of or in connection with the Settlement.

11  DATED: _____

12

13                    _____
                              HON. LAWRENCE J. O'NEILL
14                            U.S. DISTRICT COURT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

**EXHIBIT C**

[ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
JUDGMENT]

1

**EXHIBIT C**

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

12

13

14   ANGELA CONTI and JUSTINE
MORA, individuals, on behalf of
15   themselves, and on behalf of all
persons similarly situated,
16

17            Plaintiffs,

18   vs.

19   L'OREAL USA S/D, INC., a
Corporation; and Does 1 through 50,
20   Inclusive,

21

22            Defendants.

CASE NO. 1:19-CV-00769-LJO-SKO

Assigned to: Hon. Lawrence J. O'Neill

**[PROPOSED] ORDER:**

**(1) GRANTING FINAL APPROVAL
TO CLASS ACTION
SETTLEMENT; AND,**

**(2) ENTERING FINAL JUDGMENT**

23

24

25

26

27

28

1    On _____, a hearing was held on the motion of

2  Plaintiffs Angela Conti and Justine Mora ("Plaintiff") for final approval of the class

3  settlement (the "Settlement") and payments to the Class, the Plaintiffs, Class

4  Counsel, and the Settlement Administrator.  Blumenthal Nordrehaug Bhowmik De

5  Blouw LLP appeared for Plaintiffs, and Littler Mendelson, P.C. appeared for

6  Defendant L'Oreal USA S/D, Inc. ("Defendant").

7    The Parties have submitted their Settlement, which this Court

8  preliminarily approved by its _____, order (Docket No. __) (the

9  "Preliminary Approval Order").  In accordance with the Preliminary Approval

10  Order, Class Members have been given notice of the terms of the Settlement and

11  the opportunity to comment on or object to it or to exclude themselves from its

12  provisions.

13    Having received and considered the Settlement, the supporting papers

14  filed by the Parties, and the evidence and argument received by the Court before

15  entering the Preliminary Approval Order and at the final approval hearing, the

16  Court grants final approval of the Settlement, enters this Final Approval Order, and

17  HEREBY ORDERS and MAKES DETERMINATIONS as follows:

18

19    1.    Except as otherwise specified herein, the Court for purposes of this

20  Final Approval Order and Judgment adopts all defined terms set forth in the Class

21  Action Settlement Agreement ("Agreement").

22    2.    The Court has jurisdiction over this Action and the Settlement pursuant

23  to 28 U.S.C. section 1331.

24    3.    For settlement purposes only, the Court confirms the certification of

25  the Class. The Class is defined as all individuals who are or previously were

26  employed by Defendant who worked in California, were classified as non-exempt,

27  and who separated from their employment between March 6, 2014 and February

28  20, 2018 (the "Class Period").

- 1 -

4.     Pursuant to the Preliminary Approval Order, the Notice of Proposed Settlement of Class Action and Hearing Date for Final Court Approval ("Class Notice") was sent to each class member by first-class mail.  The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.

5.     The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6.     ___ Class Members filed written objections to the proposed settlement as part of this notice process.  [*As applicable* ___The Court overrules the objections raised by objecting Class Members.]

7.     For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Participating Class Members will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8.     The Court finds and determines that the all-inclusive Gross Settlement Amount in the maximum amount of $425,000 and the Settlement Shares to be paid to the Participating Class Members under the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts

- 2 -

be distributed to the Participating Class Members out of the Net Settlement Amount in accordance with the Agreement. Pursuant to the terms of the Agreement, the Settlement Administrator is directed to make the payments to each Participating Class Member in accordance with the Agreement.

9.     The Court finds and determines that the fees and expenses of ILYM Group in administrating the settlement, in the amount of $_____ [not to exceed $15,000], are fair and reasonable.  The Court hereby grants final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Agreement.

10.    The Court finds and determines that the request by Plaintiffs and Class Counsel to the Class Representative Service Payments and the attorneys' fees and costs pursuant to the Agreement are fair and reasonable.  The Court hereby grants final approval to and orders that the payment of the amounts of $ _____ to each of the Plaintiffs for their Class Representative Service Payment [not to exceed $10,000 each], $_____ for attorneys' fees to Class Counsel [not to exceed $106,250], and $_____ for reimbursement of litigation expenses and costs [not to exceed $12,000] be paid out of the Gross Settlement Amount in accordance with the Agreement.

11.    The Court approves the PAGA Payment in the amount of $50,000 as fair and reasonable.   The PAGA Payment shall be allocated in accordance with the Agreement.  The PAGA Payment will be distributed to the Aggrieved Employees irrespective of whether the Aggrieved Employee opts out from the Class.

12.    Upon the Effective Date, any person who is a Participating Class Member of the Class who does not opt-out shall be deemed to have fully and finally released all claims alleged in the operative complaint (including any amended complaint filed prior to Final Approval) or which could have been alleged based on the asserted facts regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, which

occurred during the Class Period, and a release from the State of California of all PAGA claims based on the Labor Code violations alleged in the operative complaint which occurred during the time period of March 6, 2017 to April 20, 2019 ("Released Claims"). The Released Claims shall specifically include all claims under the laws alleged in the operative complaint, as well as any and all claims, causes of action, damages, wages, premiums, penalties, attorneys' fees, costs, and any other form of relief or remedy in law, equity, of whatever kind or nature and for any relief whatsoever, including monetary, injunctive, or declaratory relief, whether direct or indirect, whether under federal law or the law of any state, whether suspected or unsuspected, whether known or unknown, which the Plaintiffs or any Participating Class Member has against the Released Parties or any of them for any acts occurring during the Class Period that were pled or could have been pled in the Action based on the facts, subject matter or the factual or legal allegations in the Action including claims that are based upon or arise out of the California Labor Code or any similar provision of federal, state or local law. These Released Claims exclude claims of wrongful termination, unemployment insurance, social security, disability, and workers' compensation, and class claims outside of the Class Period and PAGA claims outside of the time period of March 6, 2017 to April 20, 2019.

13.    Pursuant to the terms of the Agreement, the Plaintiffs makes the additional following general release of any and all Plaintiffs' Released Claims as defined in the Agreement.

14.    As partial consideration for the Class Representative Service Payments, Plaintiffs' Released Claims shall include all such claims, whether known or unknown, by the releasing party.  Thus, even if Plaintiffs discover facts and/or claims in addition to or different from those that they now know or believe to be true with respect to the subject matter of Plaintiffs' Released Claims, those claims will remain released and forever barred.  Therefore, with respect to Plaintiffs'

- 4 -

Released Claims, Plaintiffs expressly waive and relinquish all of the provisions and all of their rights and benefits under the provisions of section 1542 of the California Civil Code, which reads:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party.**

15.    Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payment in accordance with the Agreement.

16.    If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

17.    The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims.  Defendant in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendant.

18.    By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

19.    Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this

- 5 -

1   Order and the Settlement.

2       20.   The Parties are hereby ordered to comply with the terms of the

3   Agreement.

4       21.   This action is dismissed with prejudice, each side to bear its own costs

5   and attorneys' fees except as provided by the Settlement and this Final Approval

6   Order and Judgment.

7   DATED: _____

8

9                                    _____
                                          HON. ANTHONY W. ISHII
10                                        U.S. DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

**EXHIBIT #2**

**Blumenthal Nordrehaug Bhowmik De Blouw LLP**
2255 Calle Clara, La Jolla, California 92037
Tel: (858) 551-1223
Fax: (885) 551-1232

## FIRM RESUME

Areas of Practice: Employee, Consumer and Securities Class Actions, Wage and Hour Class Actions, Civil Litigation, Business Litigation.

## ATTORNEY BIOGRAPHIES

**Norman B. Blumenthal**
Partner
Practice Areas: Consumer and Securities Class Action, Civil Litigation, Wage and Hour Class Actions, Transactional Law
Admitted: 1973, Illinois; 1976, California
Biography: Law Clerk to Justice Thomas J. Moran, Illinois Supreme Court, 1973-1975, while on Illinois Court of Appeals. Instructor, Oil and Gas Law: California Western School of Law, 1981; University of San Diego School of Law, 1983. President and Chairman of the Board, San Diego Petroleum Club Inc., 1985-1986. Chief Operating Officer and General Counsel, Brumark Corporation, 1980-1987. Partner, Blumenthal & Ostroff, 1988-1995. Partner, Blumenthal, Ostroff & Markham, 1995-2001. Partner, Blumenthal & Markham, 2001-2007. Partner, Blumenthal & Nordrehaug, 2007. Partner, Blumenthal, Nordrehaug & Bhowmik, 2008-present
Member: San Diego County, Illinois State and American Bar Associations; State Bar of California.
Educated: University of Wisconsin (B.A., 1970); Loyola University of Chicago (J.D., 1973)

**Kyle R. Nordrehaug**
Partner
Practice Areas: Consumer and Securities Class Actions, Wage and Hour Class Actions, Civil Litigation
Admitted: 1999, California
Biography: Associate, Blumenthal, Ostroff & Markham, 1999-2001. Associate, Blumenthal & Markham, 2001-2007. Partner, Blumenthal & Nordrehaug, 2007. Partner, Blumenthal, Nordrehaug & Bhowmik, 2008-present
Member: State Bar of California, Ninth Circuit Court of Appeals, Third Circuit Court of Appeals
Educated: University of California at Berkeley (B.A., 1994); University of San Diego School of Law (J.D. 1999)
Awards: Top Labor & Employment Attorney 2016; Top Appellate Reversal - Daily Journal 2015; Super Lawyer 2015-2018

**Aparajit Bhowmik**
Partner
Practice Areas: Civil Litigation; Consumer Class Actions, Wage and Hour Class Actions
Admitted: 2006, California
Educated: University of California at San Diego (B.A., 2002); University of San Diego School of Law (J.D. 2006)
Awards: Rising Star 2015

**Nicholas J. De Blouw**
Partner
Practice Areas:  Civil Litigation; Consumer Class Actions, Wage and Hour Class Actions
Admitted: 2011, California
Educated: Wayne State University (B.A. 2008); California Western School of Law (J.D. 2011)

**Piya Mukherjee**
Associate Attorney
Practice Areas:  Civil Litigation; Consumer Class Actions, Wage and Hour Class Actions
Admitted: 2010, California
Educated: University of California, San Diego (B.S. 2006); University of Southern California, Gould School of Law (J.D. 2010)

**Victoria Rivapalacio**
Associate Attorney
Practice Areas:  Civil Litigation; Consumer Class Actions, Wage and Hour Class Actions
Admitted: 2011, California
Educated: University of California at San Diego (B.A., 2003); George Washington University Law School (J.D. 2010)

**Ricardo Ehmann**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions
Admitted: 2018, California; 2004, Nevada
Educated: University of California, San Diego (B.A. 1998); Loyola Law School (J.D. 2001)

**Jeffrey S. Herman**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions
Admitted: 2011, California; 2016 Arizona
Educated: University of Michigan (B.A. 2008); California Western School of Law (J.D. 2011)

**Charlotte James**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions
Admitted: 2016, California
Educated: San Diego State University; California Western School of Law

## REPORTED CASES

Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425 (9th Cir. 2015); Securitas Security Services USA, Inc. v. Superior Court, 234 Cal. App. 4th 1109 (Cal. Feb. 27, 2015); Sussex v. United States Dist. Court for the Dist. of Nev., 781 F.3d 1065 (9th Cir. 2015); In re Tobacco Cases II, 41 Cal. 4th 1257 (2007);  Washington Mutual Bank v. Superior Court, 24 Cal. 4th 906 (2001);  Rocker v. KPMG LLP, 148 P.3d 703; 122 Nev. 1185 (2006); PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384 (2007); Hall v. County of Los Angeles, 148 Cal. App. 4th 318 (2007); Coshow v. City of Escondido, 132 Cal. App. 4th 687 (2005); Daniels v. Philip Morris, 18 F.Supp 2d 1110 (S.D. Cal.1998); Gibson v. World Savings & Loan Asso., 103 Cal. App. 4th 1291 (2003); Jordan v. Department of Motor Vehicles, 75 Cal. App. 4th 445 (1999); Jordan v. Department of Motor Vehicles, 100 Cal.App. 4th 431 (2002); Norwest Mortgage, Inc. v. Superior Court, 72 Cal.App.4th 214 (1999); Hildago v. Diversified Transp. Sya, 1998 U.S. App. LEXIS 3207

(9th Cir. 1998); Kensington Capital Mgal. v. Oakley, Inc., 1999 U.S. Dist LEXIS 385; Fed.Sec.L.Rep. (CCH) P90, 411 (1999 C.D. Cal.); Lister v. Oakley, Inc., 1999 U.S. Dist. LEXIS 384; Fed. Sec. L. Rep. (CCH) P90,409 (C.D Cal. 1999); Olszewski v. Scripps Health, 30 Cal. 4th 798 (2003); Steroid Hormone Product Cases, 181 Cal. App. 4th 145 (2010); Owen v. Macy's, Inc., 175 Cal. App. 4th 462 (2009); Taiheiyo Cement Corp. v. Superior Court, 117 Cal. App. 4th 380 (2004); Taiheiyo Cement Corp. v. Superior Court, 105 Cal.App. 4th 398 (2003); McMeans v. Scripps Health, Inc., 100 Cal. App. 4th 507 (2002); Ramos v. Countrywide Home Loans, 82 Cal.App. 4th 615 (2000); Tevssier v. City of San Diego, 81 Cal.App. 4th 685 (2000); Washington Mutual Bank v. Superior Court, 70 Cal. App. 4th 299 (1999); Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001 (9th Cir. 2008); Silvas v. E*Trade Mortg. Corp., 421 F. Supp. 2d 1315 (S.D. Cal. 2006); McPhail v. First Command Fin. Planning, Inc., 2009 U.S. Dist. LEXIS 26544 (S.D. Cal. 2009); McPhail v. First Command Fin. Planning, Inc., 251 F.R.D. 514 (S.D. Cal. 2008); McPhail v. First Command Fin. Planning, Inc., 247 F.R.D. 598 (S.D. Cal. 2007); Barcia v. Contain-A-Way, Inc., 2009 U.S. Dist. LEXIS 17118 (S.D. Cal. 2009); Barcia v. Contain-A-Way, Inc., 2008 U.S. Dist. LEXIS 27365 (S.D. Cal. 2008); Wise v. Cubic Def. Applications, Inc., 2009 U.S. Dist. LEXIS 11225 (S.D. Cal. 2009); Gabisan v. Pelican Prods., 2009 U.S. Dist. LEXIS 1391 (S.D. Cal. 2009); La Jolla Friends of the Seals v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv., 630 F. Supp. 2d 1222 (S.D. Cal. 2009); La Jolla Friends of the Seals v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv., 2008 U.S. Dist. LEXIS 102380 (S.D. Cal. 2008); Louie v. Kaiser Found. Health Plan, Inc., 2008 U.S. Dist. LEXIS 78314 (S.D. Cal. 2008); Weltman v. Ortho Mattress, Inc., 2010 U.S. Dist. LEXIS 20521 (S.D. Cal. 2010); Weltman v. Ortho Mattress, Inc., 2008 U.S. Dist. LEXIS 60344 (S.D. Cal. 2008); Curry v. CTB McGraw-Hill, LLC, 2006 U.S. Dist. LEXIS 5920; 97 A.F.T.R.2d (RIA) 1888; 37 Employee Benefits Cas. (BNA) 2390 (N.D. Cal. 2006); Reynov v. ADP Claims Servs. Group, 2006 U.S. Dist. LEXIS 94332 (N.D. Cal. 2006); Kennedy v. Natural Balance Pet Foods, Inc., 2010 U.S. App. LEXIS 248 (9th Cir. 2010); Kennedy v. Natural Balance Pet Foods, Inc., 2008 U.S. Dist. LEXIS 38889 (S.D. Cal. 2008); Kennedy v. Natural Balance Pet Foods, Inc., 2007 U.S. Dist. LEXIS 57766 (S.D. Cal. 2007); Sussex v. Turnberry/MGM Grand Towers, LLC, 2009 U.S. Dist. LEXIS 29503 (D. Nev. 2009); Picus v. Wal-Mart Stores, Inc., 256 F.R.D. 651 (D. Nev. 2009); Tull v. Stewart Title of Cal., Inc., 2009 U.S. Dist. LEXIS 14171 (S.D. Cal. 2009); Keshishzadeh v. Gallagher, 2010 U.S. Dist. LEXIS 46805 (S.D. Cal. 2010); Keshishzadeh v. Arthur J. Gallagher Serv. Co., 2010 U.S. Dist. Lexis 116380 (S.D. Cal. 2010); In re Pet Food Prods. Liab. Litig., MDL Docket No. 1850 (All Cases), 2008 U.S. Dist. LEXIS 94603 (D.N.J. 2008); In re Pet Food Prods. Liab. Litig., 629 F.3d 333 (3rd. Cir. 2010); Puentes v. Wells Fargo Home Mortgage, Inc., 160 Cal. App. 4th 638 (2008); Rezec v. Sony Pictures Entertainment, Inc., 116 Cal. App. 4th 135 (2004); Badillo v. Am. Tobacco Co., 202 F.R.D. 261 (D. Nev. 2001); La Jolla Friends of the Seals v. Nat'l Oceanic & Atmospheric Admin., 2010 U.S. App. Lexis 23025 (9th Cir. 2010); Dirienzo v. Dunbar Armored, Inc., 2011 U.S. Dist. Lexis 36650 (S.D. Cal. 2011); Rix v. Lockheed Martin Corp., 2011 U.S. Dist Lexis 25422 (S.D. Cal. 2011); Weitzke v. Costar Realty Info., Inc., 2011 U.S. Dist Lexis 20605 (S.D. Cal. 2011); Goodman v. Platinum Condo. Dev., LLC, 2011 U.S. Dist. LEXIS 36044 (D. Nev. 2011); Sussex v. Turnberry/MGM Grand Towers, LLC, 2011 U.S. Dist. LEXIS 14502 (D. Nev 2011); Smith v. Kaiser Foundation Hospitals, Inc., 2010 U.S. Dist. Lexis 117869 (S.D. Cal. 2010).

## LEAD COUNSEL - CLASS ACTION & REPRESENTATIVE CASES

Sakkab  v. Luxxotica Retail North America – In Litigation, On Appeal
United states District Court, Southern District of California; U.S. Court of Appeals 9th Circuit
**The panel reversed the district court's order granting Luxottica Retail North America, Inc.'s motion to compel arbitration of claims and dismissing plaintiff's first amended complaint, in a putative class action raising class employment-related claims and a non-class representative claim for civil penalties under the Private Attorney General Act.**

*Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, (9ᵗʰ Cir. 2015).
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations, Filed January 2012
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Securitas Wage and Hour Cases - In Litigation, Court of Appeal Fourth Appellate District
California
**Court of Appeals concluded the trial court correctly ruled that *Iskanian* rendered the
PAGA waiver within the parties' dispute resolution agreement unenforceable. However,
the court then ruled the trial court erred by invalidating and severing the waiver provision,
including an enforceable class action waiver, from the agreement and sending Edwards's
entire complaint, including her class action and PAGA claims, to arbitration.**
Securitas Security Services USA, Inc. v. Superior Court, 234 Cal. App. 4ᵗʰ 1109,(Cal. Feb. 27,
2015).
Los Angeles County Superior Court, JCC Proceeding No. 4837
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations, Filed
December 2013
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates


Sussex v. Turnberry / MGM Grand Towers - In Litigation, U.S. Court of Appeals 9ᵗʰ Circuit
**The panel determined that the district court clearly erred in holding that its decision to
intervene mid-arbitration was justified under *Aerojet-General*. Specifically, the panel held that
the district court erred in predicting that an award issued by the arbitrator would likely be
vacated because of his "evident partiality" under 9 U.S.C. § 10(a)(2).**


Sussex v. United States Dist. Court for the Dist. of Nev., 781 F.3d 1065 (9ᵗʰ Cir. 2015).
U.S. District Court, District of Nevada, Case No. 08-cv-00773
Nature of Case: Securities Violations, Fraud in the sale of Condo/Hotel Units, Filed in 2008
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates


4G Wireless Wage Cases  - Settled
Orange County Superior Court, JCCP No. 4736
Nature of Case: Employee Wage and Hour Class Action; Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Classic Party Rentals Wage & Hour Cases - Settled
Los Angeles Superior Court, Case No. JCCP No. 4672
Nature of Case: Off the Clock; Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Lavi & Ebrahimian


Abu-Arafeh v. Norco Delivery Service, Inc. – Settled
San Francisco County Superior Court, Case No. CGC-14-540601
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Aburto v. Verizon - Settled
U.S. District Court, Southern District California, Case No. 11-cv-0088
Nature of Case: Employee Misclassification; Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Adkins v. Washington Mutual Bank - Class Certification Granted, Settled
San Diego County Superior Court, Case No. GIC819546

Nature of Case: Unfair Competition - Bank Interest Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Agah v. CompUSA - Settled
U.S. District Court, Central District of California, Case No. SA CV05-1087 DOC (Anx)
Nature of Case: Unfair Competition - Unfair Rebate Program
Plaintiff's Counsel: Blumenthal & Nordrehaug

Akers v. The San Diego Union Tribune - Settled
San Diego County Superior Court, Case No 37-2010-00088571
Nature of Case: Unfair Competition - Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Allec v. Cross Country Bank - Settled
Orange County Superior Court
Nature of Case: Unfair Business Practices-Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Altman v. SolarCity Corporation - In Litigation, On Appeal
San Diego County Superior Court, Case No. 37-2014-00023450-CU-OE-CTL
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Aquino v. Macy's West Stores  - Settled
Orange County Superior Court, Case No. 30-2010-00395420
Nature of Case: Unfair Competition - Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Baker v. Advanced Disability Management, Inc. – In Litigation
Sacramento County Superior Court, Case No. 34-2014-00160711
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Barcia v. Contain-A-Way - Settled
U.S. District Court, Southern District California, Case No. 07 cv 0938
Nature of Case: ERISA and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group

Bates v. Verengo, Inc. – Settled
Orange County Superior Court, Case No. 30-2012-00619985-CU-OE-CXC
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Battle v. Charming Charlie Inc. – In Litigation
San Diego County Superior Court, Case No. 37-2014-00005608
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Workman Law Firm P.C.

Behar v. Union Bank - Settled
Orange County Superior Court, Case No. 30-2009-00317275

Nature of Case: Misclassification, Overtime and Labor Code Violations for Priority Banking Officers
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Bell v. John Stweart Company - In Litigation
Alameda County Superior Court, Case No. RG14728792
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bennett v. Custom Built Personal Training – In Litigation
Monterey County Superior Court, Case No. M127596
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bermant v. Bank of America, Investment Services, Inc. - Settled
Los Angeles Superior Court, Civil Action No. BC342505
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Arias, Ozzello & Gignac;
United Employees Law Group

Bethley v. Raytheon Company - Settled
United States District Court, Central District of California, Case No. SACV10-01741
Nature of Case: Employee Misclassification; Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Betorina v. Randstad US, L.P. - Settled
U.S. District Court Northern District of California, Case No. 3:15-cv-03646-MEJ
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Beverage v. Edcoa Inc. – In Litigation
Sacramento County Superior Court, Case No. 2013-00138279
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bolger v. Dr. Martens - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Bova v. Washington Mutual Bank / JP Morgan Chase - Settled
U.S. District Court, Southern District California, Case No. 07-cv-2410
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Bowden v. Sunset Parking Services, LLC & LAZ Parking California, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00101751-CU-OE-CTL
Nature of Case: Unfair Business Practices; Overtime and Labor Code Violations
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Briseno v. American Savings Bank - Class Certification Granted, Settled

Orange County Superior Court, Case No. 774773
Nature of Case: Unfair Competition - Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

Brueske v. Welk Resorts - Settled
San Diego Superior Court, Case No 37-2010-00086460
Nature of Case: Unfair Competition - Wage Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Bueche v. Fidelity National Management Services - Settled
U.S. District Court, Eastern District of California, Case No. 13-cv-01114
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bunch v. Pinnacle Travel Services, LLC - In Litigation
Los Angeles County Superior Court, Case No. BC552048
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Buonomo v. ValueVision - Settled
Minnesota District Court
Nature of Case: False Advertising, Breach of Warranty
Plaintiff's Counsel: Blumenthal & Nordrehaug; Mansfield, Tanick & Cohen, P.A.

Butler v. Stericycle, Inc & Appletree Answering Services of California, Inc. - Settled
Sacramento County Superior Court, Case No. 34-2015-00180282
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Cabral v. Creative Communication Tech. - Class Certification Granted, Settled
Los Angeles Superior Court, Case No. BC402239
Nature of Case: Labor Code Violations and Expense Reimbursement under Labor Code 2802
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Cardoza v. Wal-Mart Associates, Inc. - In Litigation
U.S. District Court Northern District of California, Case No. 4:15-cv-01634-DMR
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Castro v. Vivint Solar, Inc. - Settled
San Diego County Superior Court, Case No. 37-2014-00031385-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Cavazos v. Heartland Automotive Services, Inc. - Settled
Riverside County Superior Court, Case No. PSC 1401759
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Law Offices of Mauro Fiore, Jr.,
A.P.C.

Citizens for Fair Treatment v. Quest Communications - Settled
San Diego Superior Court
Nature of Case: Failure to Pay for Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug


Cohen v. Bosch Tool - Settled
San Diego Superior Court, Case No. GIC 853562
Nature of Case: Unfair Business Practices - Deceptive Advertising - Made in the USA violations
Plaintiff's Counsel: Blumenthal & Nordrehaug


Comstock v. Washington Mutual Bank - Class Certification Granted, Settled
San Diego County Superior Court, Case No. GIC820803
Nature of Case: Unfair Competition - Force Order Insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug


Conley v. Norwest - Settled
San Diego County Superior Court, Case No. N73741
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug


Connell v. Sun Microsystems - Settled
Alameda Superior Court, Case No. RG06252310
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group; Chavez & Gertler


Corrente v. Luxe Valet, Inc. - In Litigation
San Francisco County Superior Court, Case No. CGC-15-545961
Nature of Case: Independent Contractor Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; The Law Office of Todd M. Friedman, P.C.


Cruz v. Redfin Corporation - In Litigation
U.S. District Court Northern District of California, Case No. 3:14-cv-05234-TEH
Nature of Case: Independent Contractor Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik


Culley  v. Lincare Inc. & Alpha Respiratory Inc. - In Litigation
Class Certification Granted
U.S. District Court eastern District of California, Case No. 2:15-cv-00081-GEB-CMK
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Cunningham v. Leslie's Poolmart, Inc. – In Litigation
U.S. District Court, Central District of California, Case No. 13-cv-02122-CAS
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Quintilone & Associates


Curry v. California Testing Bureau/McGraw Hill - Dismissal Affirmed on Appeal
United States Court of Appeals for the Ninth Circuit

U.S. District Court, Northern District of California, Case No. C-05-4003 JW
Nature of Case: ERISA Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

Danford v. Movo Media - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Unlawful Violation of Unruh Civil Rights Act
Plaintiff's Counsel: Blumenthal & Nordrehaug

Daniels, et al. v. Philip Morris,(In Re Tobacco Cases II) – Class Certification Granted, Review before the California Supreme Court Affirmed Preemption
San Diego Superior Court, Case No. JCCP 4042
Nature of Case: Unfair Business Practices-Unlawful, Deceptive and Unfair Marketing of Cigarettes to Children
Plaintiff's Counsel: Blumenthal & Nordrehaug; Thorsnes, Bartolotta & Mcguire; Chavez & Gertler

Davis v. Genex Holdings Inc. - Settled
Santa Clara County Superior Court, Case No. 1-13-cv-240830
Nature of Case: Employee Misclassification, Unfair Competition, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Davis v. Clear Connection, LLC - In Litigation
San Diego County Superior Court, Case No. 37-2014-00035173-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; JCL Law Firm

Day v. WDC Exploration - Settled
Orange County Superior Court, Case No. 30-2010-00433770
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dedrick v. Hollandia Diary - In Litigation
San Diego County Superior Court, Case No. 37-2014-00004311-Cu-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Delmare v. Sungard Higher Education - Settled
U.S. District Court, Southern District of California, Case No. 07-cv-1801
Nature of Case: Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Del Rio v. Tumi Stores, Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00022008-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dewane v. Prudential - Settled
U.S. District Court, Central District of California, Case No. SA CV 05-1031
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Wynne Law Firm; Thierman Law Firm P.C.

Diesel v. Wells Fargo Bank - Settled
Orange County Superior Court, Case No. 30-2011-00441368
Nature of Case: Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dirienzo v. Dunbar Armored - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-2745
Nature of Case: Expense Reimbursement under Labor Code 2802, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Dobrosky v.Arthur J. Gallagher Service Company, LLC –
Class certification Granted, *Dobrosky v. Arthur J. Gallagher Serv. Co., LLC*, No. EDCV
13-0646 JGB (SPx), 2014 U.S. Dist. LEXIS 106345 (C.D. Cal. July 30, 2014);
Settled;
Nature of Case: Employee Misclassification;Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dodds v. Zaven Tootikian – Settled
Lo Angeles County Superior Court, Case No. BC494402
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dorr v. PICO Enterprises, Inc. & Charles E. Phyle - In Litigation
Alameda County Superior Court, Case No. RG15772362
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Downtown Inns v. Pac Bell - Settled
California Public Utilities Commission
Nature of Case: Illegal Charge
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill

Drumheller v. Radioshack Corporation - Settled
United States District Court, Central District of California, Case No. SACV11-355
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Enger v. Kaiser Foundation Health Plan - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-1670
Nature of Case: Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Escobar v. Silicon Valley Security & Patrol, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-14-cv272514
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Fallah v. Cingular Wireless - Settled
Orange County Superior Court / U.S. District Court, Central District of California
Nature of Case: Unfair Competition - Unfair Rebate Program
Plaintiff's Counsel: Blumenthal & Nordrehaug

Fierro v. Chase Manhattan - Class Certification Granted, Settled
San Diego Superior Court, Case No. GIN033490
Nature of Case: Unfair Competition - Bank Interest Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Figueroa v. Circle K Stores, Inc. - Settled
San Diego County Superior Court, Case No. 37-2012-00101193-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Finch v. Lamps Plus, (Lamps Plus Credit Transaction Cases) - Settled
San Diego Superior Court, Case No. JCCP 4532
Nature of Case: Unfair Competition, Violation of Civil Code 1747.08
Plaintiff's Counsel: Blumenthal & Nordrehaug

Fletcher v. Verizon - Settled
U.S. District Court, Southern District of California, Case No.  09-cv-1736
Nature of Case: Employee Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Francisco v. Diebold- Settled
U.S. District Court, Southern District of California, Case No.  09-cv-1889
Nature of Case: Employee Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Friend v. Wellpoint - Settled
Los Angeles Superior Court, Case No. BC345147
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group

Frudakis v. Merck Sharp & Dohme
U.S. District Court, Central District California, Case No. SACV 11-00146
Nature of Case: Pharmaceutical Sales Representative Misclassification, Overtime
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Fulcher v. Olan Mills, Inc. - Settled
U.S. District Court, Northern District of California, Case No.  11-cv-1821
Nature of Case: Employee Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gabisan v. Pelican Products - Settled
U.S. District Court, Southern District California, Case No. 08 cv 1361
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group

Galindo v. Sunrun Installation Services Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00008350-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gallagher v. Legacy Partners Commercial - Settled
Santa Clara County Superior Court, Case No. 112-cv-221688

Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gallardo  v. AIG Domestic Claims, Inc. – In Litigation, On Appeal
United states District Court, Central District of California; U.S. Court of Appeals 9th Circuit
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gauthier v. Apple, Inc. – In Litigation
Santa Clara County Superior Court, case No. 1-13-cv-254557
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Ghattas v. Footlocker Retail, Inc. – Settled
U.S. District Court Central District of California, Case No. CV 13-0001678 PA
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gibson v. World Savings - Judgment for Class after Appeal - Settled
Orange County Superior Court, Case No. 762321
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Gill v. Parabody, Inc. - Settled
San Diego Superior Court
Nature of Case: Product Defect
Plaintiff's Counsel: Blumenthal & Nordrehaug

Goerzen v. Interstate Realty Management, Co. - Settled
Stanislaus County Superior Court, Case No. 679545
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gomez v. Enterprise Rent-A-Car - Settled
U.S. District Court, Southern District of California, Case No. 3:10-cv-02373
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gordon v. Wells Fargo Bank - Settled
U.S. District Court, Southern District of California, Case No. 3:11-cv-00090
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Goodman v. Platinum - In Litigation
U.S. District Court, District of Nevada, Case No. 09-cv-00957
Nature of Case: Violation of Nevada and Federal law in the sale of Condo/Hotel units, ILSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates

Grabowski v. CH Robinson - Settled
U.S. District Court, Southern District of California, Case No. 10-cv-1658
Nature of Case: Employee Misclassification; Overtime, Labor Code Violations

Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Greer v. Fleet Mortgage - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Bank Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Gross v. ACS Compiq Corporation - Settled
Orange County Superior Court, Case No. 30-2012-00587846-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gripenstraw v. Buffalo Wild Wings - Settled
U.S. District Court, Eastern District of California, Case No. 12-CV-00233
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gruender v. First American Title - Settled
Orange County Superior Court, Case No. 06 CC 00197
Nature of Case: Title Officer Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group;
Wagner & Jones; Cornwell & Sample

Guillen v. Univision Television Group, Inc. & Univision Management Co. - Settled
San Francisco County Superior Court, Case No. CGC-12-526445
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gujjar v. Consultancy Services Limited - Settled
Orange County Superior Court, Case No. 30-2010-00365905
Nature of Case: IT Analyst Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Gutierrez v. Five Guys Operations, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00086185-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Hahn v. Circuit City – Settled
San Diego Superior Court; U.S. District Court, Southern District of California
Nature of Case: Unfair Business Practices, Failure to Pay Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Hanby v. Elite Show Services, Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00007372-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Handler v. Oppenheimer
Los Angeles Superior Court, Civil Action No. BC343542
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Perona, Langer, Beck, Lallande and Serbin

Harley v. Tavistock Freebirds, LLC - In Litigation
Sacramento County Superior Court, Case No. 34-2014-00173010
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Harrington  v. Corinthian Colleges – Class Certification Granted, In Litigation
Orange Superior Court; United States Bankruptcy Court District of Delaware
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug, Bhowmik; Righetti Glugoski, P.C.


Harvey  v. PQ Operations, Inc.  – In Litigation
Los Angles County Superior Court, Case No. BC497964
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Henshaw v. Home Depot U.S.A.  - Settled
United States District Court, Central District of California, Case No. SACV10-01392
Nature of Case: Failure to Pay Earned Vacation; Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Heithold v. United Education Institute – In Litigation
Orange County Superior Court, Case No. 30-2013-00623416-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Hibler v. Coca Cola Bottling - Settled
U.S. District Court, Southern District of California, Case No. 11cv0298
Nature of Case: Employee Misclassification,Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Higgins v. Maryland Casualty - Settled
San Diego County Superior Court
Nature of Case: Unfair Business Practices-Deceptive Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug


Hildebrandt v. TWC Administration LLC & Time Warner NY Cable, LLC - Settled
U.S. District Court, Central District of California, Case No. ED-cv-13-02276-JGB
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; James Hawkins APLC


Hoffman v. National Warranty Insurance - Class Certification Granted, Settled
District Court for the State of Nevada
Nature of Case: Auto Warranty Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug; Greco, Traficante & Edwards;
Gerard & Associates


Hopkins v. BCI Coca-Cola Bottling Company of Los Angeles – In Litigation, On Appeal
United states District Court, Central District of California; U.S. Court of Appeals 9th Circuit
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations

Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Howard v. Southern California Permanente Medical Group - In Litigation
Los Angeles Superior Court, Case No. BC586369
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Hughes v. Parexel International - Settled
Los Angeles County Superior Court, Case No. BC485950
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Hurley v. Comcast of California/Colorado/Texas/Washington, Inc. - Settled
Defendant's Motion for Summary Judgment Denied;
Sonoma County Superior Court, Case No. SCV-253801
Nature of Case: Unfair Business Practices, Unpaid Commission Wages, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Irving v. Solarcity Corporation – In Litigation
San Mateo County Superior Court, Case No. CIV525975
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Jacobs v. Nu Horizons - Settled
Santa Clara County Superior Court, Case No. 111cv194797
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Jefferson v. Bottling Group LLC (Pepsi) - Class Certification Granted, Settled
Orange County Superior Court, Case No. 30-2009-00180102
Nature of Case: Supervisor Misclassification, Overtime and Labor Code Violations
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Jones v. E*Trade Mortgage - Settled
U.S. District Court, Southern District California
Case No. 02-CV-1123 L (JAH)
Nature of Case: TILA Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Robert C. Fellmeth, Esq.

Kennedy v. Natural Balance - Dismissal Reversed on Appeal, Settled
U.S. District Court, Southern District California,
Remanded to San Diego Superior Court, Case No. 37-2007-00066201
Nature of Case: Unfair Competition, Deceptive Advertising, Made in the USA violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Keshishzadeh v. Arthur J. Gallagher Service Co. - Class Certification Granted, Settled
U.S. District Court, Southern District of California, Case No. 09-cv-0168
Nature of Case: Claims Representative Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

King v. Nordstrom - Settled

San Diego Superior Court
Nature of Case: Unfair Business Practices-Failure to Pay for Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Kinney v. AIG Domestic Claims / Chartis - Settled
U.S. District Court, Central District of California, Case No. 8:10-cv-00399
Nature of Case: Claims Representative Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Kizer  v. Tristar Risk Management - In Litigation, On Appeal
Orange County Superior Court, Case No. 30-2014-00707394-CU-OE-CXC
Nature of Case: Employee Misclassification, Unfair Competition, Overtime and Labor Code
Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Kleinberg v. Reeve Trucking Company, Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00001601-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Kove v. Old Republic Title - Settled
Alameda County Superior Court, Case No. RG09477437
Nature of Case: Unfair Competition, Failure to Pay Commissions
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Krellcom  v. Medley Communications, Inc. - Settled
San Diego County Superior Court, Case No. 37-2013-00050245-CU-OE-CTL
Nature of Case: Unfair Competition, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Ladd  v. Extreme Recovery, LP - Settled
Contra Costa County Superior Court, Case No. MSC11-02790
Nature of Case: Unfair Competition, Minimum Wages, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Langille v. EMC - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-0168
Nature of Case: Software Engineer Misclassification, FLSA, Overtime and Labor Code
Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Lawson v. Marquee Staffing - In Litigation
Los Angeles County Superior Court, Case No. 37-2012-00103717-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Lazar v. Kaiser Foundation Health Plan, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-14-cv-273289
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Lemmons v. Kaiser Foundation Hospitals, Inc. - Settled
Sacramento County Superior Court, Case No. 34-2012-00125488
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Levine v. Groeniger - Settled
Alameda County Superior Court, Case No. RG09476193
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Linder v. OCWEN (In re Ocwen Federal Bank FSB Servicing Litig.) - Settled
U.S. District Court, Central District California, Case No. 07cv501
U.S. District Court, Northern Dist. Illinois, Case No. MDL 1604
Nature of Case: Lender Placed Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Nicholas & Butler

Litton v. Diebold, Incorporated – In Litigation
San Mateo County Superior Court, Case No. CIV524776
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Lohn v. Sodexo, Inc. & SDH Services West, LLC  - In Litigation
U.S. District Court Central District of California, Case No. 2:15-CV-05409
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Lopez v. K-Mart
Ventura County Superior Court, Case No. BC351983
Nature of Case: Overtime - Unfair Business Practice
Plaintiff's Counsel: Blumenthal and Nordrehaug; Arias, Ozzello, & Gignac, LLP; United Employees Law Group

Louie / Stringer v. Kaiser - Settled
U.S. District Court, Southern District California, Case No. 08-cv-0795
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

Lucero v. Sears - In Litigation
U.S. District Court Southern District of California, Case No. 3:14-cv-01620-AJB
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Morris, Sullivan & Lemkul

Lucero v. Kaiser Foundation Hospitals, Inc. - Settled
San Diego County Superior Court, Case No. 37-2013-00075933-CU-OE-CTL
Nature of Case: Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Magallanes v. TSA Stores, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-15-cv-283586
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Magana v. El Pollo Loco, Inc. - Settled
Orange County Superior Court, Case No. 30-2012-00613901-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Maitland v. Marriott - Settled
U.S. District Court, Central District California, Case No. SACV 10-00374
Nature of Case: Chef Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Mandell v. Republic Bank - Settled
Los Angeles County Superior Court
Nature of Case: Breach of Fiduciary Duties to IRA Account Holders
Plaintiff's Counsel: Blumenthal & Nordrehaug

Mann v. NEC Electronics America - Settled
Santa Clara County Superior Court, Case No. 109CV132089
Nature of Case: Meal and Rest Break Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group,
Qualls & Workman

Manzanarez v. Home Savings of America - Settled
San Francisco Superior Court
Nature of Case: Unfair Business Practices-Overcharge for Inspection Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug

Marchese v. Ty, Inc. - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Martinez v. Yahoo, Inc. - Settled
Nature of Case: Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Martinez  v. Hydro-Scape Products, Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2014-00029157-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Mathies v. Union Bank - Class Certification Granted, In Litigation
San Francisco County Superior Court, Case No. CGC-10-498077
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Matloubian v. Home Savings of America - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

McDermott v. Catalina Restaurant Group Inc. - Settled

Orange County Superior Court, Case No. 30-2012-00574113-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

McMeans v. ScrippsHealth, - Settled
San Diego Superior Court
Nature of Case: Unfair Competition, Lien Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

McPhail v. First Command - Settled
United States District Court for the Southern District of California
Case No.05CV0179 IEG (JMA)
Nature of Case: Securities Fraud, 10(b)(5) violations
Plaintiff's Counsel: Blumenthal & Nordrehaug appointed Lead Counsel, Greco & Traficante &
Whatley Drake LLC & Gray & White,& Brewer & Carlson, LLP & Franklin & Hance, PSC

Meco v. International Medical Research (and related cases) - Judgment for Class After Trial
Los Angeles Superior Court
Nature of Case: Unfair Competition, Product Adulteration, Illegal Sale of Drugs
Plaintiff's Counsel: Blumenthal & Nordrehaug

Medina v. Universal Protection Service, LP - In Litigation
Santa Clara County Superior Court, Case No. BC572848
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Meierdiercks v. 8x8, Inc. - Settled
Santa Clara County Superior Court, Case No. 110CV162413
Nature of Case: Sales Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

 Metrow v. Liberty Mut. Managed Care LLC - Class Certification Granted
*Metrow v. Liberty Mut. Managed Care LLC*, No. EDCV 16-1133 JGB (KKx), 2017 U.S. Dist.
LEXIS 73656 (C.D. Cal. May 1, 2017)
Nature of Case: Nurse Case Manager Overtime Misclassification


Meyer v. Thinktank Learning, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-15-cv-282698
Nature of Case:  Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Morales v. Wells Fargo Insurance Services USA, Inc. - In Litigation
U.S. District Court Northern District of California, Case No. 3:13-cv-03867-EDL
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Moreno v. Garden Fresh Restaurant Corp.- In Litigation
San Diego County Superior Court, Case No. 37-2013-00071988-CU-OE-CTL

Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Dychter Law Offices


Morse v. Marie Callender Pie Shop - Settled
U.S. District Court, Southern District California, Case No. 09-cv-1305
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group


Moynihan v. Escalante Golf, Inc. & Troon Golf, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00083250-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik: Butterfield & Schechter, LLP


Muntz v. Lowe's HIW - Settled
San Diego County Superior Court, Case No. GIC880932
Nature of Case: Unfair Competition, Violation of Civil Code 1747.08
Plaintiff's Counsel: Blumenthal & Nordrehaug


Najarian v. Macy's West Stores - Settled
Orange County Superior Court, Case No. 30-2010-00418401
Nature of Case: Unfair Competition - Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Nelson v. St. Paul Fire & Marine Insurance - Settled
Brazoria County District Court, Texas
Nature of Case: Deceptive Business Practices in sale of oil & gas reserve insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug


Nelson v. Avon Products, Inc. -
Class Certification Granted, Nelson v. Avon Prods., No. 13-cv-02276-BLF, 2015 U.S. Dist. LEXIS 51104 (N.D. Cal. Apr. 17, 2015);
Settled;
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik


Nguyen v. Wells Fargo Home Mortgage - Settled
Orange County Superior Court, Case No. 05 CC 00116
Nature of Case: Unfair Business Practices - Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug


Ochoa v. Eisai, Inc.
U.S. District Court, Northern District California, Case No. 3:11-cv-01349
Nature of Case: Pharmaceutical Sales Representative Misclassification, Overtime
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Ogans v. Nationwide Credit, Inc. - Settled
Sacramento County Superior Court, Case No. 34-2012-00121054
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

<u>Ohayon v. Hertz</u> - Settled
United States District Court, Northern District of California, Case No. 11-1662
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


<u>Olszewski v. ScrippsHealth</u> - Judgment for Plaintiff, Affirmed by Supreme Court
California Supreme Court Decision in Favor of Plaintiff
San Diego Superior Court
Nature of Case: Unfair Competition, Lien Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug


<u>Olvera v. El Pollo Loco, Inc.</u> – In Litigation
Orange County Superior Court, Case No. 30-2014-00707367-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


<u>Orozco v. Illinois Tool Works Inc.</u> – In Litigation
Class Certification Granted:
*Orozco v. Ill. Tool Works*, 2017 U.S. Dist. LEXIS 23179 (E.D. Cal. Feb. 16, 2017);
*Orozco v. Ill. Tool Works Inc.*, No. 14-cv-02113-MCE-EFB, 2016 U.S. Dist. LEXIS 158115
(E.D. Cal. Nov. 14, 2016)
U.S. District Court, Eastern District of California, Case No. 14-cv-02113-MCE
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


<u>Ortega v. Prime Healthcare Paradise Valley, LLC</u> - In Litigation
San Diego County Superior Court, Case No. 37-2014-00011240-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; JCL Law Firm


<u>Owen v. Robinsons May</u> - Dismissed
Los Angeles County Superior Court, Case No. BC355629
Nature of Case: Failure to Pay Earned Vacation, Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group; Clark & Markham


<u>Patel v. Nike Retail Services, Inc.</u> - In Litigation
U.S. District Court Northern District of California, Case No. 3:14-cv-04781-RS
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Lawyers For Justice, PC


<u>Patelski v. The Boeing Company</u> – Settled
United States District Court, Southern District of New York;
transferred to United States District Court, Eastern District of Missouri
Nature of Case: Refund Action
Plaintiffs' Counsel: Blumenthal & Nordrehaug, Sigman, Lewis & Feinberg, P.C.


<u>Pearlman v. Bank of America</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

Perry v. AT&T - Settled
U.S. District Court, Northern District California, Case No. 11-cv 01488
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

Picus v. Wal-Mart Stores - Settled
U.S. District Court, District of Nevada
Case No. 2:07-CV-00682
Nature of Case: Deceptive Advertising, Made in the USA violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, Gerard & Associates

Pittard v. Salus Homecare - Settled
U.S. District Court, Southern District California, Case No. 08 cv 1398
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

Port v. Southern California Permanente Medical Group - Settled
San Diego County Superior Court, Case No. 37-2007-00067538
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

Postema v. Lawyers Title Ins. Corp.  - Settled
Orange County Superior Court, Case No. 30-2010-00418901
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark

Pratt v. Verizon - Settled
Orange County Superior Court, Case No. 30-2010-00430447
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Proctor v. Ameriquest - Settled
Orange County Superior Court, Case No.  06CC00108
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group, Clark & Markham

Ralphs v. Blockbuster, Inc. – Settled
San Diego Superior Court
Nature of Case: Unlawful Late Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug, Morris & Associates, Pettersen & Bark

Ramirez v. Estenson Logistics, LLC - In Litigation
Orange County Superior Court, Case No. 30-2015-00803197-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Ramos v. Countrywide - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Sullivan Hill; Chavez & Gertler

Rangel v. Balboa Ambulance - Class Certification Granted, Settled
San Diego County Superior Court, Case No.
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark


Ray v. Lawyers Title, Fidelity National, Commonwealth Land Title, Chicago Title - Settled
Orange County Superior Court, Case No. 30-2010-00359306
Nature of Case: Failure to Pay Severance Wages
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark


Redin v. Sterling Trust - Settled
Los Angeles Superior Court
Nature of Case: Breach of Fiduciary Duties of IRA Administrator
Plaintiff's Counsel: Blumenthal & Nordrehaug


Renazco v. Unisys Technical Services, L.L.C. - In Litigation
San Francisco County Superior Court, Case No. CGC-14-539667
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Reynolds v. Marlboro/Philip Morris U.S.A. - Reversed on Appeal
United States Court of Appeals for the Ninth Circuit, Case No. 08-55114
U.S. District Court, Southern District of California, Case No. 05 CV 1876 JAH
Nature of Case: Unfair Competition, Violation of Civil Code §1749.5
Plaintiff's Counsel: Blumenthal & Nordrehaug


Rezec v. Sony – Settled
San Diego Superior Court
Nature of Case: Fraudulent Advertising
Plaintiffs' Counsel: Blumenthal & Nordrehaug, Prongay & Borderud; The Cifarelli Law Firm


Rix v. Lockheed Martin Corporation - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-2063
Nature of Case: Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group


Rieve v. Coventry Health Care -
Summary Judgment *Sua Sponte* Granted for Plaintiff,
*Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856 (C.D. Cal. 2012)
Settled
Nature of Case: Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Ritchie v. Mauran Ambulance Services, Inc. - Settled
Los Angeles County, Case No. BC491206
Nature of Case: Unfair business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; David Pourati, A Professional Corporation


Rivers v. Veolia Transportation Services -
Class Certification Granted;
Settled;

Sonoma County Superior Court, Case No. SCV 255350
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Roeh v. JK Hill - Settled
San Diego Superior Court, Case No. 37-2011-00089046
Nature of Case: Unfair Competition, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Rocheford v. SC&E Administrative Service - Settled
Orange County Superior Court
Nature of Case: Auto Warranty Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Greco, Traficante & Edwards;
Gerard, Osuch & Cisneros, LLP

Rodriguez v. Protransport-1, LLC - Settled
San Francisco County Superior Court, Case No. CGC-12-522733
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Romero v. Central Payment Co., LLC - Settled
Marin  County Superior Court, Case No. CIV 1106277
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Salas v. Evolution Hospitality, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00083240-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Salem v. Alliance Human Services, Inc. - In Litigation
San Diego County Superior Court, Case No. CIVRS1401129
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sanchez  v. Beena Beauty Holding, Inc. d/b/a Planet Beauty - In Litigation
Los Angeles County Superior Court, BC566065
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Santone v. AT&T – Settled
United states District Court, Southern District of Alabama
Nature of Case: Unconscionable Business Practices
Plaintiff's Counsel: Blumenthal & Nordrehaug, Morris & Associates

Santos v. Sleep Train (Sleep Train Wage and Hour Cases) - Settled
Orange County Superior Court, Case No. 30-2008-00214586
San Francisco County Superior Court, Case No. JCCP 4553
Nature of Case: Commission Sales Employee Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Saravia v. O.C. Communciations - In Litigation
Scarmaento County Superior Court, Case No.
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Sawyer v. Vivint, Inc. – In Litigation
U.S. District Court, Northern District of Illinois, Case No. 1:14-cv-08959
Nature of Case: Overtime, Illinois Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark King, Esq.


Sayaman v. Baxter Healthcare - Settled
U.S. District Court, Central District of California, Case No. CV 10-1040
Nature of Case: Lab Technician Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group


Schuler v. Ecolab, Inc. - In Litigation
U.S. District Court, Southern District of California, Case No. 3:10-cv-02255
Nature of Case: Overtime and Labor Code Violations, Expense Reimbursement
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Schulz v. Qualxserv, LLC / Worldwide Techservices - Class Certification Granted, Settled
U.S. District Court, Southern District of California, Case No. 09-cv-0017
Nature of Case: Overtime and Labor Code Violations, Expense Reimbursement
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Krutcik& Georggin; United Employees Law Group


Scott v. Blockbuster, Inc. – Settled
Count of Appeals, Ninth District of Texas, Beaumont, Texas
Nature of Case: Unlawful Late Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug, Brothers & Thomas, LLP, Vaughan O. Stewart


Serrato v. Sociedad Textil Lonia, Corp.  - Settled
San Diego County Superior Court, Case No. 37-2012-00101195-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik


Shrivastara v. Fry's Electonics - Settled
Santa Clara County Superior Court, Case No. 111cv192189
Nature of Case: Failure to Pay Earned Vacation; Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Sierra v. Oakley Sales Corp. - In Litigation, On Appeal
Orange County Superior Court, U.S. District Court Central District of California;  U.S. Court of Appeals 9th Circuit
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Sirota v. Swing-N-Slide - Settled
Wisconsin District Court, County of Rock Wisconsin, Case No. 95CV726J
Nature of Case: Fraudulent Stock Buy Back-Derivative Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill; Milberg, Weiss, Bershad, Hynes & Lerach; Nowlan & Mouat

Skillett v. FPI Management, Inc. - In Litigation
Sacramento County Superior Court, Case No. 34-2014-00173218
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Small v. Kaiser Foundation Hospitals - Settled
San Diego County Superior Court, Case No. 37-2011-00099011-CU-OE-CTL
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Smith v. Kaiser Foundation Hospitals - Settled
U.S. District Court, Southern District of California, Case No. 08-cv-02353
Nature of Case: Kaiser Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group


Smith v. Fedex Ground Package system, Inc.  - In Litigation
Alameda County Superior Court, Case No. RG14734322
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Sones v. World Savings / Wachovia - Settled
U.S. District Court, Norther District of California, Case No. 3:08-cv-04811
Nature of Case: Kaiser Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group


Spradlin v. Trump - In Litigation
U.S. District Court, District of Nevada, Case No. 2:08-cv-01428
Nature of Case: Securities Violations and Fraud in the sale of Condo/Hotel Units, ILSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates; Burton Wiand,
Esq.; Beck & Lee


Steele v. Kaiser Foundation Health Plan - Settled
U.S. District Court, Northern District of California, Case No. 07-5743
Nature of Case: Kaiser Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group


Steffan v. Fry's Electronics, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-13-CV-254011
Nature of Case: Employee MisclasificationUnfair Business Practices, Overtime and Labor Code
Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; David Pourati, A Professional
Corporation


Steroid Hormone Product Cases - Decision on Appeal in Favor of Plaintiff, Settled
Los Angeles Superior Court, JCCP4363
Nature of Case: Unfair Competition - Sale of Illegal Products
Plaintiff's Counsel: Blumenthal & Nordrehaug; Clark & Markham; Trenam, Kemker, Scharf,
Barkin, Frye, O'Neill & Mullis, P.A.


Stevens v. Robinsons-May - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Failure to Pay for Vacation Time

Plaintiff's Counsel: Blumenthal & Nordrehaug

Strauss v. Bayer Corporation – Settled
United States District Court, District of Minnesota
Nature of Case: Baycol Products Liaibility Litigation
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Fleishman & Fisher

Sustersic v. International Paper Co. - Settled
Orange County Superior Court, Case No. 30-2009-00331538
Nature of Case: Failure to Pay Earned Vacation; Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Law Offices of William H. Steiner

Sutton v. Seasons Hospice & Palliative Care of California, Inc. - In Litigation
Los Angeles County Superior Court, Case No. BC590870
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Swartout v. First Alarm Security & Patrol, Inc. - Settled
Santa Clara County Superior Court, Case No. 112-cv-231989
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Talamantez v. The Wellpoint Companies, Inc. - Settled
U.S. District Court, Central District of California, Case No. 12-cv-08058
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Tan v. California State Automobile Assn. - Class Certification Granted, Settled
U.S. District Court, Central District California, Case No. 07cv1011
Orange County Superior Court, Case No. 30-2008-00231219
Nature of Case: IT Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik, United Employees Law Group

Tauber v. Alaska Airlines, et al. - Settled
Los Angeles Superior Court
Nature of Case: Unfair Business Practice - Employment Practices, Violation of Labor Code 450
Plaintiff's Counsel: Blumenthal & Nordrehaug

Thai v. Staff Assistance, Inc. - In Litigation
Los Angeles County Superior Court, Case No. BC567943
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Thomas  v. Stanford Health Care d/b/a Stanford University Medical Center - In Litigation
Santa Clara County Superior Court, Case No. 1-14-cv-273362
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Thomas-Byass  v. Michael Kors Stores (California), Inc. - Settled
U.S. District Court Central District of California, Case No. 5:15-cv-00369-JGB
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Trujillo v. LivHome - Settled
Orange County Superior Court, Case No. 30-2008-00100372
San Diego County Superior Court, Case No. JCCP4570
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik; United Employees Law Group


Tull v. Stewart Title - Settled
U.S. District Court, Southern District California, Case No. 08-CV-1095
Nature of Case: Title Officer and Escrow Officer Misclassification, FLSA, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark


Turner v. C.R. England - In Litigation
U.S. District Court Central District of California, Case No. 5:14-cv-02207-PSG
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Turner v. Ampac Fine Chemicals, LLC - In Litigation
Sacramento County Superior Court, Case No. 34-2015-00176993
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Valadez v. Schering-Plough - Dismissed
U.S. District Court, Southern District California, Case No. 10-CV-2595
Nature of Case: Pharmaceutical Sales Representative Misclassification, Overtime
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Van Gorp v. Ameriquest Mortgage/Deutsche Bank - Settled
U.S. District Court, Central District of California, Case No. SACV05-907 CJC (ANx)
Nature of Case: Overtime
Plaintiff's Counsel: Blumenthal and Nordrehaug


Varela v. The Walking Company - In Litigation
Los Angeles County Superior Court, Case No. BC562520
Nature of Case: Unfair Business practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Veloz v. Ross Dress For Less, Inc. - In Litigation
Los Angeles County Superior Court, Case No. BC485949
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik


Vogel v. Price-Simms, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 114CV261268
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik; Webb & Bordson, APC


Vrab v. DNC Parks & Resorts at Tenaya, Inc. - Settled
Mariposa County Superior Court, Case No. 0010225
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations

Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Vultaggio-Kish v. Golden State Lumber, Inc. - Settled
San Mateo County Superior Court, Case No. CIV 516631
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; The Law Offices of Dan Price

Wadhwa v. Escrow Plus - Settled
Los Angeles Superior Court
Nature of Case: Investment Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

Waldhart v. Mastec North Amercia, Inc. - In Litigation
San Bernardino County Superior Court, Case No. CIVDS1419318
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Walker v. Brink's Global Services USA, Inc. & Brinks Incorporated - In Litigation
Los Angeles County Superior Court, Case No. BC564369
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Walsh v. Apple, Inc. - Settled
U.S. District Court, Northern District California, Case No. 08-04918
Nature of Case: Computer Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Webb v. Sodexo, Inc. & SDH Services West, LLC - In Litigation
San Joaquin County Superior Court, Case No. 39-2015-00324813-CU-OE-STK
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Weinman v. Midbar Condo Development (Las Vegas One) - Settled
U.S. District Court, District of Nevada, Case No. 2:08-cv-00684
Nature of Case: Fraud in the sale of Condo/Hotel Units, ILSA
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates

Weltman v. Ortho Mattress - Class Certification Granted, Settled
U.S. District Court, Southern District California, Case No. 08-cv-0840
Orange County Superior Court, Case No. 30-2009-00327802
Nature of Case: Sales Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

West v. Jerome's Furniture Warehouse - Settled
Sacramento County Superior Court, Case No. 34-2013-00147707-CU-OE-GDS
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Wheat v. Jerome's Furniture Warehouse - Settled
San Diego County Superior Court, Case No. 37-2012-00094419-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Wietzke v. Costar Realty - Settled
U.S. District Court, Southern District California, Case 09-cv-2743
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Williams v. Lockheed Martin Corporation - Settled
U.S. District Court, Southern District California, Case No. 3:09-cv-01669
Nature of Case: Computer Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Wilson v. Wal-Mart Associates, Inc.   - In Litigation
U.S. District Court Central District of California, Case No. 8:14-cv-1021-FMO
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Winston v. Lemore Transportation, Inc. - In Litigation
Contra Costa County Superior Court, Case No. C-15-00897
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Wise v. Cubic - Settled
U.S. District Court, Southern District California, Case No. 08-cv-2315
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Witman v. Level 3 Communications - Settled
San Diego County Superior Court, Case No. 37-2012-00091649-CU-OE-CTL
Nature of Case: Unpaid Commissions and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Yam v. Kaiser Foundation Hospitals - Settled
U.S. District Court, Northern District California, Case No. 10-cv-05225-SBA
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Zugich v. Wells Fargo Bank - Settled
San Francisco Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Zurlo v. Mission Linen - Settled
U.S. District Court, Central District, Case No. 08cv1326
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug

## CO-COUNSEL - Class Actions

Baxt v. Scor U.S. - Settled
Delaware Court of Chancery
Nature of Case: Takeover

Plaintiffs' Counsel: Blumenthal & Nordrehaug; Sullivan Hill;
Rosenthal, Monhait, Gross & Goddess, P.A.

Bronson v. Blech Securities - Settled
U.S. District Court, Southern District of New York
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg; Weiss, Bershad, Hynes & Lerach; Kaplan, Kilsheimer & Fox; Berstein, Liebhard & Lifshitz; Berstein & Ostraff; Law Office of Dennis J. Johnson; John T. Maher; Sullivan Hill; Weil, Gotshal & Manges; Paul, Hastings, Janofsky & Walker; Andrews & Kurth; Paul, Weiss, Rifkind, Wharton & Garrison; Wolff & Samson; Heller, Horowitz & Feit, P.C.; Shereff, Friedman, Hoffman & Goodman, LLP; Debevoise & Plimpton; Smith, Campbell, Paduano; Thelen, Marrin, Johnson & Bridges; The Offices of Robert Swetnick; Crummy Del Deo; Robinson, Silverman, Pearce, Aronsohn & Berman; Buchanan Ingersoll, P.C.; Morgan, Lewis & Bockius, Schwartz, Kelm, Warren & Ramirez; Porter & Hedges, L.L.P.; MicroProbe Corp.; NeoRX Corp.; Solomon, Zauderer, Ellenhorn, Frischer & Sharp;

Castro & Cardwell v. B & H Education, Inc. - Settled
Los Angeles Superior Court Case No. BC456198
Nature of Case: Overtime and Labor Code Violations; Unfair Competition
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Aequitas Law Group

Caushon v. General Motors Corp. - Settled
In re Automobile Antitrust Cases
San Diego Superior Court, coordinated in San Francisco
Nature of Case: Unfair Competition; Antitrust
Plaintiff's Co-Counsel: Blumenthal & Nordrehaug

Dibella v. Olympic Financial - Settled
U.S. District Court, District of Minnesota
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

Doyle v. Lorna Jane USA, Inc. – Settled
Los Angles County Superior Court, Case No. BC526837
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Lipow & Harris

Estrella v. B-Per Electronic, Inc. & My Wireless, Inc. - Settled
San Diego County Superior Court, Case No. 37-2013-00048951-CU-OE-CTL
Nature of Case: Unfair Competition, Minimum Wages, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Dychter Law Offices, APC

Ferrari v. Read-Rite - Settled
U. S. District Court, Northern District of California
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach

Forever 21 Wage and Hour Cases - Settled
San Diego County Superior Court, JCC Proceeding No. 4745
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations

Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Norton & Melnik; Kitchin Legal; The Buxner Law Firm; Miller & Ayala, LLP; Webb & Bordson, APC; Law Office of Jennifer Hart; Olsen Law Offices, APC

Hart v. United States Tobacco Co. - Settled
Los Angeles Superior Court
Coordinated in Smokeless Tobacco Litigation
Nature of Case: Unfair Competition; Antitrust
Plaintiff's Co-Counsel: Blumenthal & Nordrehaug; the Cuneo Law Group P.C.; Gordon Ball

In re Bank of America Wage and Hour Employment Practices Litigation - Settled
U.S. District Court, District of Kansas, Case No. MDL 2138
Nature of Case: Employment Claims under FLSA and California Labor Code
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Marlin & Saltzman; Stueve Siegel Hanson; United Employees Law Group

In re Walgreen Co. Wage and Hour Litigation - Settled
U.S. District Court, Central District of California, Case No. 11-cv-07664
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Co-Counsel:  Blumenthal, Nordrehaug & Bhowmik; Scott Cole & Associates; Marlin & Saltzman; Malk law Firm; Ackermann & Tilajef; Marcarian Law Firm; Aiman-Smith and Marcy; Orshansky and Yeremian LLP, Aequitas Law Group APLC

Jackson v. Fresh & Easy Neighborhood Market Inc. – Settled
Los Angeles County Superior Court, Case No. BC497964; U.S. Bankruptcy Court District of Delaware Case No. 13-12569 (KJC)
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; The Carter Law Firm; The Cooper Law Firm; Aegis Law Firm, PC; Jose Gray, APLC

Jordan/Ramos v. DMV - Judgment for Plaintiff, Affirmed on appeal
Superior Court, Sacramento
Nature of Case: Commerce Clause Violation - Tax declared unconstitutional -
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach; Weiss & Yourman; Sullivan Hill.

Kensington Capital v. Oakley - Settled
U. S. District Court, Southern District of California
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach

Kensington Capital v. Vesta - Settled
U. S. District Court, Northern District of Alabama
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach

Lopez v. Tire centers, LLC - Settled
U.S. District Court Northern District of California, Case No. 3:13-cv-05444-JCS
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Dychter Law Offices, APC

Manaster v. SureBeam - Settled

United States District Court
Nature of Case: Violation of Securities Act
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg Weiss Bershad Hynes & Lerach

Miller v. Western Athletic Clubs, LLC - Settled
Santa Clara County Superior Court, Case No. 112-cv-228670
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Rukin Hyland Doria & Tindall LLP;
Velton Zegelman P.C.

Moffett v. WIS International - Settled
San Diego County Superior Court, Case No. 37-2011-00099909-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Emge & Associates; Law Office of
David A. Huch

Perez v. Urban Oufitters, Inc. - In Litigation
U.S. District Court Northern District of California, Case No. 13-cv-02628-JSW
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Capstone Law APC

Ridgewood Capital Management v. Gensia - Settled
U.S. District Court, Southern District of California, #CV-92-1500H
Plaintiffs' Counsel: Barrack, Rodos & Bacine; Kaplan, Kilsheimer & Fox; Wolf, Popper, Ross,
Wolf & Jones; Law Offices of Joseph H. Weiss; Kaufman, Malchman, Kaufman & Kirby;
Sullivan Hill; Blumenthal & Nordrehaug

Sandoval v. Redfin Corporation  - In Litigation
U.S. District Court Northern District, Case No. 3:14-cv-04444-SC
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Khoury, Cohelan & Singer


Shurman v. Scimed - Settled
State of Minnesota District Court, Fourth District, #94-17640
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach;
Kaplan, Kilsheimer & Fox; Sullivan Hill; Law Offices of Lawrence G. Soicher

Sioson v. AMP Holding, Inc. - Settled
Orange County Superior Court, Case No. 30-2013-00663825
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Olsen Law Offices

Sirota v. Swing-N-Slide - Settled
Wisconsin District Court, County of Rock Wisconsin
Nature of Case: Fraudulent Stock Buy-Back-Derivative Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill;
Milberg, Weiss, Bershad, Hynes & Lerach; Nowlan & Mouat

Slatton v. G.E. Capital Mortgage Services - Settled
Camden County Superior Court, New Jersey, #CAML0256198
Nature of Case: Forced order insurance

Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Somkin v. Molten Metal</u> - Settled
U.S. District Court, District of Massachusetts, #9710325PBS
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Sparks v AT&T</u> - Settled
Illinois District Court - Madison County
Deceptive Practice claim - Leased consumer telephone equipment
Plaintiff's counsel - Carr Korein Tillery; Blumenthal & Nordrehaug; Whatley Drake

<u>Sullivan v. Lyon Management Group</u> - Settled
Orange County Superior Court, Case No. 30-2013-00649432-CU-BT-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Webb & Bordson, APC

C:\Users\kyle.BAN\Desktop\BNB Resume (April 2019).wpd