UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA CONTI and JUSTINE MORA, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>L'OREAL USA S/D INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | No. 1:19-cv-00769-JLT-SKO<br><br>ORDER TO THE PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

On November 7, 2022, the Court granted Plaintiff's motion for preliminary approval of the class settlement and preliminarily approved the proposed Notice Packet. (Doc. 41.) However, there were also revisions required to the Notice Packet, including the date of the hearing for final approval and contact information for ILYM Group as the Settlement Administrator. (*See id.* at 28.) Therefore, the Court ordered: "the parties **SHALL** file a finalized Notice with the required revisions for the Court's approval within seven days of the date of service of this Order." (*Id.* at 28, ¶ 13 [emphasis in original].) Pursuant to the Order, the finalized Notice was to be filed no later than November 14, 2022. The Order granting preliminary approval also required that the parties submit, within seven days, confirmation that the proposed settlement of the PAGA claims in this case had been properly submitted to the Labor and Work Force Development Agency. (Doc. 41 at 27, ¶ 3.) To date, neither required document has been submitted to the Court.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or

1

of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including terminating sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may sanctions based on a party's failure to obey a court order. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (sanctions for failure to comply with a court order).

Accordingly, the parties are **ORDERED** to show **cause no later than November 21, 2022**, why sanctions should not be imposed for their failure to comply with the Court's order or, in the alternative, file confirmation of the LWDA submission and revised Class Notice for the Court's approval.

IT IS SO ORDERED.

Dated:   **November 15, 2022**

UNITED STATES DISTRICT JUDGE

2