# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA CONTI and JUSTINE MORA, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>L'OREAL USA S/D, INC., et al.,<br><br>          Defendants. | Case No.: 1:19-cv-0769 JLT SKO<br><br>FINAL JUDGMENT |

Previously, the Court issued an order granting final approval of the Settlement Agreement, dismissed the action with prejudice, and closed the case. (Doc. 51.) Pursuant to the Agreement, the parties defined a "Judgment" as "the Order Granting Final Approval to Class Action Settlement" in a form "substantially equivalent" to a form prepared by the parties and incorporated by reference in the Settlement. (*See* Doc. 46-2 at 34, § I(U).) The Court's analysis in its Order Granting Final Approval thoroughly addressed findings identified in the proposed form. (*See generally* Doc. 51.) Nevertheless, the parties request a "Final Judgment" be entered. (Doc. 52.) Accordingly, the Court incorporates its prior findings (Doc. 51) and **ORDERS**:

    1.    The Court adopts all defined terms set forth in the "the Class Action Settlement Agreement and Stipulation to Amend the Class Action Settlement Agreement (collectively referred to as the "Agreement").

2. The Court has jurisdiction over this Action and the Settlement pursuant to 28 U.S.C. section 1331.

3. Upon the Effective Date, any person who is a Participating Class Member of the Class who does not opt-out shall be deemed to have fully and finally released all claims alleged in the operative complaint (including any amended complaint filed prior to Final Approval) or which could have been alleged based on the asserted facts regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, which occurred during the Class Period, and a release from the State of California of all PAGA claims based on the Labor Code violations alleged in the operative complaint which occurred during the time period of March 6, 2017 to April 20, 2019 ("Released Claims"). The Released Claims shall specifically include all claims under the laws alleged in the operative complaint, as well as any and all claims, causes of action, damages, wages, premiums, penalties, attorneys' fees, costs, and any other form of relief or remedy in law, equity, of whatever kind or nature and for any relief whatsoever, including monetary, injunctive, or declaratory relief, whether direct or indirect, whether under federal law or the law of any state, whether suspected or unsuspected, whether known or unknown, which the Plaintiffs or any Participating Class Member has against the Released Parties or any of them for any acts occurring during the Class Period that were pled or could have been pled in the Action based on the facts, subject matter or the factual or legal allegations in the Action including claims that are based upon or arise out of the California Labor Code or any similar provision of federal, state or local law. These Released Claims exclude claims of wrongful termination, unemployment insurance, social security, disability, and workers' compensation, and class claims outside of the Class Period and PAGA claims outside of the time period of March 6, 2017 to April 20, 2019.

4. Pursuant to the Agreement, Plaintiffs make an additional general release of any and all Plaintiffs' Released Claims, as defined in the Agreement.

5. As partial consideration for the Class Representative Service Payments, Plaintiffs' Released Claims shall include all such claims, whether known or unknown, by the releasing party. Thus, even if Plaintiffs discover facts and/or claims in addition to or different from those that they now know or believe to be true with respect to the subject matter of Plaintiffs' Released Claims, those

2

claims will remain released and forever barred.  Therefore, with respect to Plaintiffs' Released Claims, Plaintiffs expressly waive and relinquish all of the provisions and all of their rights and benefits under the provisions of section 1542 of the California Civil Code, which reads:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her would have materially affected his or her settlement with the debtor or released party.**

6.  Nothing in this Judgment shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant make payment in accordance with the Agreement.

7.  Based upon the "Order Granting Plaintiff's Motion for Final Approval of the Class Settlement" (Doc. 51), the Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

8.  Without affecting the finality of this Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Judgment and the Settlement.

9.  The Parties are **ORDERED** to comply with the terms of the Settlement and Order Granting Final Approval, including bearing their own costs and attorneys' fees except as provided in the Settlement and ordered by the Court.

IT IS SO ORDERED.

Dated:  **November 8, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE